UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALNATI ORGANIZATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 7088 |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF LABOR, | ) | |
| EMPLOYMENT and TRAINING | ) | Judge Lindberg |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER**

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the

Northern District of Illinois, on behalf of defendants U.S. Department of Labor, Employment and

Training Administration, for its answer to the complaint, states as follows:

**First Defense**

The complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff has failed to exhaust its administrative remedies.

**Third Defense**

Answering the specific allegations of the complaint, the United States admits, denies or

otherwise avers, as follows.

1.  **Complaint:**  This is an action for declaratory and injunctive relief pursuant to 28 U.S.C. Section 2201 and 28 U.S.C. Section 1331 and authorized by the Administrative Procedure Act, 5 U.S.C. 706. Jurisdiction is also based under 8 U.S.C. Section 1182 (a) (5) (A), relating to skilled workers and their ability to secure rights to permanent residence under the Immigration and Nationality Act and the Equal Access to Justice Act, (EAJA), 5 U.S.C. Section 504 AND 28 U.S.C. Section 2412 Plaintiff seeks declaratory and injunctive relief relating to the defendant's denial of the plaintiff's labor certifications pursuant to 20 C.F.R. part 656 and U.S.C. 1182(a)(5)(A).

   **Response:**  Admit.

2.  **Complaint:**  The purpose of this action is to determine questions of law between the parties and to set aside an agency determination that is erroneous as a matter of law and which is arbitrary, discriminatory and an abuse of discretion.

   **Response:**  Admit plaintiff seeks review under the Administrative Procedure Act of

the agency's administrative decision to deny certification of alien workers for work in plaintiff's

restaurants.  Deny the agency's decision was erroneous as a matter of law, was arbitrary, was

discriminatory, or was an abuse of discretion.

3.  **Complaint:**  Plaintiff, Malnati Organization, Inc. d/b/a Lou Malnati's, (hereinafter "Malnati's) is an Illinois corporation with its principal place of business in Northbrook, Illinois and is engaged in the restaurant business.

   **Response:**  Admit.

4.  **Complaint:**  Defendant, United States Department of Labor, Employment and Training Administration (hereinafter ETA) is the governmental agency designated by the Secretary of Labor to make legal determinations pertaining to the labor certification process.  As such, the ETA, through its designated officers and agents, has the responsibility and duty pursuant to the Immigration and Nationality Act, 8 U.S.C. Section 1182(a)(14), to determine and certify to the Secretary of State and the Attorney General that an alien seeking to enter the United States for purposes or performing skilled or unskilled labor, will not adversely affect the ages and working conditions of the workers in the United States and that there are not sufficient workers, who are able, willing, qualified, and available to perform the work sought by such alien at the place to which the alien is destined to perform such skilled or unskilled labor at the time the alien applies for admission to the United States.

   **Response:**  Admit.

5.      **Complaint:**  Venue lies in this Court under 28 U.S.C. Section 1391(e), since the claims in this case arose in this District.  Plaintiff either does business or resides in the City of Chicago, Illinois.

**Response:**  Admit.

6.      **Complaint:**  On April 25, 2001 Plaintiff, Malnati filed with the Illinois Department of Employment Security, Alien Certification Unit labor certification applications, forms ETA &-50 A and B on behalf of twenty-seven individuals.

**Response:**  Admit that on January 9, 2001, plaintiff filed 18 applications for labor

certification with the Illinois Department of Employment Security.  The applications were filed on

behalf of Saul Melchor-Quintero and 17 other named individuals, seeking to employ the aliens as

Kitchen Supervisors.  Plaintiff's applications stated that it required for each alien two years of

experience as a "Pizza maker/cook," but no education or training.  Plaintiff also stated on the

applications a "special requirement:"  each prospective employee "[m]ust speak, read and write the

Spanish language."  Deny the remaining allegations of paragraph six.

7.      **Complaint:**  On October 28, 2003, Plaintiff received from the Illinois Department of Labor, Alien Certification Unit recruitment instructions for these cases.  On the cover letter from the Illinois Department of Employment Security, the Alien Specialist hand wrote the following: "Please note: You may run 1 ad but you must include 27 positions."  This letter is attached hereto as Exhibit 1.

