IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALNATI ORGANIZATION, INC. )<br>d/b/a LOU MALNATI'S, an Illinois )<br>Corporation, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　 )　No.　　07 C 7088<br>v. )<br>　　　　　　　　　　　　　　　　 )<br>U.S. DEPARTMENT OF LABOR )　Judge George Lindberg<br>EMPLOYMENT AND TRAINING )<br>ADMINISTRATION, )　Magistrate Judge Valdez<br>　　　　Defendant. ) | |

**MEMORANDUM IN SUPPORT OF THE PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT**

　　Plaintiff, MALNATI ORGANIZATION, INC. d/b/a LOU MALNATI'S, an Illinois Corporation, by their attorney, Donald E. Puchalski, in support of their cross-motion for summary judgment, assert the following arguments.

**I.　STATEMENT OF THE CASE**

　　The plaintiffs have brought this action to overturn the denials of labor certification applications as skilled workers filed by MALNATI ORGANIZATION, INC. d/b/a LOU MALNATI'S. The defendant, U.S. Department of Labor Employment and Training Administration has filed its answer. The jurisdiction of this Court is not contested.

　　The parties have agreed to proceed on cross-motions for summary judgment and the Court entered an order to that effect on March 26, 2008.

**II.　STATEMENT OF FACTS**

　　The labor certifications in this case were filed on April 25, 2001. The pertinent regulations for the labor certification process are 20 C.F.R. 656 et. seq.

1

The labor certification process is commenced by the filing of forms ETA 750 A and B in duplicate with the Illinois Department of Employment Security, Alien Certification Unit. Plaintiff did this on April 25, 2001. After the application is filed the case is assigned to an Immigration Specialist. This person reviews the application to ensure the job conditions or wage offered are not unduly restrictive. Once the Immigration Specialist has done this the regulations require:

a) The job is advertised in a newspaper of general circulation for three (3) consecutive days.

b) The posting of a job notice on the employers premises for ten (10) business days.

On October 28, 2003, Plaintiff's counsel received a letter from the Illinois Department of Employment Security, Alien Certification Unit as to the required advertisement. That letter has a hand written note from the IDES Immigration Specialist which stated, "Please note: You may run 1 ad but you must indicate 27 positions." Plaintiff's counsel in reliance on this note placed an ad for one day not three in the Chicago Tribune.

On January 9, 2004, the Plaintiff pursuant to the regulations timely responded and submitted to the IDES Immigration Specialist the required documentation. On April 18, 2006, the U.S. Department of Labor Employment and Training Administration issued a Notice of Findings in this case as to the alleged defects. The Notice of Findings gave Plaintiff until May 23, 2006 to rebut the findings or remedy the defects.

On May 19, 2006, Plaintiff timely responded to the Request for Evidence. Plaintiff in order to remedy the advertising defect placed pursuant to the regulations a

2

new job order with the Illinois Skills match and within the required time period ran the required advertisement in the <u>Chicago Tribune</u>, May 16, 17, 18, 2006. Plaintiff also had a new job notice posted on the plaintiff's premises for ten (10) business days. On April 18, 2006 the U.S. Department of Labor issued a Notice of Findings (NOF). On May 19, 2006 petitioner timely responded to the U.S. Department of Labor Employment and Training Administration NOF and requested additional time to finalize the second recruitment. On June 29, 2006, Plaintiff submitted to the U.S. Department of Labor Employment and Training Administration the following documents:

1. <u>Chicago Tribune</u> advertisement, which ran May 16, 17, and 18, 2006.
2. Job notice posted on the petitioner's premises for over then (10) business days. The notice was posted on an open location where notices are customarily posted. There was no response to the job notice posting.
3. Resume of applicant who applied for the job offered.
4. Letter as to recruitment.
5. Business necessity letter.

On March 15, 2007, the U.S. Department of Labor issued a Final Determination which denied the application for alien labor certification. This decision never considered the second recruitment. Plaintiff's second recruitment and business necessity letter cured any defects in the NOF.

After the denial of certification the Plaintiff timely filed an appeal with the Board of Alien Labor Certification Appeals (BALCA). On September 24, 2007, BALCA affirmed the denials of the labor certifications. On December 18, 2007, Plaintiff filed its

3

complaint for declaratory judgment, administrative review, and injunctive relief. Plaintiff filed a Motion for Summary Judgment on April 30, 2008.

