UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALNATI ORGANIZATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 7088 |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF LABOR, | ) | Judge Lindberg |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MEMORANDUM
## IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT

### Introduction

The Malnati Organization, Inc. sues, under the Administrative Procedure Act, seeking to challenge a decision by the Department of Labor, Employment and Training Administration ("DOL"), denying Malnati's applications for foreign labor certifications for unskilled workers to work in its restaurants. But the undisputed facts show that the certifications were properly denied because Malnati did not comply with the Immigration and Naturalization Act's regulations, which DOL administers. DOL's regulations establish stringent procedures for deciding whether aliens who want permanent, full-time skilled or unskilled work in the United States should be certified. DOL properly denied certification because Malnati failed to satisfy its regulations that: (1) require strict adherence to procedural requirements; (2) require the domestic labor market be first tested; and (3) forbid foreign language requirements for domestic workers.

**Facts**

**A.    The Regulatory Scheme for Foreign Labor Certification**

The Immigration and Naturalization Act provides that "[a]ny alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor is inadmissible, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General" that (1) there are not sufficient, available, domestic workers willing and qualified for the work; and (2) the employment of the alien will not adversely affect the wages and working conditions of similarly situated domestic workers.  8 U.S.C. § 1182(a)(5)(A)(i), (ii); Def. SMF ¶ 2.[1]

The DOL regulations that describe the requirements for foreign labor certification are set forth in 20 C.F.R. Part 656 *et seq.*  In general, an employer seeking labor certification must actively recruit domestic workers so that the existing labor market be fairly tested.  20 C.F.R. § 656.1(a)(1), (2).  To accomplish this task, the employer must file an application with a local office of state employment service which reviews the application for completeness and provides a focus for recruitment.  Def. SMF ¶ 7.  The application is then reviewed by a DOL regional official ("Certifying Official or CO").

If the CO finds that the employer has not complied with DOL's regulatory requirements, a proposed Notice of Findings ("NOF") is sent to the employer that states the specific grounds why the application cannot be approved.  Def. SMF ¶¶ 8-9.  The NOF further notifies the employer that it has 35 days to submit evidence or written argument that rebuts the CO's findings.  Def. SMF ¶

---

[1]  "Def. SMF ¶ __" refers to the numbered paragraph's in DOL's Local Rule 56.1 statement of material facts as to which there is no genuine issue.

10. Failure to submit a timely rebuttal results in the NOF becoming the final agency decision, thus precluding the employer's resort to DOL's administrative review procedures. Def. SMF ¶ 11.

If, after reviewing a timely rebuttal submission, the CO still finds the application deficient, a Final Determination is issued, setting forth the bases for the decision and notifying the employer of its right to have the decision reviewed by the Board of Alien Labor Certification ("BALCA"). Def. SMF ¶ 12. An employer's failure to timely submit an appeal to BALCA results in the Final Determination being deemed final and unreviewable on the grounds the employer has failed to exhaust its administrative remedies. Def. SMF ¶ 13.

**B.    Malnati's Application for Foreign Labor Certification**

In April 2001, Malnati filed with the Illinois Department of Employment Security ("IDES"), 27 applications for permanent alien certification as Kitchen Supervisors. Cmpl. ¶ 6.[2] Approximately six months later, in October 2001, Malnati received from IDES's Alien Certification Unit recruitment instructions for these aliens. Def. SMF ¶ 15. The instructions required Manati to test the domestic labor market by reporting the results of all contacts resulting from the employment service job order; newspaper/journal advertisements; and notice(s) posted in Malnati's restaurants. Def. SMF  ¶ 16.

Malnati's job requirements for Kitchen Supervisor were two years experience as a "Pizza maker/cook," but no education or training. Def. SMF ¶ 17. Malnati also described a "special requirement" as: "Must speak, read and write the Spanish language." Def. SMF ¶ 18.

---

[2]  The Administrative Record ("AR"), attached as Exhibit 1 to DOL's Local Rule 56.1 statement, reflects that 18 aliens were ultimately involved in the certification process. *See* AR 0004 n.2.

3

After completing its processing responsibilities, in January 2004 IDES sent Malnati's applications to a DOL CO.  Def. SMF ¶ 19.  IDES, in the transmittal form's space for state comments, stated that all of Malnati's aliens worked in its restaurants; that Malnati was told to place a newspaper ad for three days, showing the availability of 27 positions.  Def. SMF ¶ 20.  The state's comments also noted that Malnati ran its ad for only *one* day; and that certification should not be granted to any of the individuals without further investigation.  *Id.*

In April 2006, DOL issued a Notice of Findings proposing to deny Malnati's applications on two grounds:  (1) Malnati's "special requirement" that would-be employees speak, read and understand Spanish (foreign language requirement) was not supported by "business necessity" as required by 20 C.F.R. § 656.21(b)(2); and (2) Malnati's placement of its ad for one day did not comply with DOL's regulations (which require a three-day run).  20 C.F.R. § 656.21(g); Def. SMF ¶ 21.

