UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALNATI ORGANIZATION, INC. )<br>              )<br>      Plaintiff,  )<br>              )<br>  v.          )<br>              )<br>U.S. DEPARTMENT OF LABOR,  )<br>              )<br>      Defendant.  ) | No. 07 C 7088<br><br>Judge Lindberg |

**UNITED STATES' STATEMENT OF MATERIAL
FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, on behalf of defendant Department of Labor, in support of its motion for summary judgment, hereby submits the government's Local Rule 56.1(a) statement of material facts as to which there is no genuine issue.

**A. Parties**

  1. Plaintiff, Malnati Organization, Inc. ("Malnati"), is an Illinois corporation with its principal place of business in Northbrook, Illinois, and is engaged in the restaurant business. Cmpl. ¶ 3.

  2. Defendant, the Department of Labor ("DOL"), is a federal agency responsible for, among other things, determining whether an alien may enter the United States for the purpose of performing full-time, permanent skilled or unskilled labor. 8 U.S.C. § 1182(a)(5)(A)(i), (ii); 20 C.F.R. Part 656 *et seq.*

**B.     Venue and Jurisdiction**

3.     Venue and jurisdiction are proper in the Northern District of Illinois. 28 U.S.C. § 2201; 28 U.S.C. § 1331; and the Administrative Procedure Act, 5 U.S.C. § 706. Cmpl. ¶ 1.

**C.     Statutory Background for Foreign Labor Certification**

4.     DOL has statutory responsibility for determining whether an alien worker shall be permanently admitted to the United States for the purpose of performing skilled or unskilled labor. 8 U.S.C. § 1182(a)(5)(A); 20 C.F.R. § 656.1(a).

5.     An employer seeking foreign labor certification for alien workers must actively recruit domestic workers in the manner prescribed by DOL's regulations so that the domestic labor market can be fairly tested. 20 C.F.R. § 656(a)(1), (2).

6.     If domestic recruitment efforts are *unsuccessful* and the employer has complied with the regulations, certification for the alien is granted. 20 C.F.R. § 656.24(b).

7.     An employer seeking foreign labor certification must file an application with the local office of the state employment service, which reviews the application for completeness and provides a focus for recruitment. 20 C.F.R. § 656.21(a).

8.     Following the recruitment period specified in § 656.21(f), the case is reviewed by a DOL regional official called a Certifying Officer ("CO").

9.     If the CO determines that the employer has not complied with the procedures set forth in the regulations, a Notice of Findings ("NOF") is sent to the employer setting forth the specific grounds upon which the certification is proposed to be denied. 20 C.F.R. § 656.25(c)(2)(2004).

10. The NOF further notifies the employer that it has 35 days to submit documentary evidence and/or written argument which rebuts the basis for the NOF. 20 C.F.R. § 656. 25(c)(3)(2004).

11. Failure to submit a timely rebuttal results in the NOF being deemed final, constitutes a "[f]ailure to exhaust administrative remedies," and precludes resort to the administrative-judicial review procedure provided by the regulations. 20 C.F.R. §§ 656.25(c)(3)(i), (ii), and (iii); 656.25(e)(2)(2004).

12. If, after reviewing the rebuttal submission, the CO still proposes to deny the certification, a Final Determination is issued setting forth the bases for the decision and notifying the employer of its right to seek review before the Board of Alien Labor Certification Appeals ("BALCA"). 20 C.F.R. §§ 656.25(g)(2)(2004); 656.26(a).

13. Failure to submit a timely request for BALCA review results in the Final Determination being deemed final (20 C.F.R. § 656.25(g)(2)(iv)(2004), and constitutes a "failure to exhaust available administrative remedies." 20 C.F.R. § 656.26(b)(2).

**D.    Malnati's Application for Foreign Labor Certification**

14. In April 2001, Malnati filed with the IDES, on behalf of 27 individuals, applications for permanent alien certification for the position of Kitchen Supervisor. Cmpl. ¶ 6.[1]

15. In October 2003, Malnati received from the [Illinois Department Employment Security], Alien Certification Unit, recruitment instructions for these individuals. Cmpl. ¶ 7; Ex. 1 at 20.

---

[1] The Administrative Record ("AR"), attached as Exhibit 1, reflects that 18 aliens were ultimately involved in the certification process. *See* AR 0004n.2

16. IDES's instructions required Malnati to test the domestic labor market by reporting the results of all contacts generated as a result of the employment service job order; the newspaper/journal advertisement; and the notice(s) posted in Malnati's restaurants. AR 0023.

