# EXHIBIT 1

AR00001



**U.S. Department of Labor**

Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



*Issue Date: 24 September 2007*

*In the Matters of:*

**MALNATI ORGANIZATION, INC.**
**d/b/a**
**LOU MALNATI'S,**
            *Employer,*

*on behalf of*

| | |
|---|---|
| √**SAUL MELCHOR-QUINTERO,** | **BALCA Case No.: 2007-INA-00035**<br>ETA Case No.: D-05056-51066 |
| **ALEJANDRO SANCHEZ,** | **BALCA Case No.: 2007-INA-00036**<br>ETA Case No.: D-05031-44194 |
| **ARTURO SANCHEZ,** | **BALCA Case No.: 2007-INA-00037**<br>ETA Case No.: D-05056-51078 |
| **LUIS RUEDA,** | **BALCA Case No.: 2007-INA-00038**<br>ETA Case No.: D-05056-51070 |
| **RAMIRO SOLIS,** | **BALCA Case No.: 2007-INA-00039**<br>ETA Case No.: D-05031-44668 |
| **JESUS GOROSTIETA,** | **BALCA Case No.: 2007-INA-00040**<br>ETA Case No.: D-05031-44480 |
| **JESUS RUIZ,** | **BALCA Case No.: 2007-INA-00041**<br>ETA Case No.: D-05056-51064 |
| **JOSE MONTALVO,** | **BALCA Case No.: 2007-INA-00042**<br>ETA Case No.: D-05056-51072 |
| **JUAN SOLIS,** | **BALCA Case No.: 2007-INA-00043**<br>ETA Case No.: D-05031-44411 |

AR00002

| | |
|---|---|
| **ALFREDO ROBLEDO,** | **BALCA Case No.: 2007-INA-00044**<br>ETA Case No.: D-05056-51075 |
| **ALEJANDRO RAMIREZ,** | **BALCA Case No.: 2007-INA-00045**<br>ETA Case No.: D-05020-36999 |
| **ROBERTO ALVAREZ,** | **BALCA Case No.: 2007-INA-00046**<br>ETA Case No.: D-05056-51077 |
| **RAUL SOLIS,** | **BALCA Case No.: 2007-INA-00047**<br>ETA Case No.: D-05031-44884 |
| **JOSE ROBLEDO,** | **BALCA Case No.: 2007-INA-00048**<br>ETA Case No.: D-05056-51071 |
| **FELIPE MEDINA,** | **BALCA Case No.: 2007-INA-00049**<br>ETA Case No.: D-05056-51068 |
| **MOISES GURROLA,** | **BALCA Case No.: 2007-INA-00050**<br>ETA Case No.: D-05031-44044 |
| **AMINADAB REYES,** | **BALCA Case No.: 2007-INA-00051**<br>ETA Case No.: D-05031-44131 |
| **CENOBIO RUEDA**<br>  **ROMERO,** | **BALCA Case No.: 2007-INA-00052**<br>ETA Case No.: D-05031-44839 |

*Aliens.*

Certifying Officer:    Jenny Elser
                           Dallas Backlog Elimination Center

Appearances:         Donald E. Puchalski, Esquire
                           Chicago, Illinois
                           *For the Employer*

Before:               **Chapman, Wood and Vittone**
                           Administrative Law Judges

AR00003

## DECISION AND ORDER

**PER CURIAM.** These cases arise from the Employer's requests for review of the denials by a U.S. Department of Labor Certifying Officer ("CO") of its applications for permanent alien labor certification. Permanent alien labor certification is governed by section 212(a)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. §1182(a)(5)(A), and Title 20, Part 656 of the Code of Federal Regulations ("C.F.R.").[1] We base our decision on the records upon which the CO denied certification and the Employer's requests for review, as contained in the Appeal Files ("AF"), and any written arguments. 20 C.F.R. § 656.27(c). Because of the similarity of the facts and issues raised, these cases have been consolidated for decision. *See* 29 C.F.R. § 18.11.

## BACKGROUND

In the Spring of 2001, the Employer submitted these eighteen applications for permanent alien labor certification for the position of Kitchen Supervisor. (AF 91).[2] The CO issued identical Notices of Findings ("NOF"),[3] stating the intent to deny the applications because (1) the Employer placed a newspaper advertisement for only one day during the initial recruitment process instead of the required three consecutive days, and (2) the Employer's foreign language requirement was unduly restrictive. The CO advised the Employer that it could rebut these findings by providing proof of advertising, and by establishing business necessity for the foreign language requirement. (AF 71).

On May 19, 2006, the Employer submitted rebuttals to the CO's NOF. (AF 49).

---

[1] These applications were filed prior to the effective date of the "PERM" regulations. *See* 69 Fed. Reg. 77326 (Dec. 27, 2004). Accordingly, the regulatory citations in this decision are to the 2004 edition of the Code of Federal Regulations published by the Government Printing Office on behalf of the Office of the Federal Register, National Archives and Record Administration, 20 C.F.R. Part 656 (Revised as of Apr. 1, 2004), unless otherwise noted.

[2] The references to the Appeal File correspond to the Appeal File for 2007-INA-35, which is representative of the Appeal Files in all 18 cases.

[3] The CO issued the NOFs on April 18, 2006 for 2007-INA-36, 37, 38, 39, 40, 41, 43, 46, and 51, and on April 19, 2006 for 2007-INA-35, 42, 44, 45, 47, 48, 49, 50, and 52.

AR00004

The Employer indicated that it had re-advertised the position and was thus in the process of completing a new recruitment effort. The Employer submitted copies of a new job order filed with the state workforce agency and newspaper advertisements with the dates of May 16, 17, and 18, 2006. The Employer also asked for an extension of time to adequately respond to the NOF, as it was still in the recruitment process. The May 19, 2006 submission did not address the business necessity issue.

By letter dated June 29, 2006, the Employer submitted documentation of its new recruitment effort, which included a three day advertisement in the Chicago Tribune, and a 10-day worksite job posting.[4] The Employer's Director of Human Resources reported that the recruitment resulted in one U.S. applicant who was rejected because he stated several times that he did not want to work in the kitchen and because he was not fluent in Spanish.[5] (AF 40). In regard to the business necessity issue, the Employer provided a letter dated October 20, 2003 from the Employer's District Manager which stated that the Employer's managers need to speak, read and write Spanish because 90% of its kitchen and support staff are Spanish speaking, because a substantial number of its customers are Spanish speaking, and because it would lose substantial revenues if its supervisors or managers did not speak, read and write Spanish. (AF 45). The Employer also provided a July 11, 2006 letter from the Employer's Director of Human Resources. She stated that 80% of the Employer's 500 kitchen employees cannot communicate in English, that if managers are unable to communicate with the kitchen staff food cannot be served to customers, that approximately 50% of the kitchen manager's time is spent in the kitchen using Spanish, and that it tries to have a bi-lingual employee on staff to deal with non-English clients and employees. She also stated that managers need to communicate with the kitchen staff in Spanish to train, discipline, review and develop them, and to instruct

---

[4] The Appeal Files show that this additional rebuttal was filed on June 29, 2006 for all of the appeals except in 2007-INA-39. These documents were also included in the Motions for Reconsideration for all of the instant cases. (AF 14, 30).

[5] The applicant wrote on the cover letter to his application that he only had a "kitchen level" understanding of Spanish. His resume shows over 10 years of experience as a kitchen manager. Interview notes state, however, that the applicant stated that he did his 10 years in the kitchen and that was enough and that he now only wanted floor work. (AF 42-44).

AR00005

them what to do, what to make, and how to make it.   The HR Director was unable to estimate how many employees hired in the past year speak only Spanish or to provide a payroll or tax record naming the employees who speak only Spanish. (AF 46-47).

The Appeal Files do not indicate whether the CO ever ruled on the request for an extension of time to file rebuttal.  However, the CO obviously did not consider the June 2006 submission to be part of the rebuttal because she issued identical Final Determinations denying the applications,[6] finding that the Employer's rebuttal did not address the issue of the unduly restrictive language requirement.  The CO also held that the Employer did not provide proof that it had placed ads for three consecutive days during the initial recruitment effort, and the CO did not accept the Employer's re-advertisement as an acceptable rebuttal. (AF 35).

On April 13, 2007, the Employer submitted requests for review. The Employer stated that the Illinois Department of Employment Security (IDES) had advised that it only had to run one newspaper advertisement. (AF 3)(*see* n. 4, *supra*).

The CO treated the requests for review as motions for reconsideration, and by letters dated May 31, 2007, denied reconsideration, stating that "[m]otions for reconsiderations will be entertained only with respect to issues which could not have been addressed in the rebuttal" and that "the present motion does not raise such matters." (AF 1). On June 8, 2007, the CO forwarded these matters to the Board.

The Board issued Notices of Docketing on June 22, 2007.[7] Counsel for the Employer submitted on July 11, 2007 a Motion for Extension of Time to submit briefs

---

[6] The CO issued the Final Determination on March 15, 2007 for 2007-INA-37, 39, 40, 42, 43, 44, 45, 46, 48, 50, 51, and 52. The CO issued the Final Determination on March 16, 2007 for 2007-INA-35, 36, 38, 41, 47, and 49.

[7] The copies of the Notice of Docketing in the matters of 2007-INA-35, 36, 38, 40, 41, 42 and 44 served on the Employer were returned by the U.S. Postal Service as undeliverable. The copies of the Notices of Docketing in the matters of 2007-INA-35, 37, 39, 43, 44, 45, 48, 49 and 50 served on the Aliens were also returned by the U.S. Postal Service as undeliverable.

AR00006

based on his existing trial schedule and workload. The Board granted the motion, and issued an Order on July 16, 2007 extending the submission deadline.[8]

On July 31, 2007, the Board received identical briefs from the Employer for each case. The Employer stated that it had only run one advertisement because the "recruitment letter [from the IDES] had a note signed by the contact representative that it could run one advertisement." (Brief at 2). The Employer argued that "[i]f the initial one advertisement was insufficient PETITIONER'S second recruitment was a reasonable and adequate rebuttal to the Notice of Findings." (Brief at 4). The Employer also asserted that it had clearly established the business necessity of the foreign language requirement, since most of its workforce spoke Spanish. In recounting the procedural history of the case, the Employer noted that it had requested additional time for rebuttal, and that it assertedly had "timely" delivered the results of its additional recruitment.

## DISCUSSION

When the due date for rebuttal comes, the employer has the burden to inquire as to the status of an outstanding request for an extension. *Mr. & Mrs. Walter Morgan*, 1988-INA-446 (Feb. 22, 1990). An employer's reliance on an outstanding request for extension request does not qualify as a sufficient reason for failure to file a timely rebuttal. *David Gibbs Unger*, 1994-INA-34 (Sep. 29, 1994). *See also Augusto del Rio*, 1994-INA-177 (May 4, 1995); *Clinica Dental*, 94-INA-481 (May 8, 1995).

In the instant cases, we find no evidence the CO granted the Employer an extension of time to file the rebuttal. Rather, it is evident that the Employer unilaterally decided that the way to address the failure to advertise for three days during the initial recruitment period was to readvertise. The Employer never sought or obtained permission from the CO to engage in such a readvertisement, and it is highly unlikely that the CO would have so permitted until the business necessity issue was resolved. Thus, it

---

[8] The copies of the Orders granting the extension of time in the matters of 2007-INA-39, 43, 46, 47 and 49 served on the Aliens were returned by the U.S. Postal Service as undeliverable.

should not have been a foregone conclusion that the Employer would receive an extension of time to file rebuttal, and its failure to confirm that such an extension was granted leads us to find that only the May 2006 rebuttal letter was timely. That letter does not address the business necessity issue.

The May 2006 rebuttal letter presented the argument that the state agency permitted it to run a single advertisement and indicate 27 positions.[9] This argument was supported by an Illinois Department of Employment Security (IDES) letter, which contains a handwritten note stating: "Please Note: You may run 1 ad but you must indicate 27 positions." (AF 56). It is evident, however, that the Employer misconstrued this advice to mean that it only needed to run an ad indicating twenty-seven positions one time, when the IDES had intended for the Employer to run one ad for all of the positions, but run the ad for the required three consecutive days. On the ETA 7147 State Agency Transmittal of Application form issued January 21, 2004, a representative of the IDES pointed out that the

> [A]ttorney of record who filed these cases is an experienced attorney who has filed countless Labor Certification applications and who is well versed in the Foreign Labor Process, furthermore, our advertising instructions informs the employer to run the ad for three consecutive days.