**Response:**  Admit Ex. 1 has a handwritten note which plaintiff accurately sets forth

in paragraph seven.  Deny the handwritten note accurately states federal regulatory requirements

regarding certification of alien workers for employment in the United States.

8.      **Complaint:**  On January 9, 2004, Malnati filed a timely response to the recruitment requirements set out in the defendant's regulations.  The cover letter included with that response is attached at Exhibit 2.

**Response:**  Admit.

9.      **Complaint:**   In these labor certification applications, Plaintiff was seeking twenty-seven persons for the position of Kitchen Supervisor.  The Plaintiff required the Kitchen Supervisor to speak, read, and write the Spanish language due to the fact that a large number of Malnati employees only spoke Spanish.  In support of this language requirement, on October 20, 2003, the Plaintiff prepared and submitted to the Illinois Department of Employment Security, Alien Certification Unit a business necessity letter for the Spanish language requirement on October 20, 2003.  That a copy of said letter is attached as Exhibit 3.

**Response:**  Admit plaintiff's letter of October 20, 2003, was sent to the Illinois

Department of Employment Security.  Admit plaintiff's letter states, in part, certification of the 27

aliens is necessary because 90 percent of plaintiff's kitchen and support staff are Spanish speakers.

Admit plaintiff's letter states, in part, it will lose business customers if the aliens are not certified.

The United States is without knowledge or information sufficient to form a belief as to the truth of

the remaining averments in paragraph nine.

10.     **Complaint:**  April 18, 2006, a Notice of Findings was issued by the United States Department of Labor Employment and Training Administration.  This Notice of Findings is attached hereto marked Exhibit 4.

**Response:**  Admit.

11.     **Complaint:**  May 19, 2006, the Plaintiff responded to the Notice of Findings.  The Plaintiff, in response to the Notice of Findings, placed a new job order with the Illinois Department of Employment Security and a new recruitment.  Plaintiff ran the required three consecutive advertisements.  A copy of the cover letter to the United States Department of Labor Employment and Training Administration is attached as Exhibit 5.

**Response:**  Admit.

12.     **Complaint:**   On March 15, 2007, the United States Department of Labor Employment and Training Administration issued a Final Determination denying the Plaintiffs application for labor certification.  A copy of this decision is attached hereto marked as Exhibit 6.

**Response:**  Admit.

13.    **Complaint:**  Plaintiff filed a timely Request for Review/Motion to Reconsider.  A copy of this Request is attached hereto marked Exhibit 7.

**Response:**  Admit plaintiff requested on April 13, 2007, review of the denial of certification.  Deny all remaining allegations in paragraph 13.

14.    **Complaint:**  On September 24, 2007 the defendant denied the Request for Review and affirmed the denial of the labor certification application filed by Malnati in this case.

**Response:**  Admit the Board of Alien Labor Certification Appeals issued on September 24, 2007, a decision affirming the denial of labor certification.  The decision was based, in part, on plaintiff's untimely filing of its rebuttal as to the Spanish language requirement, thus precluding consideration of its later arguments about the business necessity of the language requirement and, further did not properly recruit domestic workers under the certification program. The Board further found that even if the supplemental rebuttal had been timely filed it failed to establish business necessity for the foreign language requirement.

15.    **Complaint:**  In its decision the defendant United States Department of Labor, Employment Training and Administration never considered, or addressed, or issued any decision regarding the second job order and recruitment.

**Response:**  Deny.

16.    **Complaint:**  In its decision the Defendant never considered the evidence of business necessity for the Spanish language requirement that the Plaintiff submitted.

**Response:**  Deny.

17.    **Complaint:**   The action of the defendant in denying these plaintiffs labor certifications is arbitrary, legally erroneous, against the manifest weight of the evidence, observance of procedure as required by law, and an abuse of administrative discretion.

**Response:**  Deny.

18.     **Complaint:** In view of the defendant's action as aforesaid and the contention of this plaintiff that such action is illegal, arbitrary and in abuse of discretion, there is an actual controversy within the jurisdiction of the Court and declaratory and injunctive relief will effectively adjudicate the rights of the parties.

**Response:** Deny.

**WHEREFORE**, the United States requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:  s/Pierre C. Talbert
     PIERRE C. TALBERT
     Assistant United States Attorney
     219 South Dearborn Street
     Chicago, Illinois 60604
     (312)353-4088
     pierre.talbert@usdoj.gov