### III. APPLICABLE STATUTORY PROVISIONS

Under the Immigration & Nationality Act, immigrant visas are available to the following group of aliens:

(3) Skilled workers, professionals, and other workers

(A) In general

Visas shall be made available, in a number not to exceed 28.6 percent of such worldwide level, plus any visas not required for the classes specified in paragraphs (1) and (2), to the following classes of aliens who are not described in paragraph (2):

(i) Skilled Workers

Qualified immigrants who are capable, at the time of petitioning for classification under this paragraph, of performing skilled labor (requiring at least 2 years training or experience), not of a temporary or seasonal nature, for which qualified workers are not available in the United States.

[8 U.S.C. § 1153(b)(4)]

However, before a visa petition can be filed by an employer on behalf of a skilled worker, a labor certification must first be obtained from the U.S. Department of Labor. This provision specifies:

(5) Labor Certification and Qualifications for Certain Immigrants

(A) Labor Certification

(i) In General

Any alien who seeks to enter the United States for purpose of performing skilled or unskilled labor is inadmissible, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that –

(I) there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of an alien described in clause (ii)) and available at the time

4

of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and

(II) the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

    [8 U.S.C. § 1182(a)(5)(A)(i)]

IV.   <u>**DEFENDANT'S REGULATIONS**</u>

Pertinent Regulation

[20 C.F.R § 656.20 (g)(1)(ii)]

    (g)(1) In applications filed under §§ 656.21 (Basic Process), 656.21a (Special Handling) and 656.22 (Schedule A), the employer shall document that notice of the filing of the Application for Alien Employment Certification was provided:

    (ii) If there is no such bargaining representative, by posted notice to the employer's employees at the facility or location of the employment. The notice shall be posed for at least 10 consecutive days. The notice shall be clearly visible and unobstructed while posted and shall be posted in conspicuous places, where the employer's U.S. workers can readily read the posted notice on their way to or from their place of employment. Appropriate locations for posting notices of the job opportunity include, but are not limited to. Locations in the immediate vicinity of the wage and hour notices required by 20 CFR 516.4 or occupational safety and health notices required by 20 CFR 1903.2(a).

[20 C.F.R § 656.20(h)(1)(i) and (ii)]

    (h)(1)(i) Any person may submit to the local Employment Service office **<u>or to the Certifying Officer documentary evidence bearing on an application for permanent alien labor certification filed (Emphasis Added)</u>** under the basic labor certification process at § 656.21a of this part.

    (ii) Documentary evidence submitted pursuant to paragraph (h)(1)(i) of this section may include information on available workers, information on wages and working conditions, and information on the employer's failure to meet terms and conditions with respect to the employment of alien workers and co-workers. **<u>The Certifying Officer shall consider this information in making his or her determination. (Emphases Added)</u>**

[20 C.F.R § 656.21(f)(1)

5

    (f) The local office, using the information on job offer portion of the *Application for Alien Employment Certification* form, shall prepare and process an Employment Service job order:

    (1) If the job offer is acceptable, the local office, in cooperation with the employer, then shall attempt to recruit United States workers for the job opportunity for a period of thirty days, by placing the job order into the regular Employment Service recruitment system.

[20 C.F.R. § 656.21 (g)]

    (g) In conjunction with the recruitment efforts under paragraph (f) of this section, the employer shall place an advertisement for the job opportunity in a newspaper of general circulation or in a professional, trade, or ethnic publication, whichever is appropriate to the occupation and most likely to bring responses from able, willing, qualified, and available U.S. workers. The employer may request the local office's assistance in drafting the text. The advertisement shall:
    (1) Direct applicants to report or send resumes, as appropriate for the occupation to the local office for referral to the employer;
    (2) Include a local office identification number and the complete address or telephone number of the local office, but shall not identify the employer;
    (3) Describe the job opportunity with particularity;
    (4) State the rate of pay, which shall not be below the prevailing wage for the occupation, as calculated pursuant to § 656.40;
    (5) Offer prevailing working conditions;
    (6) State the employer's minimum job requirements;
    (7) Offer training if the job opportunity is the type for which employers normally provided training;
    (8) Offer wages, terms, and conditions of employment which are no less favorable than those offered to the alien; and
    (9) If published in a newspaper of general circulation, be published for at least three consecutive days; or, if published in a professional, trade, or ethnic publication, be published in the next published edition.