In May, Malnati sent a rebuttal to the proposed Notice of Findings which documented that it had re-advertised the positions for three days.  However, the rebuttal did not mention DOL's second ground, Malnati's Spanish "special requirement."  Def. SMF ¶ 22.  Moreover, Malnati stated that it was still recruiting and asked for an additional 60 days, or until July 24, 2006.  Def. SMF ¶ *Id.*

On June 29 and July 11, 2006, Malnati attempted again to justify its need for Spanish speakers.  Def. SMF ¶ 25.  Unconvinced, DOL on March 15 and 16, 2007, denied certification because:  (1) Malnati's rebuttal did not satisfactorily justify is need for Spanish speakers; and (2) Malnati's evidence failed to rebut DOL's determination that its deficiencies in recruitment had been remedied.  Def. SMF ¶ 26.

4

Malnati then filed a request for reconsideration of the Final Determination. Def. SMF ¶ 27. On May 31, 2007, DOL denied Malnati's request (Def. SMF ¶ 28), Malnati appealed its case to BALCA along with a supporting brief and attachments. Def. SMF ¶¶ 29-30. After due consideration, BALCA denied Malnati's appeal on September 24, 2007. Def. SMF ¶ 31. BALCA's reasoning was four-fold: (1) as a procedural matter, Malnati did not timely file a rebuttal to the CO's Notice of Findings proposing to deny Malnati's applications; (2) Malnati failed to follow DOL's regulations which require advertisements for the positions in a newspaper of general circulation for three days; (3) the CO never granted additional time for Malnati to submit late justification for its deficient applications and thus could not be considered in the certification process; and (4) Malnati clearly did not establish a "business necessity" for requiring would-be workers to speak, read and write Spanish. Def. SMF ¶ 32. BALCA stated that Malnati's rebuttal to the DOL's Final Determination "unmistakably shows that its need for kitchen managers to be fluent in Spanish is based primarily on [Malnati's] hiring of a large number of Mexican nationals for its restaurant staff." Def. SMF ¶¶ 33-34.

Malnati filed this case to challenge DOL's decision. Def. SMF ¶ 35.

## Argument

For the reasons explained below, the Department of Labor acted reasonably and fully within its authority when it evaluated Malnati's applications for Foreign Labor Certification under the Immigration and Naturalization Act, and the Department's implementing regulations set forth at 20 C.F.R. Part 656 *et seq.*

## I.    Standard of Review

The Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, governs the court's review of the final agency action in this litigation.  The APA standard of review, 5 U.S.C. §§ 706(2)(A) and (E), provides that agency action, findings, and conclusions may be set aside *only* if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or are "unsupported by substantial evidence in a case . . . on the record of an agency hearing provided by statute." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 413-15 (1971). "Substantial evidence is such 'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Adventist Living Ctrs., Inc. v. Bowen*, 881 F.2d 1417, 1420 (7th Cir. 1989).

"On review of an agency decision, the court does not reweigh the evidence or substitute its own judgment for that of the Secretary." *St. Mary of Nazareth Hospital Ctr. v. Shalala*, 96 F.Supp.2d 773, 778 (N.D. Ill. 2000).  Instead, the court looks to see "whether 'there [is] a rational relationship between the facts as the [Secretary] finds them and her ultimate conclusion.'" *Mt. Sinai Hospital Medical Ctr. v. Shalala*, 196 F.3d 703, 709 (7th Cir. 1999).  The court will not find the Secretary's actions "to be arbitrary and capricious as long as 'the agency's path may be reasonably discerned.'" *Id.* at 708.

Upon review of an agency decision, deference is given to the Secretary's factual findings. *St. Mary of Nazareth Hospital Ctr.*, 96 F.Supp.2d at 776.  The deference due is not diminished when a subordinate officer may disagree with a decision made by the Secretary.  *Id.*  The Secretary, not subordinate hearing officers, has the final authority to render a final decision by the agency.  *Id.*

An agency's interpretation of the statutes it is entrusted to administer is entitled to great deference.  As the Supreme Court emphasized in *Chevron v. Nat. Res. Def. Council*, 467 U.S. 837,

844 (1984*)*, "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency."  Rather, the agency's interpretation should be sustained as long as it is "a permissible construction of the statute."  *Id*. at 843.