17. Malnati's job requirements for Kitchen Supervisor were two years experience as a "Pizza maker/cook," but no education or training. AR 0110.

18. Malnati also described other "special requirements" as: "Must speak, read and write the Spanish language." *Id.*

19. In January 2004, IDES transmitted Malnati's applications to a DOL CO after completing its processing responsibilities. AR 0100-0101.

20. In the "State Office Comments" section of the transmittal form, IDES stated that all applicants gained their experience at Malnati's restaurants; that Malnati was advised to run one newspaper advertisement showing 27 positions for 3 days; that Malnati's advertisement ran for only one day; and that certification should not be granted to any of the individuals without further investigation. AR 0101.

21. In April 2006, DOL issued a Notice of Findings proposing to deny certification of Malnati's applicants on two grounds: (1) Malnati's "special requirement" that the would-be employees speak and understand Spanish (a foreign language requirement) that Malnati has not supported by evidence of business necessity as required by 20 C.F.R. § 656.21(b)(2); and (2) Malnati placed an advertisement for the available positions in a newspaper of general circulation for one day, contrary to DOL's regulations which require the advertisement be placed for three consecutive days. 20 C.F.R. § 656.21(g); AR 0090-0094.

22. On May 19, 2006, Malnati submitted a rebuttal to the proposed Notice of Findings which documented that it had re-advertised the positions.  However, the rebuttal made no mention of DOL's denial based on Malnati's special requirement that employees speak, read and write Spanish.  AR 0069.

23. In addition, Malnati's rebuttal stated that it was still in the recruitment process and asked for 60 days to respond to the Notice of Findings, or until July 24, 2006.  *Id.*

24. On June 29, 2006, Malnati submitted documentation of its recruitment effort and a statement which addressed its "business necessity" for needing Spanish-speakers and writers in its kitchens.  AR 0056-0060.

25. On July 11, 2006, Malnati submitted another letter in support of its "business necessity" for needing Spanish-speakers and writers in its kitchens.  AR 0066-0067.

26. DOL issued a Final Determination to Malnati on March 16, 2007.  DOL denied certification for Malnati's kitchen workers because: (1) Malnati's rebuttal did not satisfactorily justify the Spanish language requirements; and (2) Malnati's evidence failed to rebut DOL's determination that its deficiencies in initial recruitment had been remedied.  AR 0025-0027.

27. Malnati then filed a request for a review of the Final Determinations.  AR 0020-0027 (w/encl.).

28. On May 31, 2007, DOL denied reconsideration of the Final Determination, stating, "[m]otions for reconsideration will be entertained only with respect to issues which could not have bee addressed in the rebuttal."  DOL further stated that Malnati's case record would be prepared and sent to the Board of Alien Labor Certification Appeals.  AR 0019.

29. Accordingly, the case record was forwarded to the BALCA.  *Id.*

30. Malnati then filed a brief in support of its appeal to BALCA. AR 0012-0016.

31. BALCA denied Malnati's appeal on September 24, 2007. AR 0002-0011.

32. BALCA's Decision and Order set forth the following reasons for its decision: (1) As a procedural matter, Malnati did not timely file a rebuttal to the DOL's Notice of Findings proposing to deny Malnati's application for Foreign Alien Certification; (2) Malnati failed to follow DOL's regulations which require advertisements for the positions in a newspaper of general circulation for three days; (3) the CO never granted extensions of time for Malnati's requests for such and, thus, Malnati's late submissions could not be considered in the certification process; and (4) Malnati clearly did not establish a "business necessity" for requiring would-be applicants to speak and write Spanish. AR 0007-0009.

33. As to the latter basis for denying Malnati's applications, BALCA stated that Malnati's rebuttal to DOL's Final Determination "unmistakably shows that its need for kitchen managers to be fluent in Spanish is based primarily on the [Malnati's] hiring of a large number of Mexican nationals for it restaurant staff." AR 0009.

34. BALCA based its finding that Malnati failed to provide support for its "Spanish" requirement on *Lucky Horse Fashion, Inc.*, 1997-INA-182 (Aug. 22, 2000)(*en banc*), which held "to allow an employer to establish a business necessity for a foreign language requirement solely because all of it employees speak that language is to 'create a self-perpetuating foreign labor force that, as a practical matter, excludes all but a few U.S. workers.'" *Slip op.* at 7. (A copy of *Lucky Horse* is attached as Ex. 2.)

35.     Malnati filed its complaint in this court on December 18, 2007.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        By: s/Pierre C. Talbert
            PIERRE C. TALBERT
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 353-4088
            pierre.talbert@usdoj.gov