(AF 82). The CO is not bound by any statements or actions by the local employment service in her review of the applications. See, e.g., Peking Gourmet, 1988-INA-323 (May 11, 1989)(en banc). We find that the IDES' note did not excuse the Employer's failure to run an advertisement for three days as required by the regulations.

Moreover, even if the Employer's misinterpretation of the IDES' instructions was sufficient grounds to excuse its failure to run three days of advertising, and the supplemental rebuttal was timely submitted, it fails to establish business necessity for the foreign language requirement. Although the Employer averred that a "substantial

---

[9]  Evidently the Employer originally sought 27 kitchen supervisors; only 18 applications, however, have been docketed on appeal.

number" of its clientele does not speak Spanish,[10] the Employer's rebuttal unmistakably shows that its need for kitchen managers to be fluent in Spanish is based primarily on the Employer's hiring of a large number of Mexican nationals for its restaurant staff. The Board ruled in Lucky Horse Fashion, Inc., 1997-INA-182 (Aug. 22 2000)(en banc), that there is a distinction between an employee's need to communicate with clients and customers, and the need to communicate with co-workers (especially when the language has nothing to do with the occupation itself). The Board ruled in Lucky Horse that to allow an employer to establish a business necessity for a foreign language requirement solely because all of its employees speak that language is to "create a self-perpetuating foreign labor force that, as a practical matter, excludes all but a few U.S. workers." Slip op. at 7.[11] The Board held that an employer's non-English-speaking workforce does not establish a reasonable relationship between the language requirement and the occupation within the context of the employer's business, and thus does not satisfy the first prong of the business necessity test in Information Industries, 1988-INA-82 (Feb. 9, 1989)(en banc). Thus, we find that, as a matter of law, the Employer's business necessity justification for the Spanish fluency requirement fails under Lucky Horse.

## ORDER

Based on the foregoing, **IT IS ORDERED** that the Certifying Officer's denials of labor certification in the above-captioned matters are **AFFIRMED**.

Entered at the direction of the panel by:

*Todd R. Smyth*

Todd R. Smyth
Secretary to the Board of Alien Labor
Certification Appeals

---

[10]   The Employer presented no evidence to support its contention that some of its clients do not speak English, nor did it identify what percentage of it clientele fall into that category. Given that the Employer is an Italian restaurant, it is not obvious that it would have a significant number of non-English speaking customers. Moreover, it is not clear why customers would need to communicate with the kitchen manager.

[11]   We also observe that the state agency's transmittal sheet notes that all 27 of the original Alien beneficiaries had a visa status of "EWI" – entered without inspection. (AF 82).

AR00009

**NOTICE OF OPPORTUNITY TO PETITION FOR REVIEW:** This Decision and Order will become the final decision of the Secretary unless within twenty days from the date of service a party petitions for review by the full Board. Such review is not favored and ordinarily will not be granted except (1) when full Board consideration is necessary to secure or maintain uniformity of its decisions, or (2) when the proceeding involves a question of exceptional importance. Petitions must be filed with:

> Chief Docket Clerk
> Office of Administrative Law Judges
> Board of Alien Labor Certification Appeals
> 800 K Street, NW Suite 400
> Washington, DC 20001-8002

Copies of the petition must also be served on other parties and should be accompanied by a written statement setting forth the date and manner of service. The petition shall specify the basis for requesting full Board review with supporting authority, if any, and shall not exceed five double-spaced pages. Responses, if any, shall be filed within ten days of service of the petition, and shall not exceed five double-spaced pages. Upon the granting of a petition the Board may order briefs.

AR00010

**SERVICE SHEET**

Case Name: **MELCHOR-QUINTERO SAUL v. LOU MALNATI'S**

Case Number: **2007INA00035**

Document Title: **DECISION AND ORDER**

I hereby certify that a copy of the above-referenced document was sent to the following this 24th day of September, 2007:


*Cheryl R. Gordon*

**CHERYL GORDON**
**LEAD LEGAL TECHNICIAN**

ETA/DFLC Backlog Processing Center
U. S. Department of Labor
700 North Pearl Street
Suite 400 N
Dallas, TX 75201
    *{Hard Copy - Regular Mail}*

Chief
Division of Foreign Labor Certification
U.S. Department of Labor/ETA
Room C-4312, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
    *{Hard Copy - Regular Mail}*

Counsel for Litigation
U. S. Department of Labor, Division of
Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Ave., N. W.
Washington, DC 20210
    *{Hard Copy - Regular Mail}*

Saul Melchor-Quintero
c/o Donald E. Puchalski, Esq.
111 West Washington Street, Suite 751
Chicago, IL 60602
    *{Hard Copy - Regular Mail}*

Malnati Organization, Inc.
d/b/a Lou Malnati's
3685 Woodhead Drive
Northbrook, IL 60062
    *{Hard Copy - Regular Mail}*

Donald E. Puchalski, Esq.
111 West Washington Street, Suite 751
Chicago, IL 60602
    *{Hard Copy - Regular Mail}*

AR00011

UNITED STATES DEPARTMENT OF LABOR
EMPLOYMENT AND TRAINING ADMINISTRATION

IN RE:                              )
                                    )
LOU MALNATI'S                       )
          Petitioner/Employer,      )
                                    )    BALCA Case No.: 2007-INA-00035
And                                 )    ETA Case No.:     D-05056-51066
                                    )
SAUL MELCHOR-QUINTERO,              )
          Beneficiary/Employee.     )

## EMPLOYER'S/PETITIONER'S BRIEF

Now Comes MALNATI'S ORGANIZATION, INC. d/b/a LOU MALNATI'S, PETITIONER/ EMPLOYER and the above named BENEFICIARY/EMPLOYEE herein and as and for their brief in support of the Request for Review respectfully states as follows:

### FACTS:

On April 25, 2001, PETITIONER and the named BENEFICARY filed with the Illinois Department of Employment and Security, Alien Certification Unit forms ETA 750 A and B and G-28 for each.  On October 28, 2003, PETITIONER received the recruitment instructions from the Illinois Department of Employment Security.  PETITIONER has several Italian restaurants in the Chicago area and it was seeking twenty-seven (27) for the position of Kitchen Supervisor.  The job requirements were two (2) years of experience as a Kitchen Supervisor or two (2) years experience as a Pizza Maker or Cook.  In addition PETITIONER requested the ability to speak/read and write the Spanish language.  PETITIONER submitted a business necessity letter as to the language requirement.  The business necessity letter was dated October 20, 2003, the language requirement was necessary as LOU MALNATI'S kitchen staff is 90% Spanish speaking and it has a substantial number of customers who are Spanish speaking.  If the kitchen supervisor did not

*11*

AR00012

speak, read, and write the Spanish language the PETITIONER would lose substantial revenue.

The recruitment letter had a note signed by the contact representative that it could run one advertisement. PETITIONER complied with the recruitment by placing an advertisement in the <u>Chicago Tribune</u>. On January 9, 2004, PETITONER filed with the Illinois Department of Employment Security the recruitment results which consisted of a copy of the advertisement, job notice posted on PETITIONER'S premises for ten business days and the affidavit of the contact representative. There were no responses to the advertisement or job notice. No individual applied for the job offered.

On April 18, 2006, a Notice of Findings was issued by the Employment and Training Administration, Certifying Officer. In response to the Notice of Findings the PETITIONER placed a job order with the Illinois Department of Employment Security and published in the <u>Chicago Tribune</u> an advertisement for the position of Kitchen Supervisor, which ran May 16, 17, and 18, 2006. PETITIONER sent a letter to the Certifying Officer on May 19, 2006 requesting additional time to respond and rebut the Notice of Findings. PETITIONER timely delivered to the U.S. Department of Labor, Employment and Training Administration the copies of the advertisement which ran for three days in the <u>Chicago Tribune</u>, the job notice posted on PETITIONER'S premises and the affidavit of the contact representative as to the recruitment results. There were no responses to the job notice or advertisement. No individual applied for the job offered.

On March 16, 2007, the Certifying Officer denied the PETITIONER'S application for Alien Employment Certification for the position of Kitchen Supervisor. PETITIONER'S filed a timely Request for Review/ Motion to Reconsider. The Motion to Reconsider was denied.

AR00013

12

## ARGUMENT

PETITIONER has completed two recruitments in this case. Two job orders were opened and during the period of time the job order were opened a job notice was posted for at least ten (10) business days and advertisements placed in the Chicago Tribune. PETITIONER submitted a business necessity letter with the initial recruitment. The Illinois Department of Employment Security, Alien Certification Unit did not reject or contest this document. PETITIONER clearly established the business necessity for a language requirement.

PETITIONER has met its burden of proof and established that United States workers were not ready, willing, qualified or available to perform the job and that the employment of the alien would not adversely affect the wages and working conditions of United States workers. Information Industries, Inc., 1988 INA 82 (2/9/89). The PETITIONER opened job orders on two separate occasions and two separate Chicago Tribune advertisements. No individual applied for this position or responded to the job order, job notice or Chicago Tribune advertisements on either occasion. PETITIONER rebutted the Notice of Findings by opening a new job order with the Illinois Department of Employment Security and publishing for three (3) consecutive days an advertisement in the Chicago Tribune. PETITIONER'S new recruitment was a proper rebuttal. The Certifying Officer did not consider the rebuttal evidence. The Certifying Officer could have, but did not issue a supplemental Notice of Findings. J. Michael v. Patricia Solar, 1988 INA 56 (4-6-89).

PETITIONER has made two good faith efforts to recruit. These recruitment efforts complied with Section 656.21(g) and 656.21 (g)(a). The second recruitment was sufficient to rebut any alleged deficiencies in the Notice of Findings. The first recruitment directed PETITIONER to place one advertisement. The second recruitment was a good faith effort to comply with and rebut the Notice of Findings. The Illinois Department of Employment Security Alien Certification Unit did not provide any person from its job order. On two occasions

AR00014

13

no individual applied for the job offered. The Certifying Officer has presented no evidence to this contrary. There were no individuals who applied for the job offered.

If the initial one advertisement was insufficient PETITIONER'S second recruitment was a reasonable and adequate rebuttal to the Notice of Findings. The rebuttal following the Notice of Findings is the employer's last chance to meet its burden of proof and to establish that a certification should be issued. Carlos UY III, 1997. INA 304 (3/3/99). In Modgraph, Inc., 1988 INA 287 (12/29/1988), the Board remanded the case to the Certifying Officer regarding the Employer's further rebuttal evidence. See also Al-Ghazali School, 1988 INA 347 (5/31/1989).

The employer did rebut the Notice of Findings. This was a good faith recruitment. There were no United States applicants for the job. It would be a manifest injustice not to grant the labor certification. If the Certifying Officer had any objection or questions to the Employer's good faith recruitment efforts a supplemental Notice of Findings could or should have been issued. Section 656.24 (b)(4) requires the development of evidence before Certifying Officers. The second recruitment is in the record and is the basis for the labor certification to be granted. The Board has before it the second recruitment and the employer would be denied due process of law if it is not considered. International Student Exchange of Iowa. 1989 INA 261 (4/21/1992). An assertion made in the Notice of Findings, responded to in Rebuttal, and not repeated in the Final Determination is deemed to be successfully rebutted, and thus not an issue. Barbara Harris, 1988 INA 392 (4/5/1989).

The employer filed a Motion to Reconsider. The Certifying Officer denied the motion. The Motion to Reconsider was regarding the second recruitment. This evidence is in the record and can be considered by the Board. Construction and Investment Corp., d/b/a Efficient Air, 1988 INA 55 (4/29/1989).

The employer clearly established that the Spanish language requirement is essential to perform the job duties. See Sysco Intermountain Food Services, 1988

AR00015

INA 138 (5/31/1989).  It is reasonable for this Board to believe that restaurants have Spanish speaking kitchen staff.  United States workers do not traditionally desire this type of employment.