[20 C.F.R. § 656.21(h)]

    (h) The employer shall supply the local office with required documentation or requested information in a timely manner. If documentation or requested information is not received within 45 calendar days of the date of the request the local office shall return the *Application for Alien Employment Certification* form, and any supporting documents submitted by the employer and/or the alien, to the employer to be filed as a new application.

[20 C.F.R. § 656.21 (j)(1)]

> (j)(1) The employer shall provided to the local office a written report of the results of all the employer's post-application recruitment efforts during the 30-day recruitment period; except that for job opportunities advertised in professional and trade, or ethnic publications, the written report shall be provided no less than 30 calendar days from the date of the publication of the employer's advertisement. The report of recruitment results shall:
> (i) Identify each recruitment source by name;
> (ii) State the number of U.S. workers responding to the employer's recruitment;
> (iii) State the names, addresses, and provide resumes (if any) of the U.S. workers interviewed for the job opportunity and job title of the person who interviewed each worker; and
> (iv) Explain, with specificity, the lawful job-related reasons for not hiring each U.S. worker interviewed.

{20 C.F.R. § 656.25 (c)(3)

> (3) Specify a date, 35 calendar days from the date of the *Notice of Findings*, by which documentary evidence and/or written argument may be submitted to cure the defects or to otherwise rebut the bases of the determination, and advise that if the rebuttal evidence and/or argument have not been mailed by certified mail by the date specified.

V.    **ARGUMENT**

A.
**SCOPE OF REVIEW**

Denials of immigrant and labor certification can be overturned if the denials were "arbitrary, capricious, and abuse of discretion or otherwise not in accordance with law." See 5 U.S.C. § 706(2)(a); Button Depot, Inc. vs. United States Department of Homeland Security, 386 F.Supp.2d 1140 (C.D. Cal. 2005); Grimson vs. Immigration and Naturalization Service, 934 F.Supp.965 (N.D.Ill.1995). An agency abuses its discretion when a decision is made without rational explanation, inexplicably departs from established policies or rests on an impermissible basis. Bal vs. Moyer, 883 F.2d 45, 47

(7th Cir. 1989). An agency also abuses its discretion when it departs from its own regulations, fails to consider all relevant factors or considers irrelevant factors. Nadarajab vs. Gonzales, 443 F.3d 1069 (9th Cir. 2006). Finally, the determination of whether an agency's decision is arbitrary, capricious or an abuse of discretion must be made on the basis of the administrative record. Tongatapu Woodcraft Hawaii Ltd., vs. Feldman, 736 F.2d 1305, 1308 (9th cir. 1984).

### B.
### REGULATORY FRAMEWORK

The Immigration & Nationality Act, 8 U.S.C. § 1182(a)(5)(A)(i) forbids an alien from entering the United States "for the purpose of performing skilled or unskilled labor" unless the Department of Labor certifies that there is a shortage of American workers able and willing to perform the labor in question and that an alien to perform such labor will not harm American workers. Once this labor certification is obtained, the BCIS is then responsible for determining whether in the case of skilled labor, a specific alien is capable of performing the skilled labor. See 8 U.S.C. §1153(b)(3)(A)(i); Hoosier Care, Inc., vs. Chertoff, 482 F.3d 987 (7th Cir. 2007).

As to the first stage, to satisfy itself that the employment of the alien will not adversely affect similarly employed U.S. workers, the Department of Labor requires the employer to show that it has sufficient funds to pay the wage offered to the alien. See, 20 C.F.R. §656.20 (c)(i); Masonry Masters, Inc., vs. Thornburgh, 742 F.Supp. 682. 683 (N.C.D.C. 1990). At the second stage, it is the responsibility of the BCIS to determine whether an employer can realistically pay the prevailing wage. Masonry masters, Inc., vs. Thornburgh, 875 F.2d 898, 901 (D.C. Cir. 1989); Ubeda vs. Palmer, 539 F. Supp. 647, 650 N.D. Ill. 1982), aff'd mem., 703 F.2d 571 (7th Cir. 1983).

## C.
## THE DENIALS OF THE LABOR CERTIFICATION IN THIS CASE WAS ARBITRARY AND AN ABUSE OF DISCRETION

Under the Administrative Procedure Act, a reviewing court is required to set aside an agency's action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law…" 5 U.S.C. §706(2)(A); Hinsdale Hospital Corp., vs. Shalala, 857 F. Supp. 621 (N.D.Ill.1994), affirmed 50 F.3d 1395 (7th Cir. 1994). An action is arbitrary when it is so far outside a wide range of reasonableness that it is wholly irrational. Crider vs. Spectrulite Consortium, 130 F.3d 1238 (7th Cir. 1997). An arbitrary decision is made when it is without fair, solid and substantial cause or reason. U.S. ex rel. O'Connor vs. MacDonald, 449 F.Supp. 291 (N.D. Ill. 1978).