Moreover, where an agency's interpretation of its own regulations is at issue, even greater deference applies.  In such cases, "the arguments for deference to administrative expertise are at the strongest, *Psychiatric Inst. of Washington, D.C. v. Schweiker*, 669 F.2d 812, 814 (D.C. Cir. 1981), (*citing Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 566 (1994).  "[A]n agency need not adopt the most natural reading of the regulation, but only a reasonable one."  *Paragon Health Network, Inc. v. Thompson,* 251 F.3d 1141, 1149 (7th Cir. 2001).

## II.    The Department of Labor's Denial of Certification Was Not Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law.

### A.    The Immigration and Naturalization Act Is Designed to Protect U.S. Workers.

The INA protects U.S. workers from aliens seeking permanent employment unless the Secretary of Labor has determined that there are an insufficient number of domestic workers who are "able, willing, and qualified . . . and available at the time of application for a visa . . . and the employment of such alien will not adversely affect the wages and working conditions of U.S. workers employed in similar situations."  8 U.S.C. §§ 1182(a)(5)(A)(i)(I), (II); *Wang v. INS*, 602 F.2d 211, 213 (9th Cir. 1979).

The INA creates a presumption "that aliens should not be permitted to enter the United States for the purpose of performing labor because of the likely impact of their admission on American workers" unless the two conditions in sections 1182(a)(5)(A)(i)(I), (II) are met.  *Production Tool Corp. v. Employment and Training Admin.*, 688 F.2d 1161, 1171 (7th Cir. 1982).  In order to achieve this statutory purpose, the DOL's regulations set forth a number of provisions designed to ensure

that the preference for domestic workers is carried out. *Production Tool*, 688 at 1168. These regulations require the employer, as a prerequisite to certification, to conduct a systematic recruitment of domestic workers. Def. SMF ¶ 5. If this recruitment is unsuccessful and the regulations have been complied with, certification is granted. Def. SMF ¶ 6.

### B. Malnati Failed to Timely File Its Rebuttal Regarding Dol's Decision That It Did Not Establish its "Business Necessity" Requirement for Spanish Speakers.

On May 29, 2006, Malnati responded to the agency's notice to deny certification with a timely rebuttal regarding the recruitment (advertisements) requirement. Def. SMF ¶ 22. However, Malnati failed to submit *any* evidence or argument regarding its "special requirement" for Spanish speakers. *Id.* The Certifying Official therefore properly disregarded Malnati's subsequent, untimely submissions (approximately 40 days later) which attempted to meet the "business necessity" requirement. Def. SMF ¶¶ 23-25. Accordingly, Malnati's failure to timely submit evidence or argument on this issue meant that the Notice of Findings became the Secretary of Labor's final decision denying certification. 20 C.F.R. 656.25(c)(3)(i); *Augusta Bakery v. Dole*, 1990 WL 71031, *1 (N.D. Ill. 1990).

Malnati appealed the Notice of Findings, asking for reconsideration. Def. SMF ¶ 27. Reconsideration was denied (Def. SMF ¶ 28), and the case was then appealed to BALCA. Def. SMF ¶¶ 29-30. On September 24, 2007, BALCA issued its decision which denied Malnati's appeal. Def. SMF ¶ 31. Briefly, BALCA based its decision on Malnati's failure to timely file a rebuttal to the CO's Notice of Findings, specifically evidence of business necessity for Spanish speakers; Malnati failed to meet DOL's regulations regarding recruitment of domestic workers in newspapers/journals; and Malnati clearly did not establish a "business necessity" for requiring would-be domestic workers to speak, read and write Spanish. Def. SMF ¶¶ 32-33. BALCA based its finding regarding

Malnati's Spanish-language requirement on *Lucky Horse Fashion, Inc.*, 1997-INA-182 (Aug. 22, 2000)(*en banc)*("to allow a business employer to establish a business necessity for a foreign language requirement solely because all of its employees speak that language is to 'create a self-perpetuating foreign labor force that, as a practical matter, excludes all but a few workers.'" *Slip op.* 7. (A copy of *Lucky Horse* is attached to DOL's Local Rule 56.1 statement as Exhibit 2.)

Consequently, there is *nothing* in the Administrative Record which could remotely be successfully argued that the Secretary of the Department of Labor's refusal to grant Foreign Labor Certifications to Malnati's alien workers was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Each of Malnati's submissions for certification was evaluated as required by DOL's implementing regulations. At no time was there any issue as to Malnati's remarkable failure to satisfy DOL's requirements. The regulations, both in 20 C.F.R. Part 656 and in DOL's interpretation of them, raised any complex or complicated requirement which could be misunderstood by an English speaker. The Department of Labor met its statutory and regulatory obligations in this case; Malnati did not.

**Conclusion**

For the foregoing reasons, summary judgment should be granted in favor of the Department

of Labor and against Malnati Organization, Inc.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Pierre C. Talbert
    PIERRE C. TALBERT
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4088
    Pierre.talbert@usdoj.gov

10