## CONCLUSION

PETITIONER/ EMPLOYER and the named beneficiary respectfully prays as follows:

A. That the Request for Review be sustained.

B. That the labor certification be granted.

C. That, in the alternative, the case be remanded back to the Certifying Officer.

D. For such other and different relief as is deemed equitable.

Respectfully Submitted by

DONALD E. PUCHALSKI
Attorney for LOU MALNATI'S
and SAUL MELCHOR-
QUINTERO

DONALD E. PUCHALSKI
Law Office of Donald E. Puchalski
111 West Washington Street, Suite 751
Chicago, Illinois 60602
(312) 332-4428

AR00016

**U. S. Department of Labor**



**Employment and Training Administration**
Division of Foreign Labor Certification
Dallas Backlog Elimination Center
700 North Pearl Street, Suite 400
Dallas, Texas  75201

June 8, 2007

Office of Administrative Law Judges
Board of Alien Labor Certification Appeals
U.S. Department of Labor
800 K. Street, N.W., Suite 400 N.
Washington, D.C.  20001-8002

Request for Administrative Judicial Review
Petitioner: **LOU MALNATI'S**
Alien     : **MELCHOR,-QUINTERO, SAUL**

The attached file is transmitted for Administrative-Judicial review.

Jenny Elser
Certifying Officer

Attachment

Transmittal Letter & Index  To:  Employer
                                 Attorney

AR00017

# INDEX

| Date | | PAGE |
|---|---|---|
| 05/31/07 | DENIAL OF REQUEST FOR RECONSIDERATION | 1 |
| 04/13/07 | REQUEST FOR RECONSIDERATION AND/OR APPEAL | 2-32 |
| 05/16/07 | FINAL DETERMINATION DENIAL | 33-35 |
| 06/29/06 | ADDITIONAL REBUTTAL | 36-48 |
| 05/19/06 | NOTICE OF FINDINGS REBUTTAL AND REQUEST FOR EXTENSION | 49-63 |
| 04/19/06 | RETURN MAIL | 64-70 |
| 04/19/06 | NOTICE OF FINDINGS | 71-75 |
| | CENTER RECEIPT NOTIFICATION LETTER AND RESPONSE | 76-80 |
| | ETA 7147 STATE AGENCY TRANSMITTAL OF APPLICATION | 81-82 |
| 11/06/03 | ADVERTISEMENT | 83-84 |
| 01/09/04 | LETTER FROM ATTORNEY TO SWA | 85 |
| | AFFIDAVIT | 86-88 |
| | JOB ORDER | 89-90 |
| | ETA 750 A&B | 91-94 |
| 03/31/01 | G-28 | 95 |

Lou Malnati's – MELCHOR-QUINTERO, SAUL

**U. S. Department of Labor**



**Employment and Training Administration**
Division of Foreign Labor Certification
Dallas Backlog Elimination Center
700 North Pearl Street, Suite 400
Dallas, Texas  75201



Date: May 31, 2007

Donald E. Puchalski, PC
111 West Washington St Ste 751
Chicago, IL 60602

ETA Case No:  D-05056-51066
Employer:  Lou Malnati's
Alien's Name:  MELCHOR-QUINTERO, Saul

Dear Mr. Puchalski:

We are in receipt of your letter of April 13, 2007 requesting reconsideration of our denial of the
employer's Request for Reconsideration in the above matter.

This is in response to your **Request for Reconsideration** of our denial of your application for
Alien Employment Certification, issued by our office on March 15, 2007.

Motions for reconsiderations will be entertained only with respect to issues which could not have
been addressed in the rebuttal (see Harry Tancredi, 88-INA-441).  Since the present motion does
not raise such matters it is **denied**.

We will prepare the case record and notify you when it is forwarded to the Board of Alien Labor
Certification Appeals (BALCA).

Sincerely,

JENNY ELSER
Certifying Officer

cc: Employer

LAW OFFICES OF
# DONALD E. PUCHALSKI, P.C.



| | | |
|---|---|---|
| Donald E. Puchalski | Suite 751 | Of Counsel |
| | 111 West Washington Street | Richard J. Puchalski |
| Legal Assistants | Chicago, Illinois 60602 | Richard J. Reimer |
| Noemi A. Archibold | | Barry A. Ketter |
| Paulina K. Palaszewska | (312) 332-4428 | |
| | (312) 726-4522 (Fax) | |

April 13, 2007

Chief Administrative Law Judge
U.S. Department of Labor
c/o Ms. Jenny Elser
Employment and Training Administration
Dallas Backlog Elimination Center
700 N Pearl St.
Suite N 400
Dallas, TX 75201

Re:    Lou Malnati's

| | |
|---|---|
| Roberto ALVAREZ | D-05056-51077 |
| Jesús GOROSTIETA | D-05031-44480 |
| Moisés GURROLA | D-05031-44044 |
| Saul MELCHOR-QUINTERO | D-05056-51066 |
| Felipe MEDINA | D-05056-51068 |
| Jose MONTALVO | D-05056-51072 |
| Alejandro RAMIREZ | D-05020-36999 |
| Aminabad REYES | D-05031-44131 |
| Alfredo ROBLEDO | D-05056-51075 |
| Jose ROBLEDO | D-05056-51071 |
| Luis RUEDA | D-05056-51070 |
| Cenobio RUEDA ROMERO | D-05031-44839 |
| Jesus RUIZ | D-05056-51064 |
| Alejandro SANCHEZ | D-05031-44194 |
| Arturo SANCHEZ | D-05056-51078 |
| Juan SOLIS | D-05031-44411 |
| Ramiro SOLIS | D-05031-44668 |
| Raul SOLIS | D-05031-44884 |

Dear Sir or Madam:

    I represent the above named petitioner and beneficiaries.  Enclosed for each case is a
Request for Review.

    Please send all further correspondence to the undersigned.  Should you have and
questions or comments please contact my office.

Sincerely,

RECEIVE
APR 1 8 2007
ETA. Dallas



Donald E. Puchalski

DEP: naa
Encls.

2

UNITED STATES DEPARTMENT OF LABOR
EMPLOYMENT AND TRAINING ADMINISTRATION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LOU MALNATI'S | ) | |
|       Petitioner, | ) | |
| | ) | No. D-05056-51066 |
| And | ) | |
| | ) | |
| SAUL MELCHOR-QUINTERO, | ) | |
|       Beneficiary. | ) | |

## REQUEST FOR REVIEW / MOTION TO RECONSIDER

NOW COMES, LOU MALNATI'S, Petitioner and SAUL MELCHOR-QUINTERO, Beneficiary, by and through their attorney, DONALD E. PUCHALSKI, and as and for their Request for Review / Motion to Reconsider, respectfully states as follows:

1. That on April 25, 2001, the Petitioner filed form ETA 750 A and B with the Illinois Department of Employment Security, Alien Certification on behalf of SAUL MELCHOR-QUINTERO.

2. That on October 28, 2003, the Petitioner received the recruitment instructions from the Illinois Department of Employment Security Alien Certification Unit. That a copy is attached hereto marked "Exhibit 1".

3. That pursuant to said letter of October 28, 2003 Petitioner ran the required one advertisement.

4. That the Certifying Officer issued Final Determination on March 16, 2007 and denied the application for alien employment certification filed by the Petitioner on behalf of SAUL MELCHOR-QUINTERO. That a copy of said Final Determination is attached hereto and made a part hereof marked "Exhibit 2".

5. That the requested business necessity letter is attached hereto marked "Exhibit 3" was sent to the Illinois Department of Employment Security, Alien Certification Unit.

6. That the recruitment results from the IDES letter of October 28, 2003 are attached here to marked "Exhibit 4".

*3*

7.   That a Notice of Findings was issued on April 18, 2006 and timely responded to by the Petitioner, LOU MALNATI'S on May 19, 2006.

8.   That the Petitioner placed on the Chicago Tribune an advertisement for this position which ran May 16, 17, and 18 2006.  That a copy of the advertisement and recruitment results are attached and hereto marked "Exhibit 5".

9.   That the response and rebuttal to the Notice of Findings clearly rebutted all of the items raised in the Notice of Findings.

10.  That the decision of the Certifying Officer to was an abuse of discretion.

11.  That the Petitioner and Beneficiary rebutted all of the findings in the Notice of Findings and it is an abuse of discretion not to grant and issue the labor certification.


WHEREFORE, the Petitioner, LOU MALNATI'S and Beneficiary, SAUL MELCHOR-QUINTERO, pray as follows:

A.   That the Request for Review be granted.

B.   That, in alternative, the Motion to Reconsider be granted.

C.   That the Certifying Officer grant and issue the labor certification.

D.   For such other and different relief as is deemed equitable and proper.


Respectfully Submitted by

DONALD E. PUCHALSKI
Attorney for LOU MALNATI'S and
SAUL MELCHOR-QUINTERO


DONALD E. PUCHALSKI
Law Office of Donald E. Puchalski
111 West Washington Street, Suite 751
Chicago, Illinois 60602
(312) 332-4428

4

AR00022



**IDES**
ILLINOIS
DEPARTMENT OF
EMPLOYMENT
SECURITY

FILE NUMBER: V-IL 35601 - L ~thru~ 35624-L; 35626 - 35228-L

DATE: Tuesday, October 28, 2003

Mr. Donald E. Puchalski
Sklodowski, et al.
111 W Washington St, Ste 1000
Chicago, IL  60602

> **PLEASE NOTE:**
> The instructions now read:
> **APPLICANTS MUST SHOW PROOF OF LEGAL AUTHORITY TO WORK IN THE U.S.**

RE: APPLICATION FOR FOREIGN LABOR CERTIFICATION
    EMPLOYER:        Malnati Organization, Inc.
    FOREIGN WORKER: Jose Hernandez

Dear Mr. Puchalski:

Federal regulations require employers applying for Foreign Labor Certification to test the labor market for qualified U. S. workers. Attached are the procedures. Please read them thoroughly.

PLEASE NOTE:  The employer must report the results of all contacts generated as a result of the employment service job order, the newspaper/journal advertisement and the notice(s) posted in the employer's establishment.  Documentation of the results of ANY and ALL contacts must include ALL of the following:

1. The number of U.S. workers responding to the recruitment;
2. The names, addresses, phone numbers and resumes and/or applications of all U.S. workers interviewed; and
3. The lawful job-related reason for not hiring each applicant.

**EMPLOYERS AND THEIR REPRESENTATIVES ARE REMINDED THAT THE BURDEN OF PROOF IS ON THE EMPLOYER TO ADEQUATELY DOCUMENT ITS ATTEMPTS TO CONTACT ALL U.S. APPLICANTS REFERRED WHEN SENDING IN FINAL DOCUMENTATION.**

If all documentation is not received on the due date as indicated, we will return you labor employment and any supporting documents submitted to be filed as a new app.

Further inquiries and correspondence regarding this application should be directed 312-793-6839.

Sincerely,

Sheila Lindsey
IDES Immigration Specialist

Enclosure(s)
cc: File
    **Malnati Organization, Inc.**

*Please note: You may run 1ad but you must indicate 27 positions*

AC09

L-9(REV. 1-99) STOCK NO. 4245

> **EXHIBIT**
> **1**

AR00023

DONALD E. PUCHALSKI
111 WEST WASHINGTON ST. SUITE 751
CHICAGO, IL 60602

21

6



EXHIBIT

2

AR00024

**U.S. Department of Labor**    **Employment and Training Administration**
Dallas Backlog Elimination Center
700 North Pearl St.
Suite N 400
Dallas, TX 75201



## FINAL DETERMINATION

March 16, 2007

JIM D'ANGELO                                ETA Case Number:    D-05056-51066
c/o LOU MALNATI'S
3685 WOODHEAD DRIVE                      Aliens Name:    SAUL MELCHOR-QUINTERO
NORTHBROOK, IL 60062                      Occupation:    KITCHEN SUPERVISOR,
                                                            319137030

                                          Date of Acceptance for
                                                Processing:    April 25, 2001

The Department of Labor has made a determination on your Application for Alien Employment Certification pursuant to 20 CFR, Part 656, and as required by the Immigration and Nationality Act, as amended.