## D.
## FOREIGN LANGUAGE

On two separate occasions plaintiff submitted to the Illinois Department of Employment Security Alien Certification Unit and the U.S. Department of Labor Employment and Training Administration evidence in support of the need for its kitchen supervisors to speak the Spanish Language.

Plaintiff's first letter dated October 20, 2003, stated in pertinent part:

> It is a business necessity for our managers to speak, read, and write Spanish language. Our kitchen and support staff is 90% Spanish speaking. We also have a substantial number of customers who are Spanish speaking. If our supervisors or managers do not speak, read, and write the Spanish language we would lose substantial revenues.

This letter was signed by Plaintiff's district manager. The U.S. Department of Labor Employment and Training Administration[1] never considered this letter. This letter clearly establishes the need for the kitchen supervisor to speak the Spanish language. Plaintiff's kitchen staff includes bus boys, dish washers, and other type of workers. A public safety or public health issue could occur if the worker does not understand what is to be done.

When Plaintiff reopened the job order, ran the required three advertisements, and posted the job notice it also submitted another letter to the U.S. Department of Labor as to its business necessity for its kitchen supervisor to speak the Spanish language. In that letter the following questions were answered:

1. What is the total number of kitchen staff you have and what percentage of those cannot communicate in English?
    a. 500 kitchen employees
    b. 80% cannot communicate in English
2. What percentage of the business is dependant upon the ability to speak the Spanish language?
    a. Can be 100% - We are in the restaurant business. If our Managers are unable to communicate with the kitchen staff we will be unable to serve food to our customers.
3. What percentage of time does the worker use the Spanish language?
    a. 50% (Approximately 50% of their time is spent in the kitchen).

---

[1] See Exhibit 3 of complaint

10

4. How did employee deal with non-English speaking clients (employees) in the past and how are you currently handling this?

    a. We try to have someone who is bi-lingual in the store.

5. The factual basis upon which the foreign language is required in this business.

    a. The primary language of our kitchen staff is Spanish. Our Managers need to be able to communicate with kitchen workers in order to train, discipline, review, and develop them. It is also necessary for Managers to communicate with kitchen workers in order to instruct them as to what to do, what to make, how to make it.

Diaz v. Pan American Airways, Inc., 442 F 2d 385 (9th Cir. 1971) held as to a foreign language requirement that the question to be asked is whether the essence of the business operation would be undermined if the employer's requirements were not met.

It is obvious from the two letters that the Spanish language requirement is a) reasonable-given the nature of the occupation and b) the person could not perform the job duties or tasks if he or she did not understand what was being said to him or her. There is a potential safety issue as to the use of any equipment or chemicals. In addition, to staff, the language requirement is also needed for the Spanish speaking customers at the restaurants. The Spanish language is essential to the safety and operation of the business.

How can a business operate if its staff cannot perform the job duties or misunderstands them? Plaintiff know its operations and business better than the Department of Labor. The employer's professional judgment should not be overridden by the Certifying Officer without support of clearly persuasive evidence. See Matter of Highland Hospital of Rochester, 88–INA–564 (BALCA 1989). In the Chicago area

many of the workers performing general labor in restaurants are from Mexico and do not speak English. If the nature of the workforce speaks only the Spanish language their supervisors must as well. Also, Plaintiff has a substantial number of Spanish speaking customers who do not speak or understand English.

In <u>Ratnayake v. Mack</u>, 499 f.2d 1207 (8th Cir. 1974), the petitioner was a Montessori School. It filed a labor certification for two teachers. As a business necessity the petitioner required training in the Montessori Method. The Certifying Officer denied the labor certification finding the Montessori Method not a business necessity.

In <u>Ratnayake</u>, <u>supra</u>, the Court held that there must be some deference accorded employment qualifications since every employer is entitled to hire persons who have qualifications that can be utilized in a manner that will contribute to the efficiency and quality of the business. The Court held: "The job requirements of an employer are not to be set aside if they are shown to be reasonable and tend to contribute to or enhance the efficiency or quality of the business" at 499 F. 2d at 1212. The Court held that a Montessori School may reasonably require all applicants to have the training required by the American Montessori International.