<u>Form ETA 750 has not been certified and is being returned.</u> A certification cannot be issued as required by Section 212(a) (14) of the Immigration and Nationality Act, as amended, on the basis of information available. See attachment for details.

Request for review of a denial of certification may be made by the employer, and by the alien if the employer also requests such a review in accordance with 20CFR 656.26. A request for review of a denial may only be made in writing addressed to the Chief Administrative Law Judge, Department of Labor, and submitted by certified mail to the certifying officer who denied certification within 35 days of the date of this denial for transmittal and shall: (1) Clearly identify the particular certification determination for which review is sought; (2) set forth the particular grounds on which the request is based; and, (3) include all documents which accompanied the denial of certification. If a request for review is not made within the specified time, the denial shall become the final determination of the Secretary. Failure to file a request for review in a timely manner shall constitute a failure to exhaust available administrative remedies.

A new application in the same occupation may not be filed for 6 months from the date of denial of certification, except if the certification is denied solely because the wage or salary was below the prevailing wage, the employer may reapply immediately.

Sincerely,


Jenny Elser
Certifying Officer

CC: LOU MALNATI'S

Attachments: Detail of Findings, Form ETA 750/Parts A and B

*7*

*22*

AR00025

## DETAIL OF FINDINGS

A Notice of Findings was issued on April 19, 2006 for case D-05056-51066, Lou Malnati's. The employers rebuttal was mailed on May 19, 2006 and received in this office on May 22, 2006.

The Notice of Findings dealt with deficiencies in this case as cited below:

**656.20(c)** Job offers filed on behalf of aliens on the Application for Alien Employment Certification for must clearly show that:

**656.20(c)(8)** The job opportunity has been and is clearly open to any qualified U.S. worker.

**656.21(b)(2)** The employer shall document that the job opportunity has been and is being described without unduly restrictive job requirements:

**656.21(b)(2)(i)** The job opportunity's requirements, unless adequately documented as arising from business necessity:

**656.21(b)(2)(i)(A)** Shall be those normally required for the job in the United States.

**656.21(b)(2)(i)(B)** Shall be those defined for the job in the *Dictionary of Occupational Titles (D.O.T.)* including those for subclasses of jobs.

**656.21(b)(2)(i)(C)** Shall not include requirements for a language other than English.

**656.21(b)(2)(i)(C)(ii)** If the job opportunity involves a combination of duties, for example engineer-pilot, the employer must document that it has normally employed persons for that combination of duties and/or workers customarily perform the combination of duties in the area of intended employment, and or the combination job opportunity is based on a business necessity.

**656.21(b)(2)(i)(C)(iii)** If the job opportunity involves a requirement that the worker live on the employers premises, the employer shall document adequately that the requirement is a business necessity.

**656.21(b)(2)(i)(C)(iv)** If the job opportunity has been or is being described with an employer preference, the employer preference shall be deemed to be a job requirement for purposes of this paragraph (b)(2).

The employer had not provided documentation justifying their Spanish language requirement.

The employer was notified via the Notice of Findings that they could rebut this finding by providing justification for the Spanish language requirement and that the evidence must establish that:

    A. A significant share of your business is conducted in the foreign language. For example, the foreign language is spoken or preferred by a significant portion of your clientele; or the foreign language is required by business expansion plans; or the foreign language is required because it is the principal language of your other employees.

    A. The absence of the foreign language would put the business at a competitive disadvantage.

    B. The employees duties require him or her to communicate or read in the foreign language.

    C. The need for foreign language skills cannot be met by other methods, such as using translation services or the language skills of another employee.

At a minimum, your rebuttal must include answers to the following questions:



23
AR00026

A. The total number of clients/workforce/suppliers served, and the percentage of those people who cannot communicate in English.

B. The percentage of business that is dependent upon the language.

C. The percentage of time the worker would use the language.

D. How employer has dealt with non-English speaking clients/workforce/suppliers in the past and/or is currently handling this segment of business.

E. If you are claiming that the foreign language is required by business expansion plans, your must provide evidence that your company had a market research study and business expansion plan in place at the time of filing the application. The plan must clearly demonstrate the factual basis upon which your business expansion plan is based.

The employers rebuttal did not address this issue.

**656.21(g)** In conjunction with the recruitment efforts under paragraph (f) of this section, the employer shall place an advertisement for the job opportunity in a newspaper of general circulation or in a professional, trade, or ethnic publication, whichever is appropriate to the occupation and most likely to bring responses from able, willing, qualified, and available U.S. workers.

**656.21(g)(9)** If published in a newspaper of general circulation, be published for at least three consecutive days; or if published in a professional, trade, or ethnic publication, be published in the next published edition.

The employer had not provided proof that the advertisement that was placed had run for three (3) consecutive days as instructed during the initial time of recruitment.

The employer was notified via the Notice of Findings that they could rebut these findings by providing proof that the advertisement had run three (3) consecutive days during the initial time of recruitment.

In response to the Notice of Findings the employer failed to provide any such proof and insisted that the SWA had allowed them run only one (1) advertisement since the employer had twenty-seven (27) open positions, when in fact the SWA had stated that the employer may run one (1) for all open positions but the advertisement was still to run for three (3) consecutive days. The employer also submitted advertisements that were run from May 16-18, 2006, although this option was not given as an available remedy.

The evidence submitted is insufficient to rebut the deficiencies outlined in the Notice of Findings. Consequently the Application for Alien Employment Certification is denied.

*9*

OMB Approval No. 44-R1301

U.S. DEPARTMENT OF LABOR
Employment and Training Administration

**APPLICATION**
**FOR**
**ALIEN EMPLOYMENT CERTIFICATION**

035611

**IMPORTANT:  READ CAREFULLY BEFORE COMPLETING THIS FORM**
*PRINT legibly in ink or use a typewriter.  If you need more space to answer questions on this form, use a separate sheet.  Identify each answer with the number of the corresponding question.  SIGN AND DATE each sheet in original signature.*

*To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001).*

**PART A. OFFER OF EMPLOYMENT**

1. Name of Alien   *(Family name in capital letter, First, Middle, Maiden)*

MELCHOR-QUINTERO            Saul

2. Present Address of Alien   *(Number, Street, City and Town, State ZIP Code or Province, Country)*

5559 North Magnolia Avenue, Chicago, IL  60640

3. Type of Visa   *(If in U.S.)*

The following information is submitted as evidence of an offer of employment.

4. Name of Employer   *(Full name of organization)*

Malnati Organization, Inc., d/b/a Lou Malnati's

5. Telephone   *(Area Code and Number)*

(847) 362-1814

6. Address   *(Number, Street, City or Town, Country, State, Zip Code)*

3685 Woodhead Drive
Northbrook, IL 60062, USA

7. Address Where Alien Will Work   *(if different from item 6)*

There are various locations of the restaurant and the managers are transferred as needed to these locations all of which are int he Chicago area.

| 8. Nature of Employer's Business Activity | 9. Name of Job Title | 10. Total Hours Per Week | | 11. Work Schedule (Hourly) | 12. Rate of Pay | |
|---|---|---|---|---|---|---|
| | | a. Basic | b. Overtime | | a. Basic | b. Overtime |
| restaurant | Kitchen Supervisor | 40 | 0 | 9-5 a.m. 8-4 p.m. 4-12 | $673.00 per week | $ 0 per hour |

13. Describe Fully the Job to be Performed   *(Duties)*

Directs and manages kitchen staff in Italian restaurant.  Responsible for cooks, pizza makers, line cooks, preparation staff and kitchen workers.  Responsible for food preparation, orders and quality central.  Trains workers and assigns job tasks.

14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactory the job duties described in item 13 above.

| EDU-CATION *(Enter number of years)* | Grade School | High School | College | College Degree Required *(specify)* |
|---|---|---|---|---|
| | 0 | 0 | 0 | N/A |
| | | | | Major Field of Study |
| | | | | N/A |

| TRAIN-ING | No. Yrs. | No. Mos. | Type of Training |
|---|---|---|---|
| | 0 | 0 | N/A |

| EXPERI-ENCE | Job Offered | | Related Occupation | | Related Occupation *(specify)* |
|---|---|---|---|---|---|
| | Yrs. | Mos. | Yrs. | Mos. | |
| | 2 | 0 | 2 | 0 | Pizza maker/cook |

15. Other Special Requirements

Must speak, read and write the Spanish language.

25

16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor

District Manager

17. Number of Employees Alien Will Supervise

4

ENDORSEMENTS *(Make no entry in section - for government use only)*

Date Forms Received

| L.O. 4-25-01 | S.O. 4-25-01 |
|---|---|
| R.O. | N.O. |
| Ind. Code 5812 | Occ. Code 319.137-030 |

Oct Title  Kitchen Supervisor

10

AR00028

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | | 19. IF JOB IS UNIONIZED   *(Complete)* | |
|---|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | | a. Number of Local | b. Name of Local |
| | From | To | | N/A |
| | | | | c. City and State |
| N/A | | | N/A | |

**20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS**   *(Complete for Private Household Job ONLY)*

| a. Description of Residence | b. No. Persons Residing at Place of Employment | | | | c. Will free board and private room not shared with anyone be provided? | ("X" one) |
|---|---|---|---|---|---|---|
| ("X" one) | Number of Rooms | Adults | Children | Ages | | |
| ☐ House | | | BOYS | | | ☐ YES  ☐ NO |
| ☐ Apartment | | | GIRLS | | | |

**21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS.**   *(Specify Sources of Recruitment by Name)*

Internal referrals and recruitment.

**22.**   Applications require various types of documentation.  Please read PART II of the instructions to assure that appropriate supporting documentation is included with your application.

### 23. EMPLOYER CERTIFICATIONS

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.*

a.  I have enough funds available to pay the wage or salary offered the alien.

b.  The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c.  The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly or monthly basis.

d.  I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e.  The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f.  The job opportunity is not:

   (1)  Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

   (2)  At issue in a labor dispute involving a work stoppage.

g.  The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h.  The job opportunity has been and is clearly open to any qualified U.S. worker.

### 24. DECLARATIONS

DECLARATION OF EMPLOYER ➤   *Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.*

| SIGNATURE | DATE |
|---|---|
| *Jim D'Angelo* | 3/31/01 |

| NAME   *(Type or Print)* | TITLE |
|---|---|
| Jim D'Angelo | District Manager |

AUTHORIZATION OF AGENT OF EMPLOYER ➤   *I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.*

| SIGNATURE OF EMPLOYER | DATE |
|---|---|
| | |

| NAME OF AGENT   *(Type or Print)* | ADDRESS OF AGENT *(Number, Street, City, State, ZIP Code)* |
|---|---|
| Donald E. Puchalski | Law Offices of Donald E. Puchalski 111 West WAshington St.   Suite 751 Chicago, IL 60602 |

AR00029

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | | 19. IF JOB IS UNIONIZED  *(Complete)* | |
|---|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | | a. Number of Local | b. Name of Local |
| | From | To | | N/A |
| N/A | | | N/A | c. City and State |

**20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS**    *(Complete for Private Household Job ONLY)*

| a. Description of Residence | b. No. Persons Residing at Place of Employment | | | | | c. Will free board and private room not shared with any-one be provided? | *("X" one)* |
|---|---|---|---|---|---|---|---|
| *("X" one)* | Number of Rooms | Adults | Children | | | | ☐ YES  ☐ NO |
| ☐ House | | | | Ages | | | |
| ☐ Apartment | | | BOYS | | | | |
| | | | GIRLS | | | | |

**21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS.**  *(Specify Sources of Recruitment by Name)*

Internal referrals and recruitment.

**22.**    Applications require various types of documentation.  **Please read PART II of the instructions to assure that appropriate supporting documentation is included with your application.**

**23. EMPLOYER CERTIFICATIONS**

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.*

a.    I have enough funds available to pay the wage or salary offered the alien.

b.    The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c.    The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly or monthly basis.

d.    I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e.    The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f.    The job opportunity is not:

(1)    Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

(2)    At issue in a labor dispute involving a work stoppage.

g.    The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h.    The job opportunity has been and is clearly open to any qualified U.S. worker.