The plaintiff's letter of July 11, 2006 stated it had 500 kitchen employees ant hat 80% cannot communicate in English. The kitchen supervisor could not train or instruct kitchen staff if he or she did not speak Spanish. This would also be a safety consideration. Clearly it is a business necessity for the kitchen supervisor to speak, read and write the Spanish language. The language requirement is also essential to plaintiff in the operation of its necessity not out of preference.

Matter of Crystal Shamrock, Inc., 81 – INA- 180 (1981) in defining "business necessity" held the test is if reasonable and tends to contribute to or enhance the efficiency or quality of the business.  In Matter of Highland Hospital of Rochester, 88 -INA- 564, the Board held that the employer's professional judgment should not be overridden without the support of clearly persuasive evidence.  The Certifying Officer did not show why this requirement was not reasonable.  The language requirement is due to legitimate market forces and not plaintiffs preference or by any manipulation.

The foreign language requirement is clearly reasonable given the nature of the occupation in the context of the plaintiff's business.  Also, this requirement is important to the ability to perform job duties and customer service.  It is essential to the safety and the operation of the plaintiff's business.

## E. RECRUITMENT

It was an abuse of discretion for the Certifying Officer not to consider the Plaintiff's second recruitment.  Said recruitment cured the defect in the Notice of Findings.  The job order, three consecutive day advertisements and job notice were all proper.

In Matter of Alabama Reweaving Co., 89-INA-294 (BALCA 1989) held: The Certifying Officer abused its discretion when it denied certification where the employer had agreed to re-advertise, had requested a new job order number and had stated it would report the results of second recruitment but had been unable to complete recruitment within the 35-day period.  ["Where legitimate efforts are being made to take corrective action, it has been held an abuse of discretion to deny an extension"].  See also Matter of Friedman, 89-INA-220 (BALCA 1990) Certifying Officer reversed for refusing to give

employer who was making legitimate efforts to obtain letters proving experience sufficient time to do so.

In <u>Matter of O'Mara,</u> 96-INA-113 (BALCA 1997), the Board held the Certifying Officer must allow employer "two bites at the apple" by allowing the employer to cure the defect with arguments or documentation and, if the attempt fails, to have the additional right to re-advertise the job opportunity. Employer had right to rebut NOF that job requirements were unduly restrictive, and if unsuccessful, to re-advertise without special requirements; <u>Matter of Cottonwood Home</u>, 04-INA-2 (BALCA Mar. 11, 2005), followed <u>O'Mara</u> and required the Certifying Officer to allow the employer to cure defect by proffering business necessity and if unsuccessful to re-advertise. In <u>Matter of Yurkevitch,</u> 90-INA-4 (BALCA 1990), the Certifying Officer was reversed where the employer was not given an opportunity to re-advertise.

The Plaintiff pursuant to 20 C.F.R. 656.21 (g) placed the required advertisement in a newspaper of general circulation for three (3) days. The duty of the Certifying Officer under 20 C.F.R. 656.24 (b)(2)(i) is to examine the employer's efforts. This was not done. The Certifying Officer and BALCA never considered the second recruitment. Had it done so it would have granted and issued the labor certification. There were no U.S. workers ready, willing, able or qualified for this position.

<u>Naporano Metal and Iron Co</u>., Sec. of Labor, 529 F.2d 537 (3rd Cir. 1976) held the Secretary of Labor's determination cannot rely on conjecture, but must be based upon reasonable procedures and adequate evidence in the record.

In <u>Chan v Regional manpower Administration</u>., 521 F. 2d 552. (7th 1975). The plaintiff's labor certification application was denied. <u>Chan</u>, <u>supra</u>, held that in order to

14

reverse the Labor Secretary's denial it is necessary that the denial be "arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law." An abuse of discretion would occur if the labor certification denial is based on evidence which is not sufficient or reliable enough to support such a finding.

A case similar to Plaintiffs is <u>Industrial Holographics Inc. v. Donovan</u>, 722 F 2d 1362 (7th Cir. 1983). After the Notice of Findings the employer repeated the advertisement and recruitment process. However certification was denied due to employers failure to post the job notice. Here plaintiff, MALNATI ORGANIZATION, INC. d/b/a LOU MALNATI'S opened the job order, place the three consecutive day ads, posted the job notice and followed the pertinent regulations. The Certifying Officer abused his discretion in not reviewing or considering this recruitment. The regulations allow plaintiff the ability to cure any defect. The decision was procedurally improper and against the manifest weight of evidence. In <u>Industrial</u>, <u>supra</u>, the employer received two extensions of time to complete the second round of advertising. The Certifying Officer in this case did nothing. The Certifying Officer abused its discretion when it did not consider the plaintiffs recruitment documents that showed its compliance with the regulations. The second recruitment entitled the plaintiff to certification and cured any prior deficiency.