**24. DECLARATIONS**

DECLARATION OF EMPLOYER    ➤    *Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.*

| SIGNATURE  *Jim D'Angelo* | DATE  3/31/01 |
|---|---|
| NAME   *(Type or Print)*  Jim D'Angelo | TITLE  District Manager |

AUTHORIZATION OF AGENT OF EMPLOYER    ➤    *I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.*

| SIGNATURE OF EMPLOYER | DATE  (16) |
|---|---|
| NAME OF AGENT   *(Type or Print)*  Donald E. Puchalski | ADDRESS OF AGENT *(Number, Street, City, State, ZIP Code)*  Law Offices of Donald E. Puchalski  111 West WAshington St.   Suite 751  Chicago, IL 60602 |

AR00030

## PART B. STATEMENT OF QUALIFICATIONS OF ALIEN

FOR ADVICE CONCERNING REQUIREMENTS FOR ALIEN EMPLOYMENT CERTIFICATION: *If alien is in the U.S., contact nearest office of Immigration and Naturalization Service. If alien is outside U.S., contact nearest U.S. Consulate.*

**IMPORTANT: READ ATTACHED INSTRUCTIONS BEFORE COMPLETING THIS FORM.**

*Print legibly in ink or use a typewriter. If you need space to fully answer any questions on this form, use a separate sheet. Identify each answer with the number of the corresponding question. Sign and date each sheet.*

| 1. Name of Alien *(Family name in capital letters)* | First Name | Middle Name | Maiden Name |
|---|---|---|---|
| MELCHOR QUINTERO Saul | | | |

| 2. Present Address *(No., Street, City or Town, State or Province and ZIP Code)* | Country | 3. Type of Visa *(If in U.S.)* |
|---|---|---|
| 5559 North Magnolia Avenue, Chicago, IL 60640 | USA | EWI |

| 4. Alien's Birthdate *(Month, Day, Year)* | 5. Birthplace *(City or Town, State or Province)* | Country | 6. Present Nationality or Citizenship *(Country)* |
|---|---|---|---|
| 3-22-72 | Michoacan | Mexico | Mexico |

7. Address in United States Where Alien Will Reside

same as above

| 8. Name and Address of Prospective Employer if Alien has job offer in U.S. | 9. Occupation in which Alien is Seeking Work |
|---|---|
| Malnati Organization, Inc., d/b/a Lou Malnati's 3685 Woodhead Drive Northbrook, IL 60062, USA | Kitchen supervisor |

10. "X" the appropriate box below and furnish the information required for the box marked

| | | City in Foreign Country | Foreign Country |
|---|---|---|---|
| a. ☐ | Alien will apply for a visa abroad at the American Consulate in | | |
| b. ☒ | Alien is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization Service at | City Chicago | State IL |

| 11. Names and Addresses of Schools, Colleges and Universities Attended *(Include trade or vocational training facilities)* | Field of Study | FROM | | TO | | Degrees or Certificates Received |
|---|---|---|---|---|---|---|
| | | Month | Year | Month | Year | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## SPECIAL QUALIFICATIONS AND SKILLS

12. Additional Qualifications and Skills Alien Possesses and Proficiency in the use of Tools, Machines or Equipment Which Would Help Establish if Alien Meets Requirements for Occupation in Item 9.

N/A

13. List Licenses *(Professional, journeyman, etc.)*

N/A

14. List Documents Attached Which are Submitted as Evidence that Alien Possesses the Education, Training, Experience, and Abilities Represented

N/A

| Endorsements | DATE REC. DOL |
|---|---|
| *(Make no entry in this section — FOR Government Agency USE ONLY)* | O.T. & C.    27 |

*(Items continued on next page)*

15

**15. WORK EXPERIENCE.** List all jobs held during past three (3) years. Also, list any other jobs related to the occupation for which the alien is seeking certification as indicated in item 9.

**a. NAME AND ADDRESS OF EMPLOYER**
Lou Malnati's
3685 Woodhead Drive
Northbrook, IL 60062, USA

| NAME OF JOB | DATE STARTED Month / Year | DATE LEFT Month / Year | KIND OF BUSINESS |
|---|---|---|---|
| Kitchen supervisor | 9 / 97 | Present | restaurant |

| DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT | NO. OF HOURS PER WEEK |
|---|---|
| | 40 |

Directs and manages kitchen staff in Italian restaurant. Responsible for cooks, pizza makers, line cooks preparation staff and kitchen workers. Responsible for food preparation, orders and quality control. Trains workers and assigns job tasks.

**b. NAME AND ADDRESS OF EMPLOYER**

Lou Malnati's, 346 Anthony Trail, Northbrook, IL 60062

| NAME OF JOB | DATE STARTED Month / Year | DATE LEFT Month / Year | KIND OF BUSINESS |
|---|---|---|---|
| Cook | 5 / 93 | 9 / 97 | restaurant |

| DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT | NO. OF HOURS PER WEEK |
|---|---|
| | 40 |

Prepared various Italian food dishes for receipes such as appetizers, soups, salads, entrees, vegetables, meats and desserts.

**c. NAME AND ADDRESS OF EMPLOYER**

| NAME OF JOB | DATE STARTED Month / Year | DATE LEFT Month / Year | KIND OF BUSINESS |
|---|---|---|---|
| | | | |

| DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT | NO. OF HOURS PER WEEK |
|---|---|
| | |

**16. DECLARATIONS**

DECLARATION OF ALIEN ➤ Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.

| SIGNATURE OF ALIEN | DATE |
|---|---|
| X SAUL MELCHOR QUINTERO | 4-19-01 |

AUTHORIZATION OF AGENT OF ALIEN ➤ I hereby designate the agent below to represent me for the purpose of labor certification and I take full responsibility for accuracy of any representations made by my agent.

| SIGNATURE OF ALIEN | DATE |
|---|---|
| | |

| NAME OF AGENT (Type or Print) | ADDRESS OF AGENT (No., Street, City, State, ZIP Code) |
|---|---|
| Donald E. Puchalski | Law Offices of Donald E. Puchalski 111 West Washington St.  Suite 751 Chicago, IL 60602 |

AR00032

15. WORK EXPERIENCE.    *List all jobs held during past three (3) years.  Also, list any other jobs related to the occupation for which the alien is seeking certification as indicated in item 9.*

**a. NAME AND ADDRESS OF EMPLOYER**
Lou Malnati's
3685 Woodhead Drive
Northbrook, IL 60062, USA

| NAME OF JOB | DATE STARTED Month | Year | DATE LEFT Month | Year | KIND OF BUSINESS |
|---|---|---|---|---|---|
| Kitchen supervisor | 9 | 97 | Present | | restaurant |

| DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT | NO. OF HOURS PER WEEK 40 |
|---|---|

Directs and manages kitchen staff in Italian restaurant.  Responsible for cooks, pizza makers, line cooks preparation staff and kitchen workers.  Responsible for food preparation, orders and quality control.  Trains workers and assigns job tasks.

**b. NAME AND ADDRESS OF EMPLOYER**

Lou Malnati's, 346 Anthony Trail, Northbrook, IL  60062

| NAME OF JOB | DATE STARTED Month | Year | DATE LEFT Month | Year | KIND OF BUSINESS |
|---|---|---|---|---|---|
| Cook | 5 | 93 | 9 | 97 | restaurant |

| DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT | NO. OF HOURS PER WEEK 40 |
|---|---|

Prepared various Italian food dishes for receipes such as appetizers, soups, salads, entrees, vegetables, meats and desserts.

**c. NAME AND ADDRESS OF EMPLOYER**

| NAME OF JOB | DATE STARTED Month | Year | DATE LEFT Month | Year | KIND OF BUSINESS |
|---|---|---|---|---|---|
| | | | | | |

| DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT | NO. OF HOURS PER WEEK |
|---|---|

### 16. DECLARATIONS

DECLARATION OF ALIEN ➤    *Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.*

| SIGNATURE OF ALIEN | DATE |
|---|---|
| X   SAUL MELCHOR QUINTERO | 4-19-01 |

AUTHORIZATION OF AGENT OF ALIEN ➤    *I hereby designate the agent below to represent me for the purpose of labor certification and I take full responsibility for accuracy of any representations made by my agent.*

| SIGNATURE OF ALIEN | DATE |
|---|---|
| | (28) |

| NAME OF AGENT    (Type or Print) | ADDRESS OF AGENT (No., Street, City, State, ZIP Code) |
|---|---|
| Donald E. Puchalski | Law Offices of Donald E. Puchalski 111 West Washington St.  Suite 751 Chicago, IL 60602 |

*13*

AR00033



## PIZZERIA

Malnati Organization, Inc.
346 Anthony Trail
Northbrook, IL 60062
847-562-1814
847-562-1950 Fax
www.loumalnatis.com

**Restaurants**

Lincolnwood
847-673-0800

Elk Grove
847-439-2000

Schaumburg
847-985-1525

Chicago - River North
312-828-9800

Buffalo Grove
847-215-7100

Naperville
630-717-0700

Chicago - Lawndale
773-762-0800

Chicago - Lincoln Park
773-832-4030

**Carry Out Stores**

Wilmette
847-256-5780

Northbrook
847-291-0250

Mt. Prospect
847-590-1900

Highland Park
847-266-9000

Park Ridge
847-292-2277

Libertyville
847-362-6070

Elmhurst
630-516-0800

Palatine
847-963-0800

Carol Stream
630-668-7200

**Catering and Special Events**
3011 Commercial Ave.
Northbrook, IL 60062
847-562-1918
847-562-1933 Fax

**Priority Pizza**
344 Anthony Trail
Northbrook, IL 60062
1-800-LOU-TO-GO
847-714-1035 Fax
www.loutogo.com

October 20, 2003

Ms. Darlene Robinson
Illinois Department of
    Employment Security
Alien Certification Unit
401 S. State St.    7N
Chicago, IL 60605

Re:          Application for Foreign Labor Cetification
Petitioner:    Malnati Organization, Inc.
Foreign Workers:

| | | | | | |
|---|---|---|---|---|---|
| V-IL 35601 | V-IL 35602 | V-IL 35603 | V-IL 35604 | V-IL 35605 | V-IL 35606 |
| V-IL 35607 | V-IL 35608 | V-IL 35609 | V-IL 35610 | V-IL 35611 | V-IL 35612 |
| V-IL 35613 | V-IL 35614 | V-IL 35615 | V-IL 35616 | V-IL 35617 | V-IL 35618 |
| V-IL 35619 | V-IL 35620 | V-IL 35621 | V-IL 35622 | V-IL 35623 | V-IL 35624 |
| V-IL 35626 | V-IL 35627 | V-IL 35628 | | | |

Dear Ms. Robinson

   I am the District Manager for Malnati Organization, Inc. d/b/a Lou Malnati's. Lou Malnati's presently has 21 locations in the Chicago Area. Therefore as to item 5 the address of where each alien will be varies as we transfer our staff as needed on a regular basis. Therefore it is not possible to predict the work sites at the time the application was filed.

   It is a business necessity for our managers to speak, read and write Spanish language. Our kitchen and support staff is 90% Spanish speaking. We also have a substantial number of customers who are Spanish speaking. If our supervisors or managers did not speak, read and write the Spanish language we would lose substantial revenues.

   Should you have any questions or comments, please feel free to call.

Sincerely,

Jim D'Angelo
District Manager

29

EXHIBIT
3

14

AR00034

LAW OFFICES OF
# DONALD E. PUCHALSKI



Donald E. Puchalski

Suite 751
111 West Washington Street
Chicago, Illinois 60602

(312) 332-4428
(312) 726-4522 (Fax)

Of Counsel
Richard Puchalski
Richard Reimer
Barry Ketter
Robert Reardon

January 9, 2004

Ms. Shella Lindsey
Illinois Department of
   Employment Security
Alien Certification Unit
401 S. State St.    7N
Chicago, IL  60605

*Hand Delivered*

Re:          Application for Foreign Labor Cetification
Petitioner:  Malnati Organization, Inc./ Lou Malnati's
Foreign Workers:

| | | | | | |
|---|---|---|---|---|---|
| V-IL 35601 | V-IL 35602 | V-IL 35603 | V-IL 35604 | V-IL 35605 | V-IL 35606 |
| V-IL 35607 | V-IL 35608 | V-IL 35609 | V-IL 35610 | V-IL 35611 | V-IL 35612 |
| V-IL 35613 | V-IL 35614 | V-IL 35615 | V-IL 35616 | V-IL 35617 | V-IL 35618 |
| V-IL 35619 | V-IL 35620 | V-IL 35621 | V-IL 35622 | V-IL 35623 | V-IL 35624 |
| V-IL 35626 | V-IL 35627 | V-IL 35628 | | | |

Dear Ms. Lindsey,

I represent the above named petitioner and beneficiaries.  Enclosed please find in
duplicate for each file:

1. Chicago Tribune advertisement, which ran November 6, 2003.
2. Job notice posted on the petitioner's premises where notices are customarily
   posted.  The notice was posted from November 6 to November 25, 2003.  There
   was no response to the job notice posting.
3. Affidavit of Mr. James D'Angelo the contact representative in this case.  Mr.
   D'Angelo is also an officer of the petitioner.