In <u>Buttonwerks Inc. et. al v. Secretary of Labor</u>, 1987 U.S. Dist. Lexis 9874 (N.D. ILL. 1987), the Court held that the employer or alien may after a Notice of Findings submit rebuttal evidence, which the Certifying Officer must review. Here the U.S. Department of Labor never considered the plaintiffs second recruitment. This inaction by the Department of Labor was arbitrary and an abuse of discretion and not in accordance

15

with the law. The Certifying Officer never considered the second recruitment and letter from the plaintiff as to the business necessity of the Spanish language.

In <u>Gladysz v. Donovan</u>, 595 F. Supp. 50 (N. D. IL 1984) certification was denied due to the employers failure to post a job notice. In <u>Gladysz, supra,</u> the Certifying Officer issued a second Notice of Finding. The Certifying Officer's order denying certification must be sustained unless it is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." <u>5 U.S.C. § 706(2)(A)</u>; <u>Stenographic Machines, Inc. v. Regional Administrator, 577 F. 2d 521, 524 (7th Cir. 1978)</u>. Our inquiry is whether the administrative decision was based on a consideration of the relevant factors, whether there has been a clear error of judgment and whether the Secretary's action followed the necessary procedural requirements. <u>Secretary of Labor v. Farino, 490 F. 2d 885, 889-90 (7th Cir. 1973),</u> an abuse of discretion has been found, for example, where certification is denied on the basis of evidence which is not sufficient or reliable enough to support such a finding. <u>First Girl, Inc. v. Regional Manpower Administration, 499 f. 2d 122, 124 (7th Cir. 1974)</u>.

The district court may reverse the decision to deny certification where the Certifying Officer abused his discretion by basing the decision on evidence neither reliable nor sufficient for the finding. The failure to review the second recruitment is an abuse of discretion.

In <u>Matter of O'Mara</u>, 96 -INA- 113 (BALCA 1997) the Employer filed a timely rebuttal which in part defended the restrictive requirement sought to establish business necessity and in the alternative to re-advertise for the position. The Board of Alien Labor

16

Certification held the employer must be offered an opportunity to re-advertise if the rebuttal evidence is not accepted.

In <u>Naporano Metal and Iron v. Secretary of Labor</u>, 529 F. 2d 537 (3rd Cir. 1976) the court held that where a complaint is predicated upon the mandamus statute, it is essential that the plaintiff allege and show how the government owes him the performance of a legal duty so plainly prescribed to be free from doubt. In Section 20 C.F.R. 656 26 the employer may submit rebuttal evidence which the Certifying Officer must review. In <u>Morrison & Morrison, Inc. v Secretary of Labor,</u> 628 F 2D 771 (1980) the Certifying Officer required a one day ad in the Wall Street Journal rather than a newspaper of general circulation under 20 C.F.R. § 656.21 (b)(a)(i).

<u>Production Tool Corp. v. ETA</u>, 688 F.2d 1161 (7th Cir. 1982) held that the applicant does not bear the ultimate burden of persuasion it has the burden of producing documentation of the employer's recruitment efforts that will enable the Secretary of Labor to make an decision on the basis of reliable evidence. In <u>Production Tool, supra</u> the court held that he Department of Labor may give the advertising regulations effect by requiring "substantial compliance" before granting labor certification. 688 F 2d at 1170. The employer here argues that its efforts amount to substantial compliance.

**F.
CONCLUSION**

For the reasons set forth above the plaintiff respectfully prays that the motion for summary judgment be granted. The denial of the labor certifications were unsupported by the facts and were arbitrary, capricious, an abuse of discretion and otherwise not in

accordance with law.  Plaintiff respectfully moves that the labor certifications be granted and issued by the U.S. Department of Labor.

          By:/s Donald E. Puchalski
          Donald E. Puchalski
          Attorney for Plaintiffs

LAW OFFICES OF DONALD E. PUCHALSKI
111 WEST WASHINGTON STREET, SUITE 751
CHICAGO, ILLINOIS 60602
(312) 332-4428