There were no responses to the job notice or advertisement.  No individual applied for
the job offered.  Should you have any questions or comments, please feel free to call.

Sincerely,

Donald E. Puchalski

DEP:naa
Enclosures



EXHIBIT

4

*15*

AR00035

UNITED STATES DEPARTMENT OF LABOR
EMPLOYMENT AND TRAINING ADMINISTRATION

IN RE:                              )
                                    )
                                    )
MALNATI ORGANIZATION, INC.          )
                                    )
        Petitioner,                 )
                                    )
    and                             )
                                    )
                                    )
NOE ALMARAZ                         )
ROBERTO ALVAREZ                     )
ADAN BERUMEN                        )
JESUS GROSTIETA                     )
MOISES GURROLA                      )
MIGUEL GUTIERREZ                    )
JOSE HERNANDEZ                      )
VALENTIN HERNANDEZ                  )
GILBERTO LEON                       )
FELIPE MEDINA                       )
SAUL MELCHOR-QUINTERO               )
JOSE MONTALVO                       )
GERARDO MUÑOZ                       )
ALEJANDRO RAMIREZ                   )
AMINABAD REYES                      )
ALFREDO ROBLEDO                     )
JOSE ROBLEDO                        )
CENOBIO RUEDA-ROMERO                )
LUIS RUEDA                          )
JESUS RUIZ                          )
ALEJANDRO SANCHEZ                   )
ARTURO SANCHEZ                      )
GABRIEL SANCHEZ                     )
GERARDO SANCHEZ                     )
JUAN SOLIS                          )
RAMIRO SOLIS                        )
RAUL SOLIS                          )
                                    )
        Beneficiaries.              )

### AFFIDAVIT OF JIM D'ANGELO

I, JIM D'ANGELO, being first duly sworn upon oath deposes and

states as follows:

1   *16*

31

AR00036

1.   This Affidavit is made in support of the application for alien labor certification filed by MALNATI ORGANIZATION, INC. on behalf of NOE ALMARAZ, ROBERTO ALVAREZ, ADAN BERUMEN, JESUS GROSTIETA, MOISES GURROLA, MIGUEL GUTIERREZ, JOSE HERNANDEZ, VALENTIN HERNANDEZ, GILBERTO LEON, FELIPE MEDINA, SAUL MELCHOR-QUINTERO, JOSE MONTALVO, GERARDO MUÑOZ, ALEJANDRO RAMIREZ, AMINABAD REYES, ALFREDO ROBLEDO, JOSE ROBLEDO, CENOBIO RUEDA-ROMERO, LUIS RUEDA, JESUS RUIZ, ALEJANDRO SANCHEZ, ARTURO SANCHEZ, GABRIEL SANCHEZ, GERARDO SANCHEZ, JUAN SOLIS, RAMIRO SOLIS, and RAUL SOLIS.

2.   That the matters stated herein are true and correct.

3.   That the matters stated herein are based upon personal knowledge.

4.   That if sworn as a witness I would competently testify to the matters stated herein.

5.   That I am the District Manager and am authorized to make and execute this affidavit on behalf of MALNATI ORGANIZATION, INC.

6.   That the job notice was posted on the premises of MALNATI ORGANIZATION, INC. in an open location where notices are customarily posted.   The job notice was posted for 10 business days.

7.   There were no responses to the job notice posting.

8.   No individual contacted me or applied for the job offered.   I received no letters, resumes or employment applications.  Since no one applied for the job offered no one was interviewed.

AR00037

9.    There were no other individuals who applied for the job offered.

                                    FURTHER AFFIANT SAYETH NOT


                                    _Jim D'Angelo_____
                                    JIM D'ANGELO


SUBSCRIBED  and  SWORN  to
before me this ___26___ day
of __NOV_____ 2003

_____
NOTARY PUBLIC

| OFFICIAL SEAL |
| EDWARD R LIS |
| NOTARY PUBLIC STATE OF ILLINOIS |
| MY COMMISSION EXP. DEC. 9,2003 |

3   *18*

## NOTICE

Pursuant to Section 20 C.F.R. 656.20, you are hereby notified that an application for Alien Employment Certification has been filed for the following position:

Kitchen Supervisor – (27 openings) Directs and manages kitchen staff in Italian restaurant. Responsible for cooks, pizza makers, line cooks, preparation staff and kitchen workers. Responsible for food preparation, orders and quality control. Trains workers and assigns job tasks. 40 hours per week. 9:00 a.m. to 5:00 p.m., 5:00 p.m. to 1:00 a.m., 8:00 a.m. to 4:00 p.m. or 4:00 p.m. to 12:00. $673.00 per week. Two years of experience as a Kitchen Supervisor or two years of experience as a Pizza maker / cook. Must speak, read and write the Spanish language. Must show proof of legal authority to work in the U.S.

Any applicant who is interested in this position may apply to the following individual for consideration:

### Jim D'Angelo

Any individual may provide documentary evidence bearing this application, with information on available workers and information on wages and working conditions, to the local State Employment Service or Regional Certifying Officer, U.S. Department of Labor, whose names are as follows:

Local Office:

Attention:
Illinois Department of Employment Security
ALIEN CERTIFICATION UNIT - 7N
401 South State Street
Chicago, Illinois 60605

Regional Certifying Officer:

RegionalCertifying Officer
U.S. Department of Labor
Employment & Training Administration
230 South Dearborn Street
Chicago, Illinois 60604

This notice is being posted for ten working days as required.

DATE POSTED:                 *November 6, 2003*

DATE POSTING TAKEN OFF:     *November 25, 2003*

*James C. D'Angelo*
SIGNATURE

34

*19*

NOVEMBER 6, 2003 · THURSDAY

# CITY CLASSIFIED

C    SECTION 6A    CHICAGO TRIBUNE

## HELP WANTED










AR00040

LAW OFFICES OF
# DONALD E. PUCHALSKI, P.C.

Donald E. Puchalski

Legal Assistants
Noemi A. Archibold
Paulina K. Palaszewska

Suite 751
111 West Washington Street
Chicago, Illinois 60602
**(312) 332-4428**
**(312) 726-4522 (Fax)**

Of Counsel
Richard J. Puchalski
Richard J. Reimer
Barry A. Ketter

June 29, 2006

U.S. Department of Labor
Employment and Training
  Administration
Dallas Backlog Elimination Center
700 North Pearl St.
Suite N 400
Dallas, TX 745201

| | |
|---|---|
| RE: | Notice of Findings |
| Petitioner: | Lou Malnati's |
| Beneficiary: | Saul MELCHOR QUINTERO |
| ETA Case Number: | D-05056-51066 |

Dear Sir or Madam,

I represent the above petitioner and beneficiary in the above case. On May 19, 2006 I responded to the notice of findings. In that letter I responded to the NOF and requested additional time to respond as we had placed the requested three (3) days advertisement.

Enclosed please find in duplicate:

1. Chicago Tribune advertisement, which ran May 16, 17, and 18, 2006
2. Job notice posted on the petitioner's premises for over ten (10) business days. The notice was posted on an open location where notices are customarily posted. There was no response to the job notice posting.
3. Resume of applicant who applied for the job offered.
4. Letter as to recruitment.
5. Business necessity letter.

The individual who applied for the job offered declined the position. He indicated he did not like working in the kitchen. This individual also could not speak, read or write the Spanish language. For these reasons the applicant was not qualified for the job offered.

Should you have any questions or comments please contact the undersigned.

Sincerely,

Donald E. Puchalski

DEP: naa
Enclosures

21



**EXHIBIT**

5

AR00041

CHICAGO TRIBUNE   SECTION 6   NRW

NEAR WEST SUBURBAN CLASSIFIED

TUESDAY   MAY 16, 2006

HELP WANTED

HOUSEHOLD HELP

CHILD CARE OFFERED

CHILD CARE NEEDED

HELP WANTED PART TIME

★ DRIVERS ★

TRANSPORTATION

PART TIME WORK

GARAGE/MOVING/ESTATE SALES

GARAGE SALES

DOGS

CHICAGO TRIBUNE    SECTION 6    NRW    NEAR WEST SUBURBAN CLASSIFIED    WEDNESDAY    MAY 17, 2006

24

**HELP WANTED**

**HELP WANTED**

**GARAGE/MOVING/ESTATE SALES**

**DOGS**

**FINANCIAL SERVICES**

## MORTGAGE COMPANY
### OWN YOUR OWN
No License Needed!
Nation's Largest, Train,
Support with
Wholesale Lenders. Call for
FREE DVD & INFO PKG.
**800-367-4152**

16 BP GASOLINE
STATIONS WITH
BP CONNECT
FRANCHISE
STORES

BONUS

COVERALL

BUY
BUY
BLUES!

Chicago Tribune Classified






Malnati Organization, Inc.
3685 Woodhead Drive
Northbrook, IL 60062
847.562.1814 t
847.562.1950 f
www.loumalnatis.com

Tastes of Chicago by Lou Malnati's
847.714.1020 t
847.714.1035 f
www.loutogo.com

Catering and Special Events
847.562.1918 t
847.562.1933 f
www.louscatering.com

Restaurants
Buffalo Grove
Chicago-Lawndale
Chicago-Lincoln Park
Chicago-River North
Elk Grove
Evanston
Lincolnwood
Naperville
Schaumburg

Carry Out Stores
Bloomingdale
Carol Stream/Wheaton
Elmhurst
Grayslake/Gurnee
Highland Park
Libertyville
Mount Prospect
Naperville
Northbrook
Palatine
Park Ridge
Schaumburg
Western Springs
Wilmette

June 2, 2006

Mr. Donald E. Puchalski
Suite 751
111 Wst Washington Street
Chicago, Illinois 60602

Dear Mr. Puchalski,

Enclosed please find the job posting that was posted in our office for 14 business days. We had one response to the Chicago Tribune want ad. Resume for David Valente is enclosed. I have also enclosed the interview evaluation form for this David.

During his phone interview and again in person David stated numerous times that he did not like working in the kitchen. David also stated in his in person interview that he did not speak, read, write or understand Spanish. David was not hired for the position of Kitchen Supervisor because that job requires someone to like working in the kitchen and someone who is fluent I Spanish.

Should you have any questions, please feel free to call.

Thank you,

Gabriella B. Streicher
Director of Human Resources

25

AR00045

## NOTICE

Pursuant to Section 20 C.F.R. 656.20, you are hereby notified that an application for Alien Employment Certification has been filed for the following position:

Kitchen Supervisor – (27 openings) Directs and manages kitchen staff in Italian restaurant. Responsible for cooks, pizza makers, line cooks, preparation staff and kitchen workers. Responsible for food preparation, orders and quality control.  Trains workers and assigns job tasks. 40 hours per week.  9:00 a.m. to 5:00 p.m., 5:00 p.m. to 1:00 a.m., 8:00 a.m. to 4:00 p.m. or 4:00 p.m. to 12:00.  $673.00 per week.  Two years of experience as a Kitchen Supervisor or two years of experience as a Pizza maker / cook.  Must speak, read and write the Spanish language.  Must show proof of legal authority to work in the U.S.

Any applicant who is interested in this position may apply to the following individual for consideration:

**Jim D'Angelo**

Any individual may provide documentary evidence bearing this application, with information on available workers and information on wages and working conditions, to the local State Employment Service or Regional Certifying Officer, U.S. Department of Labor, whose names are as follows:

Local Office:                     Attention:
                                  Illinois Department of Employment Security
                                  ALIEN CERTIFICATION UNIT – 8th Fl.
                                  33 South State Street
                                  Chicago, Illinois  60603

Regional Certifying Officer:
                                  RegionalCertifying Officer
                                  U.S. Department of Labor
                                  Employment & Training Administration
                                  844 N. Rush Street – 12th Floor
                                  Chicago, Illinois 60611

This notice is being posted for ten working days as required.

DATE POSTED:                          5.16.06

DATE POSTING TAKEN OFF:               6.2.06

_James C. D'Angelo_
SIGNATURE

26

41

AR00046

## Interview Evaluation Form

**Applicant name:** David John Valente

**Interviewer(s):** John D'Angelo & Gabriella Streicher    **Signature(s):** _[signatures]_

**Position title:** Kitchen Supervisor    **Date:** 5.23-06

Purpose: This evaluation form is to standardize the recording of information collected during an interview and assist in evaluating and comparing different applicants when interviews are completed. Interviewers are encouraged to use the "comments" section to support each applicant's rating. This form is to be completed during and/or immediately following the interview. Lou Malnati's is an equal employment employer.

*Rating Key – EX: EXCELLENT; GD: GOOD; AVG: AVERAGE; UN: UNSATISFACTORY*

| Criteria | Comments: (Be very specific; support your rating) | EX | GD | AVG | UN |
|---|---|---|---|---|---|
| Experience (as it relates to the position) | Cooking skills / exp. in running kitchen / none Spanish writing, reads or speaking | | | | X |
| Education / Training (relevant to position) | Some pizza making exp - not deep dish - used rotating oven so not comparable | | | | X |
| Skills (consistent with those required to perform the duties of the position) | has worked in kitchen - owned own deli - has supervisor exp. | | | X | |
| Communication skills | Not able to speak Spanish !! | | | | X |
| Interest in and knowledge of the position and the Company | None - Kept talking about wanting to work on the floor and not in the kitchen. Said did his 10 yrs in kitchen and did not want it anymore. | | | | X |
| Presentation (promptness, neatness of application/resume, appearance) | 15 minutes late / Neat appearance | | | X | |
| Problem solving skills | Brought dead fish out to customer to prove to her it was fresh - said she almost threw up. | | | | X |
| Work ethic /Integrity | Said did not want to work in kitchen because it is too hard of work. | | | | X |
| Initiative / Enthusiasm | Said numerous times did not want to work in the kitchen | | | | X |
| Other job related criteria (specify) | | | | | |
| Days & hours available to work | | | | | |

27

AR00047

42

David Valente
6330 Pine Ridge Dr
Tinley Pk., Ill. 60477
phone # 708 614 1528

Jim D'Angelo
3685 Woodhead Dr.
Northbrook, Ill. 60062

Mr. D'Angelo ;

    In response to your ad for a kitchen supervisor ; I have all the qualifications you seek except I am not fluid in Spanish but only possess a " kitchen level" knowledge of the language.

                David Valente

28

43
AR00048

# David John Valente
6330 Pine Crest Drive
Tinley Park, Illinois 60477
(708) 614-1528

## Summary of Highlights

- Excellent verbal communication skills.
- Highly organized and detail oriented.
- Ability to prioritize and meet necessary deadlines.
- Supervisory experience.
- Full time and Substitute teaching experience.

## Work Experience

**Larry Bird's Boston Connection**     Terre Haute, Indiana     1992 - 2002
*Head Chef/Maitre D'*

- Responsible for the "MVP Club" private dining area.
- Responsible for the requisition of all food supplies.
- Supervised a staff of twelve (12) people.
- Promoted from an hourly employee to a salary paid employee.
- Wlling campaign worker for various politicians.
- A problem solver and experienced negotiator.

**Bistro 110**     Chicago, Illinois     1988 - 1992
*Sous /Sautee chef*

- Responsible for expediting a line serving over 1,000 meals a day.
- Promoted from saute cook to sous chef.

**Queen of Peace High School**     Burbank, Illinois     1981 - 1987
*Math Teacher*

- Taught Alegebra and Geometry to secondary students.

## Education

***Mendel CHS***
Chicago, Illinois
High School Diploma

***Southern Illinois University***
Carbondale, Illinois
Bachelor of Arts Degree.

Most recently I was teaching Math at Main Prep School in Chicago.

29

44

AR00049

JUL-13-2006  10:41AM  FROM-MALNATI ORGANIZATION                18475621950              T-919  P.002/003  F-959


PIZZERIA

Malnati Organization, Inc.
3685 Woodhead Drive
Northbrook, IL 60062
847.562.1814 t
847.562.1950 f
www.loumalnatis.com

Tastes of Chicago by Lou Malnati's
847.714.1020 t
847.714.1035 f
www.loutogo.com

Catering and Special Events
847.562.1918 t
847.562.1933 f
www.louscatering.com

Restaurants
Buffalo Grove
Chicago-Lawndale
Chicago-Lincoln Park
Chicago-River North
Elk Grove
Evanston
Lincolnwood
Naperville
Schaumburg

Carry Out Stores
Bloomingdale
Carol Stream/Wheaton
Elmhurst
Grayslake/Gurnee
Highland Park
Libertyville
Mount Prospect
Naperville
Northbrook
Palatine
Park Ridge
Schaumburg
Western Springs
Wilmette

July 11, 2006

Noemi A. Archibold
111 West Washington Street
Suite 751
Chicago, Illinois 60602

Dear Ms. Archibold,

Below are answers to the questions you requested from Jim
D'Angelo in your e-mail of July 2, 2006.
1. What is the total number of kitchen staff you have and what
   percentage of those cannot communicate in English?
   a. 500 kitchen employees
   b. 80% cannot communicate in English
2. What percentage of the business is dependent upon the
   ability to speak the Spanish language?
   a. Can be 100% ~ We are in the restaurant business.  If
      our Managers are unable to communicate with the
      kitchen staff we will be unable to serve food to our
      customers.
3. What percentage of time does the worker use the Spanish
   language?
   a. 50% (Approximately 50% of their time is spent in the
      kitchen).
4. How did employee deal with non-English speaking clients
   {employees} in the past and how are you currently handling
   this?
   a. We try to have someone who is bi-lingual in the store.
5. The factual basis upon which the foreign language is
   required in this business.
   a. The primary language of our kitchen staff is Spanish.
      Our Managers need to be able to communicate with
      kitchen workers in order to train, discipline, review
      and develop them.  It is also necessary for Managers
      to communicate with kitchen workers in order to
      instruct them as to what to do, what to make, how to
      make it.
6. A list of all employees hired in the last year who spoke only
   Spanish.
   a. Unable to answer.

*30*

YS

AR00050

JUL-13-2006  10:41AM    FROM-MALNATI ORGANIZATION            18475621850        T-818  P.003/003  F-959

7. The quarter payroll and tax records naming the employees
   who only speak Spanish.
   a.  Unable to answer.

Please contact me with any questions or concerns.

Thank you,

Gabriella B. Streicher
Director of Human Resources
847-562-1814 x4909

31

46

AR00051

art # 1512117-435 PIT 200

Deliver By TUE
17APR07

PRIORITY OVERNIGHT

FedEx

emp# 567521  16APR07

TRK# 8568 9282 1567

FORM
0216

75201                    -TX -US

AD RBDA

DFW

FedEx® US Airbill
Express

FedEx
Tracking
Number   8568 9282 1567

**1 From** This portion can be removed for Recipient's records.

Date

Sender's
Name                                      Phone

Company

Address

City                          State            ZIP

**2 Your Internal Billing Reference**

**3 To**

Recipient's
Name                                      Phone

Company

Recipient's
Address

To request a package be held at a specific FedEx location, print FedEx address here.

Address

City                          State            ZIP

**4a Express Package**
☐ FedEx Priority
☐ FedEx 2Day

**4b Express Freight**

**5 Packaging**
☐ FedEx Envelope

**6 Special Handling**
☐ SATURDAY Delivery

☐ No      ☐ Yes

**7 Payment** Bill to
☐ Sender

Total Packages

**8 NEW Residential**

☐ No Signature Required
☐ Direct Signature Required
☐ Indirect Signature

8568 9282 1567

RECIPIENT PEEL HERE

51 9

47

AR00052

**U.S. Department of Labor**    **Employment and Training Administration**
Dallas Backlog Elimination Center
700 North Pearl St.
Suite N 400
Dallas, TX 75201



### FINAL DETERMINATION

March 16, 2007

JIM D'ANGELO
c/o LOU MALNATI'S
3685 WOODHEAD DRIVE
NORTHBROOK, IL 60062

ETA Case Number:  D-05056-51066

Aliens Name:  SAUL MELCHOR-QUINTERO
Occupation:  KITCHEN SUPERVISOR,
319137030

Date of Acceptance for
Processing:  April 25, 2001

The Department of Labor has made a determination on your Application for Alien Employment Certification pursuant to 20 CFR, Part 656, and as required by the Immigration and Nationality Act, as amended.

Form ETA 750 **has not been certified and is being returned.** A certification cannot be issued as required by Section 212(a) (14) of the Immigration and Nationality Act, as amended, on the basis of information available. See attachment for details.

Request for review of a denial of certification may be made by the employer, and by the alien if the employer also requests such a review in accordance with 20CFR 656.26. A request for review of a denial may only be made in writing addressed to the Chief Administrative Law Judge, Department of Labor, and submitted by certified mail to the certifying officer who denied certification within 35 days of the date of this denial for transmittal and shall: (1) Clearly identify the particular certification determination for which review is sought; (2) set forth the particular grounds on which the request is based; and, (3) include all documents which accompanied the denial of certification. If a request for review is not made within the specified time, the denial shall become the final determination of the Secretary. Failure to file a request for review in a timely manner shall constitute a failure to exhaust available administrative remedies.

A new application in the same occupation may not be filed for 6 months from the date of denial of certification, except if the certification is denied solely because the wage or salary was below the prevailing wage, the employer may reapply immediately.

Sincerely,


Jenny Elser
Certifying Officer

CC: LOU MALNATI'S

Attachments: Detail of Findings, Form ETA 750/Parts A and B

*33*

*48*

AR00053

## DETAIL OF FINDINGS

A Notice of Findings was issued on April 19, 2006 for case D-05056-51066, Lou Malnati's. The employers rebuttal was mailed on May 19, 2006 and received in this office on May 22, 2006.

The Notice of Findings dealt with deficiencies in this case as cited below:

**656.20(c)** Job offers filed on behalf of aliens on the Application for Alien Employment Certification for must clearly show that:

**656.20(c)(8)** The job opportunity has been and is clearly open to any qualified U.S. worker.

**656.21(b)(2)** The employer shall document that the job opportunity has been and is being described without unduly restrictive job requirements:

**656.21(b)(2)(i)** The job opportunity's requirements, unless adequately documented as arising from business necessity:

**656.21(b)(2)(i)(A)** Shall be those normally required for the job in the United States.

**656.21(b)(2)(i)(B)** Shall be those defined for the job in the *Dictionary of Occupational Titles (D.O.T.)* including those for subclasses of jobs.

**656.21(b)(2)(i)(C)** Shall not include requirements for a language other than English.

**656.21(b)(2)(i)(C)(ii)** If the job opportunity involves a combination of duties, for example engineer-pilot, the employer must document that it has normally employed persons for that combination of duties and/or workers customarily perform the combination of duties in the area of intended employment, and or the combination job opportunity is based on a business necessity.

**656.21(b)(2)(i)(C)(iii)** If the job opportunity involves a requirement that the worker live on the employers premises, the employer shall document adequately that the requirement is a business necessity.

**656.21(b)(2)(i)(C)(iv)** If the job opportunity has been or is being described with an employer preference, the employer preference shall be deemed to be a job requirement for purposes of this paragraph (b)(2).

The employer had not provided documentation justifying their Spanish language requirement.

The employer was notified via the Notice of Findings that they could rebut this finding by providing justification for the Spanish language requirement and that the evidence must establish that:

A. A significant share of your business is conducted in the foreign language. For example, the foreign language is spoken or preferred by a significant portion of your clientele; or the foreign language is required by business expansion plans; or the foreign language is required because it is the principal language of your other employees.

A. The absence of the foreign language would put the business at a competitive disadvantage.

B. The employees duties require him or her to communicate or read in the foreign language.

C. The need for foreign language skills cannot be met by other methods, such as using translation services or the language skills of another employee.

At a minimum, your rebuttal must include answers to the following questions:

*34*

*49*

A. The total number of clients/workforce/suppliers served, and the percentage of those people who cannot communicate in English.

B. The percentage of business that is dependent upon the language.

C. The percentage of time the worker would use the language.

D. How employer has dealt with non-English speaking clients/workforce/suppliers in the past and/or is currently handling this segment of business.

E. If you are claiming that the foreign language is required by business expansion plans, your must provide evidence that your company had a market research study and business expansion plan in place at the time of filing the application. The plan must clearly demonstrate the factual basis upon which your business expansion plan is based.

The employers rebuttal did not address this issue.

**656.21(g)** In conjunction with the recruitment efforts under paragraph (f) of this section, the employer shall place an advertisement for the job opportunity in a newspaper of general circulation or in a professional, trade, or ethnic publication, whichever is appropriate to the occupation and most likely to bring responses from able, willing, qualified, and available U.S. workers.

**656.21(g)(9)** If published in a newspaper of general circulation, be published for at least three consecutive days; or if published in a professional, trade, or ethnic publication, be published in the next published edition.

The employer had not provided proof that the advertisement that was placed had run for three (3) consecutive days as instructed during the initial time of recruitment.

The employer was notified via the Notice of Findings that they could rebut these findings by providing proof that the advertisement had run three (3) consecutive days during the initial time of recruitment.

In response to the Notice of Findings the employer failed to provide any such proof and insisted that the SWA had allowed them run only one (1) advertisement since the employer had twenty-seven (27) open positions, when in fact the SWA had stated that the employer may run one (1) for all open positions but the advertisement was still to run for three (3) consecutive days. The employer also submitted advertisements that were run from May 16-18, 2006, although this option was not given as an available remedy.

The evidence submitted is insufficient to rebut the deficiencies outlined in the Notice of Findings. Consequently the Application for Alien Employment Certification is denied.

35

LAW OFFICES OF
# DONALD E. PUCHALSKI, P.C.



| | | |
|---|---|---|
| Donald E. Puchalski | Suite 751 | Of Counsel |
| | 111 West Washington Street | Richard J. Puchalski |
| Legal Assistants | Chicago, Illinois 60602 | Richard J. Reimer |
| Noemi A. Archibold | | Barry A. Ketter |
| Paulina K. Palaszewska | (312) 332-4428 | |
| | (312) 726-4522 (Fax) | |

June 29, 2006

U.S. Department of Labor
Employment and Training
    Administration
Dallas Backlog Elimination Center
700 North Pearl St.
Suite N 400
Dallas, TX 745201

RE:              Notice of Findings
Petitioner:      Lou Malnati's
Beneficiary:     Saul MELCHOR QUINTERO
ETA Case Number:  D-05056-51066

Dear Sir or Madam,

    I represent the above petitioner and beneficiary in the above case.  On May 19, 2006 I
responded to the notice of findings.  In that letter I responded to the NOF and requested additional
time to respond as we had placed the requested three (3) days advertisement.

    Enclosed please find in duplicate:

1. <u>Chicago Tribune</u> advertisement, which ran May 16, 17, and 18, 2006
2. Job notice posted on the petitioner's premises for over ten (10) business days.  The
   notice was posted on an open location where notices are customarily posted.  There
   was no response to the job notice posting.
3. Resume of applicant who applied for the job offered.
4. Letter as to recruitment.
5. Business necessity letter.

    The individual who applied for the job offered declined the position.  He indicated he did
not like working in the kitchen.  This individual also could not speak, read or write the Spanish
language.  For these reasons the applicant was not qualified for the job offered.

    Should you have any questions or comments please contact the undersigned.

                    Sincerely,

                    Donald E. Puchalski

DEP: naa
Enclosures

RECEIVED
JUL 14 2006
DBEC–Dallas

Donna
Azarang 36

51
AR00056

CHICAGO TRIBUNE    SECTION 6    NRW    NEAR WEST SUBURBAN CLASSIFIED    TUESDAY, MAY 16, 2006

HELP WANTED | HOUSEHOLD HELP | Merchandise & Pets | DOGS | GARAGE/MOVING/ESTATE SALES

WEDNESDAY   MAY 17, 2006

24   CHICAGO TRIBUNE   SECTION 6   NRW

# NEAR WEST SUBURBAN CLASSIFIED

HELP WANTED

GARAGE/MOVING/ESTATE SALES

DOGS

Merchandise & Pets

MORTGAGE COMPANY
OWN YOUR OWN!
No License Needed!
Nation's largest Trailr,
Support with
Wholesale Lenders. Call for
FREE DVD & INFO PKG.
800-367-4152

BONUS

COVERALL

BUY   BLUES!

16 BP GASOLINE
STATIONS WITH
BP CONNECT
FRANCHISE
STORES

FINANCIAL SERVICES

312-222-2222

AR00058



IAR00059

54



Malnati Organization, Inc.
3685 Woodhead Drive
Northbrook, IL 60062
847.562.1814 t
847.562.1950 f
www.loumalnatis.com

Tastes of Chicago by Lou Malnati's
847.714.1020 t
847.714.1035 f
www.loutogo.com

Catering and Special Events
847.562.1918 t
847.562.1933 f
www.louscatering.com

Restaurants
Buffalo Grove
Chicago-Lawndale
Chicago-Lincoln Park
Chicago-River North
Elk Grove
Evanston
Lincolnwood
Naperville
Schaumburg

Carry Out Stores
Bloomingdale
Carol Stream/Wheaton
Elmhurst
Grayslake/Gurnee
Highland Park
Libertyville
Mount Prospect
Naperville
Northbrook
Palatine
Park Ridge
Schaumburg
Western Springs
Wilmette

June 2, 2006

Mr. Donald E. Puchalski
Suite 751
111 Wst Washington Street
Chicago, Illinois 60602

Dear Mr. Puchalski,

Enclosed please find the job posting that was posted in our office for 14 business days. We had one response to the Chicago Tribune want ad. Resume for David Valente is enclosed. I have also enclosed the interview evaluation form for this David.

During his phone interview and again in person David stated numerous times that he did not like working in the kitchen. David also stated in his in person interview that he did not speak, read, write or understand Spanish. David was not hired for the position of Kitchen Supervisor because that job requires someone to like working in the kitchen and someone who is fluent I Spanish.

Should you have any questions, please feel free to call.

Thank you,

Gabriella B. Streicher
Director of Human Resources

*40*

AR00060

## NOTICE

Pursuant to Section 20 C.F.R. 656.20, you are hereby notified that an application for Alien Employment Certification has been filed for the following position:

Kitchen Supervisor – (27 openings) Directs and manages kitchen staff in Italian restaurant. Responsible for cooks, pizza makers, line cooks, preparation staff and kitchen workers. Responsible for food preparation, orders and quality control. Trains workers and assigns job tasks. 40 hours per week. 9:00 a.m. to 5:00 p.m., 5:00 p.m. to 1:00 a.m., 8:00 a.m. to 4:00 p.m. or 4:00 p.m. to 12:00. $673.00 per week. Two years of experience as a Kitchen Supervisor or two years of experience as a Pizza maker / cook. Must speak, read and write the Spanish language. Must show proof of legal authority to work in the U.S.

Any applicant who is interested in this position may apply to the following individual for consideration:

**Jim D'Angelo**

Any individual may provide documentary evidence bearing this application, with information on available workers and information on wages and working conditions, to the local State Employment Service or Regional Certifying Officer, U.S. Department of Labor, whose names are as follows:

Local Office:                    Attention:
                                 Illinois Department of Employment Security
                                 ALIEN CERTIFICATION UNIT – 8th Fl.
                                 33 South State Street
                                 Chicago, Illinois 60603

Regional Certifying Officer:

                                 RegionalCertifying Officer
                                 U.S. Department of Labor
                                 Employment & Training Administration
                                 844 N. Rush Street – 12th Floor
                                 Chicago, Illinois 60611

This notice is being posted for ten working days as required.

DATE POSTED:                     _5·16·06_____

DATE POSTING TAKEN OFF:          _6·2·06_____

_James C. D'Angelo_____
SIGNATURE

41

56

AR00061

## Interview Evaluation Form

**Applicant name:** David John Valente

**Interviewer(s):** John D'Angelo & Gabrielle Streicher

**Signature(s):** _[signatures]_

**Position title:** Kitchen Supervisor

**Date:** 5-23-06

Purpose: This evaluation form is to standardize the recording of information collected during an interview and assist in evaluating and comparing different applicants when interviews are completed. Interviewers are encouraged to use the "comments" section to support each applicant's rating. This form is to be completed during and/or immediately following the interview. Lou Malnati's is an equal employment employer.

*Rating Key – EX: EXCELLENT; GD: GOOD; AVG: AVERAGE; UN: UNSATISFACTORY*

| Criteria | Comments: (Be very specific; support your rating) | EX | GD | AVG | UN |
|---|---|---|---|---|---|
| Experience (as it relates to the position) | Cooking skills exp. in running kitchen / none Spanish writes, reads or speaking | | | | X |
| Education / Training (relevant to position) | Some pizza making exp - not deep dish - used rotation oven so not comparable | | | | X |
| Skills (consistent with those required to perform the duties of the position) | has worked in kitchen - owned own deli - has supervisor exp. | | | X | |
| Communication skills | Not able to speak Spanish !! | | | | X |
| Interest in and knowledge of the position and the Company | None - Kept talking about wanting to work on the floor and not in the kitchen. Said did WD 10 yrs in kitchen and did not want it anymore. | | | | X |
| Presentation (promptness, neatness of application/resume, appearance) | 15 minutes late Neat appearance | | | X | |
| Problem solving skills | Brought dead fish out to customer to prove to her it was fresh - said she almost threw up. | | | | X |
| Work ethic /Integrity | Said did not want to wk in kitchen because it is too hard of work. | | | | X |
| Initiative / Enthusiasm | Said numerous times did not want to work in the kitchen | | | | X |
| Other job related criteria (specify) | | | | | |
| Days & hours available to work | | | | | |



AR00062

David Valente
6330 Pine Ridge Dr
Tinley Pk., Ill. 60477
Phone # 708 614 1528

Jim D'Angelo
3685 Woodhead Dr.
Northbrook, Ill. 60062

Mr. D'Angelo ;

In response to your ad for a kitchen
supervisor ; I have all the qualifications you
seek except I am not fluid in Spanish
but only possess a " kitchen level" knowledge of
the language.

David Valente

43

58

AR00063

# David John Valente

6330 Pine Crest Drive
Tinley Park, Illinois 60477
(708) 614-1528

## Summary of Highlights

- Excellent verbal communication skills.
- Highly organized and detail oriented.
- Ability to prioritize and meet necessary deadlines.
- Supervisory experience.
- Full time and Substitute teaching experience.

## Work Experience

**Larry Bird's Boston Connection**          Terre Haute, Indiana          1992 - 2002
*Head Chef/Maitre D'*

- Responsible for the "MVP Club" private dining area.
- Responsible for the requisition of all food supplies.
- Supervised a staff of twelve (12) people.
- Promoted from an hourly employee to a salary paid employee.
- Wlling campaign worker for various politicians.
- A problem solver and experienced negotiator.

**Bistro 110**          Chicago, Illinois          1988 - 1992
*Sous /Sautee chef*

- Responsible for expediting a line serving over 1,000 meals a day.
- Promoted from saute cook to sous chef.

**Queen of Peace High School**          Burbank, Illinois          1981 - 1987
*Math Teacher*

- Taught Alegebra and Geometry to secondary students.

## Education

**Mendel CHS**
Chicago, Illinois
High School Diploma

**Southern Illinois University**
Carbondale, Illinois
Bachelor of Arts Degree.

*Most recently I was teaching Math at Main Prep School in Chicago.*

*44*