

Malnati Organization, Inc.
346 Anthony Trail
Northbrook, IL 60062
847-562-1814
847-562-1950 Fax
www.loumalnatis.com

**Restaurants**

Lincolnwood
847-673-0800

Elk Grove
847-439-2000

Schaumburg
847-985-1525

Chicago - River North
312-828-9800

Buffalo Grove
847-215-7100

Naperville
630-717-0700

Chicago - Lawndale
773-762-0800

Chicago - Lincoln Park
773-832-4030

Carry Out Stores
Wilmette
847-256-5780

Northbrook
847-291-0250

Mt. Prospect
847-590-1900

Highland Park
847-266-9000

Park Ridge
847-292-2277

Libertyville
847-362-6070

Elmhurst
630-516-0800

Palatine
847-963-0800

Carol Stream
630-668-7200

Catering and Special Events
3011 Commercial Ave.
Northbrook, IL 60062
847-562-1918
847-562-1933 Fax

Priority Pizza
344 Anthony Trail
Northbrook, IL 60062
1-800-LOU-TO-GO
847-714-1035 Fax
www.loutogo.com

October 20, 2003

Ms. Darlene Robinson
Illinois Department of
    Employment Security
Alien Certification Unit
401 S. State St.    7N
Chicago, IL 60605

Re:          Application for Foreign Labor Cetification
Petitioner:   Malnati Organization, Inc.
Foreign Workers:

| | | | | | |
|---|---|---|---|---|---|
| V-IL 35601 | V-IL 35602 | V-IL 35603 | V-IL 35604 | V-IL 35605 | V-IL 35606 |
| V-IL 35607 | V-IL 35608 | V-IL 35609 | V-IL 35610 | V-IL 35611 | V-IL 35612 |
| V-IL 35613 | V-IL 35614 | V-IL 35615 | V-IL 35616 | V-IL 35617 | V-IL 35618 |
| V-IL 35619 | V-IL 35620 | V-IL 35621 | V-IL 35622 | V-IL 35623 | V-IL 35624 |
| V-IL 35626 | V-IL 35627 | V-IL 35628 | | | |

Dear Ms. Robinson

I am the District Manager for Malnati Organization, Inc. d/b/a Lou Malnati's. Lou Malnati's presently has 21 locations in the Chicago Area. Therefore as to item 5 the address of where each alien will be varies as we transfer our staff as needed on a regular basis. Therefore it is not possible to predict the work sites at the time the application was filed.

It is a business necessity for our managers to speak, read and write Spanish language. Our kitchen and support staff is 90% Spanish speaking. We also have a substantial number or customers who are Spanish speaking. If our supervisors or managers did not speak, read and write the Spanish language we would lose substantial revenues.

Should you have any questions or comments, please feel free to call.

Sincerely,

Jim D'Angelo
District Manager

45

60

AR00065

# *Lou Malnati's*
## PIZZERIA

Malnati Organization, Inc.
3685 Woodhead Drive
Northbrook, IL 60062
847.562.1814 t
847.562.1950 f
www.loumalnatis.com

Tastes of Chicago by Lou Malnati's
847.714.1020 t
847.714.1035 f
www.loutogo.com

Catering and Special Events
847.562.1918 t
847.562.1933 f
www.louscatering.com

Restaurants
Buffalo Grove
Chicago-Lawndale
Chicago-Lincoln Park
Chicago-River North
Elk Grove
Evanston
Lincolnwood
Naperville
Schaumburg

Carry Out Stores
Bloomingdale
Carol Stream/Wheaton
Elmhurst
Grayslake/Gurnee
Highland Park
Libertyville
Mount Prospect
Naperville
Northbrook
Palatine
Park Ridge
Schaumburg
Western Springs
Wilmette

July 11, 2006

Noemi A. Archibold
111 West Washington Street
Suite 751
Chicago, Illinois 60602

Dear Ms. Archibold,

Below are answers to the questions you requested from Jim D'Angelo in your e-mail of July 2, 2006.

1. What is the total number of kitchen staff you have and what percentage of those cannot communicate in English?
   a. 500 kitchen employees
   b. 80% cannot communicate in English
2. What percentage of the business is dependent upon the ability to speak the Spanish language?
   a. Can be 100% ~ We are in the restaurant business. If our Managers are unable to communicate with the kitchen staff we will be unable to serve food to our customers.
3. What percentage of time does the worker use the Spanish language?
   a. 50% (Approximately 50% of their time is spent in the kitchen).
4. How did employee deal with non-English speaking clients {employees} in the past and how are you currently handling this?
   a. We try to have someone who is bi-lingual in the store.
5. The factual basis upon which the foreign language is required in this business.
   a. The primary language of our kitchen staff is Spanish. Our Managers need to be able to communicate with kitchen workers in order to train, discipline, review and develop them. It is also necessary for Managers to communicate with kitchen workers in order to instruct them as to what to do, what to make, how to make it.
6. A list of all employees hired in the last year who spoke only Spanish.
   a. Unable to answer.

46

61
AR00066

7. The quarter payroll and tax records naming the employees
   who only speak Spanish.
   a.  Unable to answer.

Please contact me with any questions or concerns.

Thank you,

Gabriella B. Streicher
Director of Human Resources
847-562-1814 x4909

*47*

62

FedEx | Track

Track Shipments
## Detailed Results

 (?) Quick Help

| | | | |
|---|---|---|---|
| Tracking number | 856892820468 | **Delivered to** | Receptionist/Front Desk |
| Signed for by | J.MORALES | **Service type** | Priority Pak |
| Ship date | Jul 13, 2006 | **Weight** | 3.0 lbs. |
| Delivery date | Jul 14, 2006 9:30 AM | | |

**Status**          Delivered

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Jul 14, 2006 | 9:30 AM | **Delivered** | | |
| | 6:29 AM | On FedEx vehicle for delivery | DALLAS, TX | |
| | 5:53 AM | At local FedEx facility | DALLAS, TX | |
| | 4:15 AM | At dest sort facility | DALLAS, TX | |
| | 3:50 AM | Departed FedEx location | FORT WORTH, TX | |
| | 1:26 AM | Arrived at FedEx location | FORT WORTH, TX | |
| Jul 13, 2006 | 11:28 PM | Departed FedEx location | CHICAGO, IL | |
| | 9:52 PM | Arrived at FedEx location | CHICAGO, IL | |
| | 9:02 PM | Left origin | CHICAGO, IL | |
| | 6:14 PM | Picked up | CHICAGO, IL | |

[ Signature proof ]   [ Email results ]   [ Track more shipments ]

Subscribe to tracking updates (optional)

**Your Name:** [                    ]          **Your Email Address:**

| Email address | Language | | Exception updates | Delivery updates |
|---|---|---|---|---|
| | English | | ☐ | ☐ |
| | English | | ☐ | ☐ |
| | English | | ☐ | ☐ |
| | English | | ☐ | ☐ |

**Select format:** ◉ HTML  ○ Text  ○ Wireless
Add personal message:

Not available for Wireless or
non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and
Conditions                                                    [ Submit ]

48

63

LAW OFFICES OF
# DONALD E. PUCHALSKI, P.C.



Donald E. Puchalski

Legal Assistants
Noemi A. Archibold
Paulina K. Palaszewska

Suite 751
111 West Washington Street
Chicago, Illinois 60602

(312) 332-4428
(312) 726-4522 (Fax)

May 19, 2006

Of Counsel
Richard J. Puchalski
Richard J. Reimer
Barry A. Ketter

U.S. Department of Labor
Employment and Training
    Administration
Dallas Backlog Elimination Center
700 North Pearl St.
Suite N 400
Dallas, TX 745201

RE:             Notice of Findings
Petitioner:     Lou Malnati's
Beneficiary:    Saul MELCHOR QUINTERO
ETA Case Number:   D-05056-51066

Dear Sir or Madam,

        I represent the above petitioner and beneficiary. The Notice of Findings was issued in this matter and is due May 24, 2006. The initial recruitment was only done with one advertisement due to the note received from the Illinois Department of Employment Security to run only one ad and indicate 27 positions. See attached copy of this note.

        Enclosed please find:
1.  Copies of the new job order that was placed with the Illinois Skills Match.
2.  <u>Chicago Tribune</u> advertisement, which ran May 16, 17, and 18, 2006
3.  ETA 7-50 A and B forms with corrections.

        Please note that the petitioner's current address is the following:
            Malnati Organization
            3685 Woodhead Drive
            Northbrook, IL 60062

        Due to the fact that we are still in the recruitment process I am respectfully requesting additional sixty (60) days to respond to the Notice of Findings in the above captioned matter. Therefore please accept this letter as a request for an extension to respond to Notice of Findings to July 24, 2006. Thank you for your assistance and cooperation in this matter.

                        Sincerely,

                        Donald E. Puchalski

DEP: naa
Enclosures

49

64

AR00069

LOU MALNATI'S
c/o DONALD E. PUCHALSKI
111 WEST WASHINGTON ST. SUITE 751
CHICAGO, IL 60602

50

65

D-05056-51066

AR00070

**U.S. Department of Labor**    **Employment and Training Administration**
Dallas Backlog Elimination Center
700 North Pearl St.
Suite N 400
Dallas, TX 75201



### NOTICE OF FINDINGS

April 19, 2006

LOU MALNATI'S                          ETA Case Number:    D-05056-51066
c/o DONALD E. PUCHALSKI
111 WEST WASHINGTON ST. SUITE 751          Alien's Name:    SAUL MELCHOR-QUINTERO
CHICAGO, IL 60602                            Occupation:    Kitchen Supervisor, 319137030
                                     Date of Acceptance for
                                             Processing:    April 25, 2001

The Department of Labor has considered your <u>Application for Alien Employment Certification</u>. This Notice of Findings is the Department's statement of its <u>intent to deny</u> the application. The regulations, issued pursuant to Section 212(a)(14) of the Immigration and Nationality Act, as amended, are designed to assure that employers adequately test the United States labor market before a labor certification is issued.

A certification cannot be issued as required by the Act, on the basis of information available, for the reasons detailed on the attached pages.

This Notice of Findings is issued in accordance with Title 20, Code of Federal Regulations, Section 656.25(c). You have until May 24, 2006 to rebut the findings or to remedy the defects outlined in the attachment. This response should be sent to the Certifying Officer in duplicate by certified mail on or before the date specified above. A rebuttal may be submitted by the employer and by the alien, but only if the employer has submitted a rebuttal. Please indicate the rebuttal due date and the ETA case number on any correspondence concerning the Notice of Findings

If a rebuttal, as described above, is received on time the Certifying Officer shall review that evidence in relation to the evidence in the file, and shall either grant or deny the labor certification pursuant to the standards set forth in § 656.24(b).

Failure to file a timely rebuttal shall mean that you have declined to exhaust administrative remedies available to you. All findings in the Notice of Findings shall be deemed admitted unless they are rebutted. Withdrawal of the application is not an available remedy. If the rebuttal is not mailed by certified mail on or before May 24, 2006, this Notice of Findings <u>automatically</u> becomes the final decision of the Secretary denying labor certification. Further, a request for review of a denial of certification under 20 CFR § 656.26 may not be made if the Notice of Findings is not rebutted in a timely manner.

Sincerely,


Jenny Elser
Certifying Officer

CC: LOU MALNATI'S

*51*

*b b*

AR00071

## DETAIL OF FINDINGS

This Notice of Findings is issued because the employment conditions described would adversely affect the wages and working conditions of U.S. workers similarly employed, and/or because you have failed to comply with Federal regulations governing the labor certification process for the permanent employment of aliens in the U.S. at Title 20 CFR 656.

**656.21(b)(2)** The employer shall document that the job opportunity has been and is being described without unduly restrictive job requirements:

**656.21(b)(2)(i)** The job opportunity's requirements, unless adequately documented as arising from business necessity:

**656.21(b)(2)(i)(A)** Shall be those normally required for the job in the United States.

**656.21(b)(2)(i)(B)** Shall be those defined for the job in the *Dictionary of Occupational Titles (D.O.T.)* including those for subclasses of jobs.

**656.21(b)(2)(i)(C)** Shall not include requirements for a language other than English.

**656.21(b)(2)(i)(C)(iv)** If the job opportunity has been or is being described with an employer preference, the employer preference shall be deemed to be a job requirement for purposes of this paragraph (b)(2).

The job opportunity contains a foreign language requirement that has not been supported by evidence of business necessity as required at §656.21(b)(2).

According to Form ETA 750, your requirements for the position are:

Directs and manages kitchen staff in Italian restaurant. Responsible for cooks, pizza makers, line cooks, preparation staff and kitchen workers. Responsible for food preparation, orders and quality central. Trains workers and assigns job tasks.

Item#15 Special Requirements: must speak and understand the Spanish language.

You may rebut this finding by submitting evidence that your requirement for speaking, reading and writing the Spanish language arises from a business necessity rather than employer convenience. In order to prove business necessity, your evidence must establish that:

A. A significant share of your business is conducted in the foreign language. For example, the foreign language is spoken or preferred by a significant portion of your clientele; or the foreign language is required by business expansion plans; or the foreign language is required because it is the principal language of your other employees.

B. The absence of the foreign language would put the business at a competitive disadvantage.

C. The employee's duties require him or her to communicate or read in the foreign language.

D. The need for foreign language skills cannot be met by other methods, such as using translation services or the language skills of another employee.

At a minimum, your rebuttal must include answers to the following questions:

A. The total number of clients/workforce/suppliers served, and the percentage of those people who cannot communicate in English.

53

B.. The percentage of business that is dependent upon the language.

C. The percentage of time the worker would use the language.

D. How the employer has dealt with non-English speaking clients/workforce/suppliers in the past and/or is currently handling this segment of business.

E. If you are claiming that the foreign language is required by business expansion plans, you must provide evidence that your company had a market research study and business expansion plan in place at the time of filing the application. The plan must clearly demonstrate the factual basis upon which your business expansion plan is based.

F. The employer must submit a list of all employees hired in the last 1 yr who only speak Spanish, by doing so; sending 4 quarterly payroll tax records that where filed with the state and payroll records, also noting the employee's that <u>only</u> speak Spanish.

**656.20(c)(8)** Requires that the job opportunity has been and is clearly open to any qualified U.S. worker. This regulation means that the job opportunity must be bona fide and that the job opening, as described on Form ETA 750, actually exists and is open to U.S. workers.

**656.3** *Employer* means a person, association, firm, or a corporation which currently has a location within the United States to which U. S. workers may be referred for employment, and which proposes to employ a full-time worker at a place within the United States or the authorized representative of such a person, association, firm or corporation. For purposes of this definition, an "authorized representative" means an employee of the employer whose position or legal status authorizes the employee to act for the employer in labor certification matters.

**656.3** *Employment* means permanent full-time work by an employee for an employer other than oneself. For purposes of this definition an investor is not an employee.

**656.21(a)** Except as otherwise provided by 656.21a and 656.22, an employer who desires to apply for a labor certification on behalf of an alien shall file, signed by hand and in duplicate, a Department of Labor Application for Alien Employment Certification form and any attachments required by this Part with the local Job Service office servicing the area where the alien proposes to be employed.

**656.21(a)(1)** The employer shall set forth on the Application for Alien Employment Certification form, as appropriate, or in attachments: a statement of the qualifications of the alien, signed by the alien; and

**656.21(a)(2)** The employer shall set forth on the Application for Alien Employment Certification form, as appropriate, or in attachments a description of the job offer for the alien employment, including the items required by paragraph (b) of this section.

The Department of Labor requires that when corrections or changes are made to the ETA 750, Part A, those corrections or changes must be initialed and dated by the employer. The employer has failed to make changes on both copies of the ETA 750, Part A.

**The employer is required to initial and date the corrections and changes on the ETA 750, Part A.**

The Department of Labor requires that when corrections or changes are made to the ETA 750, Part B, those corrections or changes must be initialed and dated by the alien. The alien has failed to make changes on the employer's copy of the ETA 750, Part B.

The alien is required to initial and date the corrections and changes on the ETA 750, Part B.



*53*

68

AR00073

Your lawyer Donald Puchalski had provided us with a notice that you moved from 346 Anthony Trail, Northbrook IL 60062, however, corrections were never made to the ETA 750 A& B.

You may rebut this finding by providing corrections for the following:

Amending the ETA 750A  #6 and the 750B #8 with your updated address.

Submitting a copy of the most recent business tax return that you filed with the Internal Revenue Service in 2005.

The employer must also make sure that on the ETA 750A item #24, a signature is required by the employer if the name of a agent has been entered and on  the ETA 750B item #16 signature of the alien is also required if the name of the agent has been entered.

**656.21(g)**  In conjunction with the recruitment efforts under paragraph (f) of this section, the employer shall place an advertisement for the job opportunity in a newspaper of general circulation or in a professional, trade, or ethnic publication, whichever is appropriate to the occupation and most likely to bring responses from able, willing, qualified, and available U.S. workers.

**656.21(g)(9)** If published in a newspaper of general circulation, be published for at least three consecutive days; or if published in a professionals trade, or ethnic publication, be published in the next published edition.

The ETA 750, Part A indicates that the employer is recruiting for Kitchen Supervisor in Northbrook, IL The employer placed advertisement for the job opportunity in the **November 6, 2003** edition of the **Chicago Tribune**; however the employer only provided **1** copy of the advertisement.

This office has always accepted "proof of publication" and/or an affidavit from the publisher, so long as it contains a copy of the actual advertisement on the affidavit.  Therefore, the employer must submit a new affidavit which contains the actual advertisement, as proof of advertising.

Therefore, you may rebut this finding by submitting an affidavit which contains the actual advertisements, which also indicates that the advertisement ran for 3 consecutive days at initial time of recruitment as proof of advertising.

A copy of the Form ETA 750, Parts A and B, have been returned in the event that any changes are necessary.  The amended copies must be returned with your resubmission.  Any amendments made to the ETA 750, Part A, must be initialed and dated by the employer; and any amendments made to the ETA 750, Part B, must be initialed and dated by the alien, as appropriate.

It is the employer's responsibility to submit rebuttal evidence in a timely manner directly to the Certifying Officer.

**ALL ENCLOSURES ACCOMPANYING THIS NOTICE OF FINDINGS MUST BE RETURNED WITH THE REBUTTAL INFORMATION**

54

69

## NOTICE OF FINDINGS: April 19, 2006

☒

**IMPORTANT: You must include this cover sheet with your rebuttal of the notice of findings.**

**TO:**

**Attn:** TR07
Dallas Backlog Elimination Center
700 North Pearl St.
Suite 400
Dallas, Texas 75201

**FROM:**
DONALD E. PUCHALSKI
111 WEST WASHINGTON ST. SUITE 751
CHICAGO, IL 60602

**FOR CASE:**
**LOU MALNATI'S**

Due Date:            May 24, 2006
ETA Case Number:     D-05056-51066

*55*

70



**ILLINOIS**
**DEPARTMENT OF**
**EMPLOYMENT**
**SECURITY**

FILE NUMBER: ~~VHL 35691 L~~ *thru 35624-L; 35626-35228-L*

DATE: Tuesday, October 28, 2003

Mr. Donald E. Puchalski
Sklodowski, et al.
111 W Washington St, Ste 1000
Chicago, IL  60602

> **PLEASE NOTE:**
> **The instructions now read:**
> **APPLICANTS MUST SHOW PROOF OF**
> **LEGAL AUTHORITY TO WORK IN THE U.S.**

**RE: APPLICATION FOR FOREIGN LABOR CERTIFICATION**
    **EMPLOYER:**    **Malnati Organization, Inc.**
    **FOREIGN WORKER: Jose Hernandez**

Dear Mr. Puchalski:

Federal regulations require employers applying for Foreign Labor Certification to test the labor market for qualified U. S. workers. Attached are the procedures.  Please read them thoroughly.

PLEASE NOTE:  The employer must report the results of all contacts generated as a result of the employment service job order, the newspaper/journal  advertisement and the notice(s) posted in the employer's establishment.  Documentation of the results of ANY and ALL contacts must include ALL of the following:

1. The number of U.S. workers responding to the recruitment;
2. The names, addresses, phone numbers and resumes and/or applications of all U.S. workers interviewed; and
3. The lawful job-related reason for not hiring each applicant.

**EMPLOYERS AND THEIR REPRESENTATIVES ARE REMINDED THAT THE BURDEN OF PROOF IS ON THE EMPLOYER TO ADEQUATELY DOCUMENT ITS ATTEMPTS TO CONTACT ALL U.S. APPLICANTS REFERRED WHEN SENDING IN FINAL DOCUMENTATION.**

If all documentation is not received on the due date as indicated, we will return your application for foreign labor employment and any supporting documents submitted to be filed as a new application.

Further inquiries and correspondence regarding this application should be directed to the undersigned at 312-793-6839.

Sincerely,

*Please note:*
*You may run 1 ad*
*but you must indicate*
*27 positions*

Shelia Lindsey
IDES Immigration Specialist

Enclosure(s)
cc: File
    **Malnati Organization, Inc.**

AC09

L-9(REV. 1-99) STOCK NO. 4245

*56*

Job Order Control Panel

# Illinois Skills Match
WORKFORCE DEVELOPMENT SYSTEM

**Home(Skip Menu)**
**My Job Orders**
**My General Info**

**Help**
**Find Local Office**
**I'm Done: Log Off**

**This Job Order is POSTED**
**Matching Job Seekers: 0**

| Matching Job Seekers | | Recruiting Outcomes |
| --- | --- | --- |

| Job Order List | | Copy Job Order |
| --- | --- | --- |

**Job Description Summary**       Update
Job Order Id:  264371
Kitchen Supervisor
Tracking ID:  Foreign Labor
Directs and manages kitc...

**Work Location**
3685 Woodhead Drive
Northbrook, IL 60062

**Skills**
Your Job Order has 37 skill(s).

**Benefits Offered**       Update

**Job Order Dates**
This job order will close on
06/10/2006.
Click Update to Close or put this job
order On Hold.

**Other Info**       Update
Notify me daily of new matches.
Do not send me profiles.
Others may not view this job order.

**Contact Info**
If a Job Seeker is Interested ...
If I am interested in a Job Seeker ...

Need to print this?

| Printable Job Order |
| --- |

Questions or Comments regarding Illinois Skills Match or IDES?  Email the System Administrator

Copyright 2000 by Illinois Dept. of Employment Security Using this web site indicates acceptance of User Agreement

http://ides.cmcf.state.il.us/ISM/ISM1051

51

72

AR00077
5/9/2006

Printable Job Order

To print a copy, please use the print command (usually CTRL+P or Apple+P).
When finished printing, Click here to return to the previous page.

**Jim D'Angelo**
**Lou Malnati's**

3685 Woodhead Drive
Northbrook , IL  60062
Phone: (847)562-1814  Fax: (847)562-1950
narchibold@sbcglobal.net

## Job Information
**Tracking Identifier:**  Foreign Labor
**Job Title:**  Kitchen Supervisor
**Description & Duties:**  Directs and manages kitchen staff in Italian restaurant. Responsible for cooks, pizza makers, line cooks, preparation staff and kitchen workers. Responsible for food preparation, orders and quality control. Trains workers and assigns job tasks.
**Number Of Openings:**  27
**Hours per Week:**  36-40
**Duration Of Work:**  On-Going
**Shifts Available:**  Days   Afternoons   Nights   Rotating
**Type Of Work:**  Full Time
**Minimum Education:**  No Education
**Salary Range:**  673.00
**Public Transportation:**  Available

## Skills
**Language Skills**
- Speak read or write Spanish        Yes

**Food Service Managers**
- Observe or evaluate personnel        1 - 3 years

**Cooks, Restaurant**
- Cut, clean, bone or remove residue from meat, poultry, or fish        1 - 3 years
- Measure or weigh ingredients        1 - 3 years
- Mix ingredients        1 - 3 years
- Observe or test food to determine that it is cooked        1 - 3 years
- Prepare and bake pizza        1 - 3 years
- Prepare salad dressings        1 - 3 years
- Prepare salads        1 - 3 years
- Prepare Italian cuisine        1 - 3 years
- Prepare, clean or cook fruits or vegetables        1 - 3 years
- Read and follow recipes        1 - 3 years
- Regulate temperature of ovens, broilers, grills or roasters        1 - 3 years
- Serve food and /or beverages        1 - 3 years
- Slice meats, cheeses, breads, or vegetables with knife or slicing machine        1 - 3 years

**Chefs and Head Cooks**
- Assign or prepare work schedules, duties, tasks, or responsibilities        1 - 3 years
- Bake Italian pastry        1 - 3 years
- Confer with personnel to resolve problems        1 - 3 years
- Develop recipes        1 - 3 years
- Estimate beverage or food costs        1 - 3 years
- Estimate food quantities        1 - 3 years
- Expedite or coordinate food orders        1 - 3 years
- Follow or maintain safe food handling and sanitation procedures        1 - 3 years
- Give cooking instructions        1 - 3 years
- Plan menus or meals        1 - 3 years
- Prepare desserts, cakes, pastries, or other baked goods        1 - 3 years
- Prepare or cook food items or meals        1 - 3 years
- Prepare sauces        1 - 3 years
- Prepare soups or stocks        1 - 3 years
- Prepare speciality dishes        1 - 3 years
- Purchase, order or requisition materials, supplies or equipment        1 - 3 years
- Receive food shipments        1 - 3 years
- Recommend or enforce safety procedures        1 - 3 years
- Supervise or coordinate personnel        1 - 3 years



73

5AR00078

**First-Line Supervisors/Managers of Food Preparation and Serving Workers**

- Inspect dining area or service stations for cleanliness, neatness and readiness    1 - 3 years
- Monitor or maintain inventory    1 - 3 years
- Order foodstuffs    1 - 3 years

74

59

CHICAGO TRIBUNE    SECTION 6    NRW    NEAR WEST SUBURBAN CLASSIFIED    TUESDAY    MAY 16, 2006

## HELP WANTED

## HOUSEHOLD HELP

### CHILD CARE OFFERED

### CHILD CARE NEEDED

## Merchandise & Pets

## DOGS

## GARAGE/MOVING ESTATE SALES

AR000080

NEAR WEST SUBURBAN CLASSIFIED

CHICAGO TRIBUNE   SECTION 6   NRW   WEDNESDAY MAY 17, 2006

24

**HELP WANTED**
**GARAGE/MOVING/ESTATE SALES**
**DOGS**
**Merchandise & Pets**

MORTGAGE COMPANY
OWN YOUR OWN!
No License Needed!
Nation's Largest. Train,
Support with
FREE DVD & INFO PKG.
800-367-4152

AR00081

# CHICAGO TRIBUNE   SECTION 6   NRW

# NEAR WEST SUBURBAN CLASSIFIED

THURSDAY   MAY 18, 2006

## HELP WANTED

## HELP WANTED / PART TIME

## GARAGE/MOVING/ESTATE SALES

## DOGS

AR00082

77

62

23   25   26   31



AR00083

**U.S. Department of Labor**    **Employment and Training Administration**
Dallas Backlog Elimination Center
700 North Pearl St.
Suite N 400
Dallas, TX 75201



### NOTICE OF FINDINGS

April 19, 2006

LOU MALNATI'S                                    ETA Case Number:    D-05056-51066
c/o DONALD E. PUCHALSKI
111 WEST WASHINGTON ST. SUITE 751                Alien's Name:    SAUL MELCHOR-QUINTERO
CHICAGO, IL 60602                                Occupation:    Kitchen Supervisor, 319137030
                                     Date of Acceptance for
                                             Processing:    April 25, 2001

The Department of Labor has considered your Application for Alien Employment Certification. This Notice of Findings is the Department's statement of its intent to deny the application. The regulations, issued pursuant to Section 212(a)(14) of the Immigration and Nationality Act, as amended, are designed to assure that employers adequately test the United States labor market before a labor certification is issued.

A certification cannot be issued as required by the Act, on the basis of information available, for the reasons detailed on the attached pages.

This Notice of Findings is issued in accordance with Title 20, Code of Federal Regulations, Section 656.25(c). You have until May 24, 2006 to rebut the findings or to remedy the defects outlined in the attachment. This response should be sent to the Certifying Officer in duplicate by certified mail on or before the date specified above. A rebuttal may be submitted by the employer and by the alien, but only if the employer has submitted a rebuttal. Please indicate the rebuttal due date and the ETA case number on any correspondence concerning the Notice of Findings

If a rebuttal, as described above, is received on time the Certifying Officer shall review that evidence in relation to the evidence in the file, and shall either grant or deny the labor certification pursuant to the standards set forth in § 656.24(b).

Failure to file a timely rebuttal shall mean that you have declined to exhaust administrative remedies available to you. All findings in the Notice of Findings shall be deemed admitted unless they are rebutted. Withdrawal of the application is not an available remedy. If the rebuttal is not mailed by certified mail on or before May 24, 2006, this Notice of Findings automatically becomes the final decision of the Secretary denying labor certification. Further, a request for review of a denial of certification under 20 CFR § 656.26 may not be made if the Notice of Findings is not rebutted in a timely manner.

Sincerely,

Jenny Elser
Certifying Officer

CC: LOU MALNATI'S

64

## DETAIL OF FINDINGS

This Notice of Findings is issued because the employment conditions described would adversely affect the wages and working conditions of U.S. workers similarly employed, and/or because you have failed to comply with Federal regulations governing the labor certification process for the permanent employment of aliens in the U.S. at Title 20 CFR 656.

**656.21(b)(2)** The employer shall document that the job opportunity has been and is being described without unduly restrictive job requirements:

**656.21(b)(2)(i)** The job opportunity's requirements, unless adequately documented as arising from business necessity:

**656.21(b)(2)(i)(A)** Shall be those normally required for the job in the United States.

**656.21(b)(2)(i)(B)** Shall be those defined for the job in the *Dictionary of Occupational Titles (D.O.T.)* including those for subclasses of jobs.

**656.21(b)(2)(i)(C)** Shall not include requirements for a language other than English.

**656.21(b)(2)(i)(C)(iv)** If the job opportunity has been or is being described with an employer preference, the employer preference shall be deemed to be a job requirement for purposes of this paragraph (b)(2).

The job opportunity contains a foreign language requirement that has not been supported by evidence of business necessity as required at §656.21(b)(2).

According to Form ETA 750, your requirements for the position are:

Directs and manages kitchen staff in Italian restaurant. Responsible for cooks, pizza makers, line cooks, preparation staff and kitchen workers. Responsible for food preparation, orders and quality central. Trains workers and assigns job tasks.

Item#15 Special Requirements: must speak and understand the Spanish language.

You may rebut this finding by submitting evidence that your requirement for speaking, reading and writing the Spanish language arises from a business necessity rather than employer convenience. In order to prove business necessity, your evidence must establish that:

A.  A significant share of your business is conducted in the foreign language. For example, the foreign language is spoken or preferred by a significant portion of your clientele; or the foreign language is required by business expansion plans; or the foreign language is required because it is the principal language of your other employees.

B.  The absence of the foreign language would put the business at a competitive disadvantage.

C.  The employee's duties require him or her to communicate or read in the foreign language.

D.  The need for foreign language skills cannot be met by other methods, such as using translation services or the language skills of another employee.

At a minimum, your rebuttal must include answers to the following questions:

A.  The total number of clients/workforce/suppliers served, and the percentage of those people who cannot communicate in English.

65

B.  The percentage of business that is dependent upon the language.

C.  The percentage of time the worker would use the language.

D.  How the employer has dealt with non-English speaking clients/workforce/suppliers in the past and/or is currently handling this segment of business.

E.  If you are claiming that the foreign language is required by business expansion plans, you must provide evidence that your company had a market research study and business expansion plan in place at the time of filing the application.  The plan must clearly demonstrate the factual basis upon which your business expansion plan is based.

F.  The employer must submit a list of all employees hired in the last 1 yr who only speak Spanish, by doing so; sending 4 quarterly payroll tax records that where filed with the state and payroll records, also noting the employee's that <u>only</u> speak Spanish.

**656.20(c)(8)** Requires that the job opportunity has been and is clearly open to any qualified U.S. worker. This regulation means that the job opportunity must be bona fide and that the job opening, as described on Form ETA 750, actually exists and is open to U.S. workers.

**656.3** *Employer* means a person, association, firm, or a corporation which currently has a location within the United States to which U. S. workers may be referred for employment, and which proposes to employ a full-time worker at a place within the United States or the authorized representative of such a person, association, firm or corporation.  For purposes of this definition, an "authorized representative" means an employee of the employer whose position or legal status authorizes the employee to act for the employer in labor certification matters.

**656.3**  *Employment* means permanent full-time work by an employee for an employer other than oneself. For purposes of this definition an investor is not an employee.

**656.21(a)** Except as otherwise provided by 656.21a and 656.22, an employer who desires to apply for a labor certification on behalf of an alien shall file, signed by hand and in duplicate, a Department of Labor Application for Alien Employment Certification form and any attachments required by this Part with the local Job Service office servicing the area where the alien proposes to be employed.

**656.21(a)(1)** The employer shall set forth on the Application for Alien Employment Certification form, as appropriate, or in attachments: a statement of the qualifications of the alien, signed by the alien; and

**656.21(a)(2)** The employer shall set forth on the Application for Alien Employment Certification form, as appropriate, or in attachments a description of the job offer for the alien employment, including the items required by paragraph (b) of this section.

The Department of Labor requires that when corrections or changes are made to the ETA 750, Part A, those corrections or changes must be initialed and dated by the employer.  The employer has failed to make changes on both copies of the ETA 750, Part A.

**The employer is required to initial and date the corrections and changes on the ETA 750, Part A.**

The Department of Labor requires that when corrections or changes are made to the ETA 750, Part B, those corrections or changes must be initialed and dated by the alien.  The alien has failed to make changes on the employer's copy of the ETA 750, Part B.

The alien is required to initial and date the corrections and changes on the ETA 750, Part B.

66

81

AR00086

Your lawyer Donald Puchalski had provided us with a notice that you moved from 346 Anthony Trail, Northbrook IL 60062, however, corrections were never made to the ETA 750 A& B.

You may rebut this finding by providing corrections for the following:

 Amending the ETA 750A  #6 and the 750B #8 with your updated address.

Submitting a copy of the most recent business tax return that you filed with the Internal Revenue Service in 2005.

The employer must also make sure that on the ETA 750A item #24, a signature is required by the employer if the name of a agent has been entered and on  the ETA 750B item #16 signature of the alien is also required if the name of the agent has been entered.

__656.21(g)__  In conjunction with the recruitment efforts under paragraph (f) of this section, the employer shall place an advertisement for the job opportunity in a newspaper of general circulation or in a professional, trade, or ethnic publication, whichever is appropriate to the occupation and most likely to bring responses from able, willing, qualified, and available U.S. workers.

__656.21(g)(9)__ If published in a newspaper of general circulation, be published for at least three consecutive days; or if published in a professionals trade, or ethnic publication, be published in the next published edition.

The ETA 750, Part A indicates that the employer is recruiting for Kitchen Supervisor in Northbrook, IL The employer placed advertisement for the job opportunity in the **November 6, 2003** edition of the **Chicago Tribune**; however the employer only provided 1 copy of the advertisement.

This office has always accepted "proof of publication" and/or an affidavit from the publisher, so long as it contains a copy of the actual advertisement on the affidavit.  Therefore, the employer must submit a new affidavit which contains the actual advertisement, as proof of advertising.

Therefore, you may rebut this finding by submitting an affidavit which contains the actual advertisements, which also indicates that the advertisement ran for 3 consecutive days at initial time of recruitment as proof of advertising.

A copy of the Form ETA 750, Parts A and B, have been returned in the event that any changes are necessary.  The amended copies must be returned with your resubmission.  Any amendments made to the ETA 750, Part A, must be initialed and dated by the employer; and any amendments made to the ETA 750, Part B, must be initialed and dated by the alien, as appropriate.

It is the employer's responsibility to submit rebuttal evidence in a timely manner directly to the Certifying Officer.

**ALL ENCLOSURES ACCOMPANYING THIS NOTICE OF FINDINGS MUST BE RETURNED WITH THE REBUTTAL INFORMATION**

67

82

## NOTICE OF FINDINGS: April 19, 2006

**IMPORTANT: You must include this cover sheet with your rebuttal of the notice of findings.**

<u>**TO:**</u>

**Attn:** TR07
Dallas Backlog Elimination Center
700 North Pearl St.
Suite 400
Dallas, Texas 75201

<u>**FROM:**</u>
DONALD E. PUCHALSKI
111 WEST WASHINGTON ST. SUITE 751
CHICAGO, IL 60602

<u>**FOR CASE:**</u>
**LOU MALNATI'S**

Due Date:            May 24, 2006
ETA Case Number:     D-05056-51066

*68*

*83*

JIM D'ANGELO
c/o LOU MALNATI'S
346 ANTHONY TRAIL
NORTHBROOK, IL 60062

69

84

D-05056-51066

AR00089

**U.S. Department of Labor**      **Employment and Training Administration**
Dallas Backlog Elimination Center
700 North Pearl St.
Suite N 400
Dallas, TX 75201



## NOTICE OF FINDINGS

April 19, 2006

LOU MALNATI'S                                      ETA Case Number:    D-05056-51066
c/o DONALD E. PUCHALSKI
111 WEST WASHINGTON ST. SUITE 751                    Alien's Name:    SAUL MELCHOR-QUINTERO
CHICAGO, IL 60602                                      Occupation:    Kitchen Supervisor, 319137030
                                                 Date of Acceptance for
                                                        Processing:    April 25, 2001

The Department of Labor has considered your <u>Application for Alien Employment Certification</u>. This Notice of Findings is the Department's statement of its <u>intent to deny</u> the application. The regulations, issued pursuant to Section 212(a)(14) of the Immigration and Nationality Act, as amended, are designed to assure that employers adequately test the United States labor market before a labor certification is issued.

A certification cannot be issued as required by the Act, on the basis of information available, for the reasons detailed on the attached pages.

This Notice of Findings is issued in accordance with Title 20, Code of Federal Regulations, Section 656.25(c). You have until May 24, 2006 to rebut the findings or to remedy the defects outlined in the attachment. This response should be sent to the Certifying Officer in duplicate by certified mail on or before the date specified above. A rebuttal may be submitted by the employer and by the alien, but only if the employer has submitted a rebuttal. Please indicate the rebuttal due date and the ETA case number on any correspondence concerning the Notice of Findings

If a rebuttal, as described above, is received on time the Certifying Officer shall review that evidence in relation to the evidence in the file, and shall either grant or deny the labor certification pursuant to the standards set forth in § 656.24(b).

Failure to file a timely rebuttal shall mean that you have declined to exhaust administrative remedies available to you. All findings in the Notice of Findings shall be deemed admitted unless they are rebutted. Withdrawal of the application is not an available remedy. If the rebuttal is not mailed by certified mail on or before May 24, 2006, this Notice of Findings <u>automatically</u> becomes the final decision of the Secretary denying labor certification. Further, a request for review of a denial of certification under 20 CFR § 656.26 may not be made if the Notice of Findings is not rebutted in a timely manner.

Sincerely,

Jenny Elser
Certifying Officer

CC: LOU MALNATI'S

*71*

AR00090

## DETAIL OF FINDINGS

This Notice of Findings is issued because the employment conditions described would adversely affect the wages and working conditions of U.S. workers similarly employed, and/or because you have failed to comply with Federal regulations governing the labor certification process for the permanent employment of aliens in the U.S. at Title 20 CFR 656.

**656.21(b)(2)** The employer shall document that the job opportunity has been and is being described without unduly restrictive job requirements:

**656.21(b)(2)(i)** The job opportunity's requirements, unless adequately documented as arising from business necessity:

**656.21(b)(2)(i)(A)** Shall be those normally required for the job in the United States.

**656.21(b)(2)(i)(B)** Shall be those defined for the job in the *Dictionary of Occupational Titles (D.O.T.)* including those for subclasses of jobs.

**656.21(b)(2)(i)(C)** Shall not include requirements for a language other than English.

**656.21(b)(2)(i)(C)(iv)** If the job opportunity has been or is being described with an employer preference, the employer preference shall be deemed to be a job requirement for purposes of this paragraph (b)(2).

The job opportunity contains a foreign language requirement that has not been supported by evidence of business necessity as required at §656.21(b)(2).

According to Form ETA 750, your requirements for the position are:

Directs and manages kitchen staff in Italian restaurant. Responsible for cooks, pizza makers, line cooks, preparation staff and kitchen workers. Responsible for food preparation, orders and quality central. Trains workers and assigns job tasks.

Item#15 Special Requirements: must speak and understand the Spanish language.

You may rebut this finding by submitting evidence that your requirement for speaking, reading and writing the Spanish language arises from a business necessity rather than employer convenience. In order to prove business necessity, your evidence must establish that:

A.  A significant share of your business is conducted in the foreign language. For example, the foreign language is spoken or preferred by a significant portion of your clientele; or the foreign language is required by business expansion plans; or the foreign language is required because it is the principal language of your other employees.

B.  The absence of the foreign language would put the business at a competitive disadvantage.

C.  The employee's duties require him or her to communicate or read in the foreign language.

D.  The need for foreign language skills cannot be met by other methods, such as using translation services or the language skills of another employee.

At a minimum, your rebuttal must include answers to the following questions:

A.  The total number of clients/workforce/suppliers served, and the percentage of those people who cannot communicate in English.

AR00091

B. The percentage of business that is dependent upon the language.

C. The percentage of time the worker would use the language.

D. How the employer has dealt with non-English speaking clients/workforce/suppliers in the past and/or is currently handling this segment of business.

E. If you are claiming that the foreign language is required by business expansion plans, you must provide evidence that your company had a market research study and business expansion plan in place at the time of filing the application. The plan must clearly demonstrate the factual basis upon which your business expansion plan is based.

F. The employer must submit a list of all employees hired in the last 1 yr who only speak Spanish, by doing so; sending 4 quarterly payroll tax records that where filed with the state and payroll records, also noting the employee's that _only_ speak Spanish.

**656.20(c)(8)** Requires that the job opportunity has been and is clearly open to any qualified U.S. worker. This regulation means that the job opportunity must be bona fide and that the job opening, as described on Form ETA 750, actually exists and is open to U.S. workers.

**656.3** _Employer_ means a person, association, firm, or a corporation which currently has a location within the United States to which U. S. workers may be referred for employment, and which proposes to employ a full-time worker at a place within the United States or the authorized representative of such a person, association, firm or corporation. For purposes of this definition, an "authorized representative" means an employee of the employer whose position or legal status authorizes the employee to act for the employer in labor certification matters.

**656.3** _Employment_ means permanent full-time work by an employee for an employer other than oneself. For purposes of this definition an investor is not an employee.

**656.21(a)** Except as otherwise provided by 656.21a and 656.22, an employer who desires to apply for a labor certification on behalf of an alien shall file, signed by hand and in duplicate, a Department of Labor Application for Alien Employment Certification form and any attachments required by this Part with the local Job Service office servicing the area where the alien proposes to be employed.

**656.21(a)(1)** The employer shall set forth on the Application for Alien Employment Certification form, as appropriate, or in attachments: a statement of the qualifications of the alien, signed by the alien; and

**656.21(a)(2)** The employer shall set forth on the Application for Alien Employment Certification form, as appropriate, or in attachments a description of the job offer for the alien employment, including the items required by paragraph (b) of this section.

The Department of Labor requires that when corrections or changes are made to the ETA 750, Part A, those corrections or changes must be initialed and dated by the employer. The employer has failed to make changes on both copies of the ETA 750, Part A.

**The employer is required to initial and date the corrections and changes on the ETA 750, Part A.**

The Department of Labor requires that when corrections or changes are made to the ETA 750, Part B, those corrections or changes must be initialed and dated by the alien. The alien has failed to make changes on the employer's copy of the ETA 750, Part B.

The alien is required to initial and date the corrections and changes on the ETA 750, Part B.

*73*

*88*

Your lawyer Donald Puchalski had provided us with a notice that you moved from 346 Anthony Trail, Northbrook IL 60062, however, corrections were never made to the ETA 750 A& B.

You may rebut this finding by providing corrections for the following:

Amending the ETA 750A  #6 and the 750B #8 with your updated address.

Submitting a copy of the most recent business tax return that you filed with the Internal Revenue Service in 2005.

The employer must also make sure that on the ETA 750A item #24, a signature is required by the employer if the name of a agent has been entered and on  the ETA 750B item #16 signature of the alien is also required if the name of the agent has been entered.

**656.21(g)**  In conjunction with the recruitment efforts under paragraph (f) of this section, the employer shall place an advertisement for the job opportunity in a newspaper of general circulation or in a professional, trade, or ethnic publication, whichever is appropriate to the occupation and most likely to bring responses from able, willing, qualified, and available U.S. workers.

**656.21(g)(9)** If published in a newspaper of general circulation, be published for at least three consecutive days; or if published in a professionals trade, or ethnic publication, be published in the next published edition.

The ETA 750, Part A indicates that the employer is recruiting for Kitchen Supervisor in Northbrook, IL  The employer placed advertisement for the job opportunity in the **November 6, 2003** edition of the **Chicago Tribune**; however the employer only provided **1** copy of the advertisement.

This office has always accepted "proof of publication" and/or an affidavit from the publisher, so long as it contains a copy of the actual advertisement on the affidavit.  Therefore, the employer must submit a new affidavit which contains the actual advertisement, as proof of advertising.

Therefore, you may rebut this finding by submitting an affidavit which contains the actual advertisements, which also indicates that the advertisement ran for 3 consecutive days at initial time of recruitment as proof of advertising.

A copy of the Form ETA 750, Parts A and B, have been returned in the event that any changes are necessary.  The amended copies must be returned with your resubmission.  Any amendments made to the ETA 750, Part A, must be initialed and dated by the employer; and any amendments made to the ETA 750, Part B, must be initialed and dated by the alien, as appropriate.

It is the employer's responsibility to submit rebuttal evidence in a timely manner directly to the Certifying Officer.

**ALL ENCLOSURES ACCOMPANYING THIS NOTICE OF FINDINGS MUST BE RETURNED WITH THE REBUTTAL INFORMATION**

74    89

AR00093

## NOTICE OF FINDINGS: April 19, 2006



**IMPORTANT: You must include this cover sheet with your rebuttal of the notice of findings.**

**TO:**

**Attn:** TR07
Dallas Backlog Elimination Center
700 North Pearl St.
Suite 400
Dallas, Texas 75201

**FROM:**
DONALD E. PUCHALSKI
111 WEST WASHINGTON ST. SUITE 751
CHICAGO, IL 60602

**FOR CASE:**
**LOU MALNATI'S**

Due Date:              May 24, 2006
ETA Case Number:       D-05056-51066

75

9

AR00094

**Selection of Continuation Option Letter**

Dallas Backlog Processing Center
700 North Pearl St.
Suite N 400
Dallas, TX 75201


FROM:
Donald E. Puchalski
111 West Washington Street, Suite 1000
Chicago, IL 60602 -270


FOR CASE:
LOU MALNATI'S
ETA Case Number:      D-05056-51066

Check the box and sign below.
    [   ]      I wish to withdraw this application.
    [ X ]      I wish to continue the processing of this application.


**REASON FOR WITHDRAWAL**

_____

_____

_____


_____    4-7-05
Signature             Date
A

*Sharon S.*

RECEIVED
APR 18 2005
DBPC - Dallas

76

91

AR00095

LAW OFFICES OF
# DONALD E. PUCHALSKI, P.C.

®  ━━● 638

| | | |
|---|---|---|
| Donald E. Puchalski | Suite 751 | Of Counsel |
| | 111 West Washington Street | Richard J. Puchalski |
| Legal Assistants | Chicago, Illinois 60602 | Richard J. Reimer |
| Noemi A. Archibold | (312) 332-4428 | Barry A. Ketter |
| Paulina K. Palaszewska | (312) 726-4522 (Fax) | |

April 8, 2005


U.S. Department of Labor
Employment and Training Administration
Dallas Backlog Processing Center
700 North Pearl St.
Suite N 400
Dallas, TX 75201

ETA Case Number:    D-05056-51066
Petitioner:              Lou Malnati's
Beneficiary:            Saul MELCHOR QUINTERO

Dear Sir or Madam:

    I represent the above applicant in his immigration case.  In response to the Center Receipt Notification letter issued in this case enclosed please find the Selection of Continuation Option Letter.   Please note that our current address is the following:

        Law Offices of Donald E. Puchalski
        111 West Washington St.  Suite 751
        Chicago, IL 60602

    Should you have any questions please contact the undersigned.

        Sincerely,

        Donald E. Puchalski


DEP:naa
Enclosures

AR00096

LAW OFFICE OF DONALD E. PUCHALSKI
111 West Washington Street, Suite 1000
Chicago, IL 60602

**This mail was "returned to sender" by the Post Office to the Backlog Processing Center. As a result, it has been re-sent to your new address which we have researched and confirmed. Please complete and return the enclosed forms to us at your earliest convenience, as well as either a new G-28 or a letter including your new address.**

78

93

**U.S. Department of Labor**    **Employment and Training Administration**
Dallas Backlog Processing Center
700 North Pearl St.
Suite N 400
Dallas, TX 75201



### CENTER RECEIPT NOTIFICATION LETTER

March 16, 2005

LOU MALNATI'S                          ETA Case Number:    D-05056-51066
c/o Donald E. Puchalski
111 West Washington Street, Suite 1000      Alien's Name:    SAUL MELCHOR-QUINTERO
Chicago, IL 60602 -270                        Occupation:    Kitchen Supervisor, 319137030
                                    Date of Acceptance for
                                            Processing:    April 25, 2001

The <u>Application for Alien Employment Certification</u> (ETA 750) that you submitted on <u>April 25, 2001</u> has been forwarded to this Backlog Processing Center. In order to continue processing, **you must return the attached Selection of Continuation Option Letter** to the address listed thereon. You must respond to the Center within **45 days** from the date of this letter, giving a due date of <u>**May 02, 2005**</u>.

In addition, you must respond to each of the items listed on the enclosed Corrections List in order to continue processing your application. Changes, additions or deletions to the application must be initialed and dated by the employer on Part A, and the alien on Part B. It is unacceptable for the attorney representing the employer and/or alien to make amendments to Form ETA 750. Only the attorney or agent listed on ETA 750 or G-28 will receive the ETA 750 for correction. Only <u>one</u> response with corrections from <u>either</u> the representative or the employer is to be sent. **NO EXTENSION OF TIME WILL BE GRANTED.**

**You must respond to each issue on the Corrections list in one complete response.** Your response must be returned to the Center by <u>**May 02, 2005**</u> along with the Selection of Continuation Option Letter.

If the response is UNTIMELY or INCOMPLETE, your case will be CLOSED and the application will be returned to you in accordance with Title 20, Code of Federal Regulations, Part 656.21 (H). If the case is closed, you may at anytime thereafter resubmit the alien labor certification request as a new application with a new filing date.

If you have any questions regarding the issues addressed in this letter, please communicate directly with the Backlog Processing Center, Employment and Training Administration, Division of Foreign Labor Certification at the address in the letter head. **Do not contact the State Workforce Agency (SWA) (formerly State Employment Security Agency (SESA)).**

Sincerely,



Jenny Elser
Certifying Officer

CC: LOU MALNATI'S
Enclosure(s): Selection of Continuation Option Letter, [Corrections List], [Form ETA 750, Parts A & B]

*79*

*94*

AR00098

# CORRECTIONS LIST

The following items are missing from form ETA 750 Part A or B or are identified as issues that need to be resolved in order to continue processing:

Signature of Declaration Information is a required entry.
Date Signed of Declaration Information is a required entry.
Appearance Informaton Name is a required entry.
Appearance Informaton Address is a required entry.
Appearance Informaton City is a required entry.
Appearance Informaton State is a required entry.
Appearance Informaton Zip Code is a required entry.



95

OMB APPROVAL NO 1205-0182

ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY
STATE AGENCY TRANSMITTAL OF APPLICATION
FOR
FOREIGN LABOR CERTIFICATION

| REGIONAL CERTIFYING OFFICER REGION V | EMPLOYER'S NAME **Malnati Organization, Inc., d/b/a Lou Malnats** | |
|---|---|---|
| SUBMITTED BY: **ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY FOREIGN LABOR CERTIFICATION - 7 NORTH** 401 South State Street Chicago, IL 60605 | FOREIGN WORKER'S NAME (FIRST, MIDDLE INITIAL, LAST) **Saul Melchor-Quintero** | |
| **V-IL35611-L** | DOT CODE **319.137-030** | DOT TITLE **Kitchen Supervisor** |

1. TYPE OF CASE  (CHECK APPROPRIATE BOX(ES))

A. [X] PERMANENT    B. [ ] TEMPORARY    C. [ ] TEMPORARY RENEWAL    D. [ ] TEACHER, COLLEGE OR UNIVERSITY

E. [ ] PERFORMING ARTIST OF EXCEPTIONAL ABILITY    F. [ ] SCHEDULE B    G. [ ] REDUCTION OF RECRUITMENT    H. [ ] OTHER (SPECIFY) _____

2. WAGES    [ ] EMPLOYER'S WAGES WITHIN 5% OF PREVAILING WAGE

| A. EMPLOYER'S WAGE OFFER | B. LOCAL UNION WAGE | C. LOCAL PREVAILING WAGE | D. METHOD OF DETERMINING PREVAILING WAGES |
|---|---|---|---|
| $673.00 | $N.A. | $696.00 | OES/ALCATS Wage Determination |

3. STATE AGENCY REFERRAL ACTIVITY

| A. NO QUALIFIED APPLICANTS IN ACTIVE FILE **N.A.** | B. NO ACTIVE JOB BANK OPENINGS **N.A.** | C. JOB ORDER NO. (ATTACH COPY) **129453** | D. DATE(S) OF JOB ORDER **10/24/2003** | |
|---|---|---|---|---|
| E. NAME(S) OF APPLICANTS REFERED | | SOURCE (EXAMPLE JOB ORDER, ADVERTISEMENT, TRAINING PROGRAMS, ETC.) | DATE(S) OF REFERRAL | RESULTS* |
| None | | | | |

*THE EMPLOYER'S STATEMENT OF "RESULTS" OF RECRUITMENT SHOULD NOT BE USED FOR THIS ITEM.  THE LOCAL OFFICE IS REQUIRED TO MAINTAIN ITS' OWN RECORDS OF RECRUITMENT CONDUCTED THROUGH THE LOCAL OFFICE.

4. SPECIFIC INFORMATION OBTAINED FROM OTHER SOURCES.

| 5A. IS JOB UNIONIZED? [ ] YES [X] NO If "YES" complete | LOCAL NAME AND NUMBER | B. UNION REPRESENTATIVE'S NAME C. DATE (MO. DAY, YR.) | D. INFORMATION PROVIDED BY UNION: |
|---|---|---|---|

ETA 7147 (JUL 1982)

*81*

*9b*

AR00100

## 6. CHECKLIST

COMPLETE APPLICATION INCLUDES: (CHECK APPROPRIATE BOX(ES))

A [ X ] G-28 OR AGENT AUTHORIZATION

B [ X ] COPY OF POSTING

C [ X ] COPY OF JOB ORDER

D [ ] REQUEST FOR REDUCTION OF RECRUITMENT

E [ ] TRANSLATION OF DOCUMENTS IN A FOREIGN LANGUAGE

F [ ] OTHER (SPECIFY)

    [ ] RESUMES/APPLICATIONS    (          )

    [ ] MENU

    [ ] EDUCATIONAL EVALUATION AND /OR CREDENTIALS

    [ ] LETTERS SENT BY EMPLOYER TO APPLICANTS

G [ X ] COPY OF ADVERTISEMENT

H [ ] DOCUMENTATION SUPPORTING ANY UNUSUAL OR UNDULY RESTRICTIVE JOB REQUIREMENTS
    [ ] COMBINATION OF DUTIES   [ ] LANGUAGE   [ ] SPECIAL REQUIREMENTS

I [ X ] EMPLOYER STATEMENT OF RECRUITMENT RESULTS

J [ ] SPECIAL DOCUMENTS

1 [ ] HOUSEHOLD DOMESTIC WORKER

2 [ ] PHYSICIAN

3 [ ] COLLEGE OR UNIVERSITY TEACHER

4 [ ] FOREIGN WORKER OF EXCEPTIONAL ABILITY IN THE PERFORMING ARTS

5 [ ] SCHEDULE B

## 8. STATE OFFICE COMMENTS

The employer stated that no one applied for the job offered. Our records indicates that one referral was made, Tunya N. Ayers who appears to be qualified for the job offered. However, the employer/attorney did not contact IDES to verify referrals as our letter of 12/15/03 suggested therefore, he may not have had this referral.

Please Note: This employer submitted 28 applications for Kitchen Supervisor, all of whom must speak Spanish in order to prepare Italian foods. One application was returned for additional corrections. In reviewing the remaining 27 applications we noted the following:

    All 27 foreign workers have a visa status of "EWI" - entered without inspection.
    All 27 applicants are from Mexico
    All of their qualifying work experience was gained with the petitioning employer
    None of the 27 applicants have any other work history except that from Lou Malnati
    All 27 applicants just happened to work as cooks with Lou Malnati.

Given the above, the employer may not have jobs for any qualified U.S. worker, just those of IMexican decent.

Also note, the employer was advised to run one newspaper ad showing 27 position for 3 consecutive days. The employer's ad ran for one day only.

The attorney of record who filed these cases is an experienced attorney who has filed countless Labor Certification applications and who is well versed in the Foreign Labor Process, furthermore, our advertising instructions informs the employer to run the ad for 3 consecutive days.

Based on the above events, I do not recommend that certification be granted on these 27 applications without further investigation.

| STATE REPRESENTATIVE | DATE (Mo., Day, Year) |
|---|---|
| Shella Lindsey | 01/21/2004 |

*85*

## NOTICE

Pursuant to Section 20 C.F.R. 656.20, you are hereby notified that an application for Alien Employment Certification has been filed for the following position:

Kitchen Supervisor – (27 openings) Directs and manages kitchen staff in Italian restaurant. Responsible for cooks, pizza makers, line cooks, preparation staff and kitchen workers. Responsible for food preparation, orders and quality control. Trains workers and assigns job tasks. 40 hours per week. 9:00 a.m. to 5:00 p.m., 5:00 p.m. to 1:00 a.m., 8:00 a.m. to 4:00 p.m. or 4:00 p.m. to 12:00. $673.00 per week. Two years of experience as a Kitchen Supervisor or two years of experience as a Pizza maker / cook. Must speak, read and write the Spanish language. Must show proof of legal authority to work in the U.S.

Any applicant who is interested in this position may apply to the following individual for consideration:

### Jim D'Angelo

Any individual may provide documentary evidence bearing this application, with information on available workers and information on wages and working conditions, to the local State Employment Service or Regional Certifying Officer, U.S. Department of Labor, whose names are as follows:

Local Office:                          Attention:
                                       Illinois Department of Employment Security
                                       ALIEN CERTIFICATION UNIT - 7N
                                       401 South State Street
                                       Chicago, Illinois  60605

Regional Certifying Officer:

                                       RegionalCertifying Officer
                                       U.S. Department of Labor
                                       Employment & Training Administration
                                       230 South Dearborn Street
                                       Chicago, Illinois 60604

This notice is being posted for ten working days as required.

DATE POSTED:                    _November 6, 2003_

DATE POSTING TAKEN OFF:         _November 25, 2003_

_James C. D'Angelo_
SIGNATURE

This is a page of newspaper classified advertisements from the Chicago Tribune, November 6, 2003, Thursday, Section 6A, City Classified, page 3. The content consists of numerous small HELP WANTED, INSURANCE, EMPLOYMENT WANTED, CHILD CARE OFFERED, INSTRUCTION/TUITIONS, MUSICAL & DRAMATIC, SCHOOL GUIDE, and Real Estate classified advertisements that are too small and densely printed to reliably transcribe.

NOVEMBER 6, 2003    THURSDAY

CITY CLASSIFIED

C    SECTION 6A    CHICAGO TRIBUNE    3

**HELP WANTED**



TRIBUNE



Real Estate



LAW OFFICES OF
# DONALD E. PUCHALSKI

Donald E. Puchalski

Suite 751
111 West Washington Street
Chicago, Illinois 60602

(312) 332-4428
(312) 726-4522 (Fax)

Of Counsel
Richard Puchalski
Richard Reimer
Barry Ketter
Robert Reardon

January 9, 2004

Ms. Shella Lindsey
Illinois Department of
  Employment Security
Alien Certification Unit
401 S. State St.     7N
Chicago, IL  60605

*Hand Delivered*

Re:            Application for Foreign Labor Cetification
Petitioner:    Malnati Organization, Inc./ Lou Malnati's
Foreign Workers:

| | | | | | |
|---|---|---|---|---|---|
| V-IL 35601 | V-IL 35602 | V-IL 35603 | V-IL 35604 | V-IL 35605 | V-IL 35606 |
| V-IL 35607 | V-IL 35608 | V-IL 35609 | V-IL 35610 | V-IL 35611 | V-IL 35612 |
| V-IL 35613 | V-IL 35614 | V-IL 35615 | V-IL 35616 | V-IL 35617 | V-IL 35618 |
| V-IL 35619 | V-IL 35620 | V-IL 35621 | V-IL 35622 | V-IL 35623 | V-IL 35624 |
| V-IL 35626 | V-IL 35627 | V-IL 35628 | | | |

Dear Ms. Lindsey,

    I represent the above named petitioner and beneficiaries.  Enclosed please find in duplicate for each file:

1.  <u>Chicago Tribune</u> advertisement, which ran November 6, 2003.
2.  Job notice posted on the petitioner's premises where notices are customarily posted.  The notice was posted from November 6 to November 25, 2003.  There was no response to the job notice posting.
3.  Affidavit of Mr. James D'Angelo the contact representative in this case.  Mr. D'Angelo is also an officer of the petitioner.

    There were no responses to the job notice or advertisement.  No individual applied for the job offered.  Should you have any questions or comments, please feel free to call.

                        Sincerely,

                        Donald E. Puchalski

DEP:naa
Enclosures

85

100

AR00104

UNITED STATES DEPARTMENT OF LABOR
EMPLOYMENT AND TRAINING ADMINISTRATION

IN RE:                              )
                                    )
                                    )
MALNATI ORGANIZATION, INC.          )
                                    )
            Petitioner,             )
                                    )
      and                           )
                                    )
NOE ALMARAZ                         )
ROBERTO ALVAREZ                     )
ADAN BERUMEN                        )
JESUS GROSTIETA                     )
MOISES GURROLA                      )
MIGUEL GUTIERREZ                    )
JOSE HERNANDEZ                      )
VALENTIN HERNANDEZ                  )
GILBERTO LEON                       )
FELIPE MEDINA                       )
SAUL MELCHOR-QUINTERO               )
JOSE MONTALVO                       )
GERARDO MUÑOZ                       )
ALEJANDRO RAMIREZ                   )
AMINABAD REYES                      )
ALFREDO ROBLEDO                     )
JOSE ROBLEDO                        )
CENOBIO RUEDA-ROMERO                )
LUIS RUEDA                          )
JESUS RUIZ                          )
ALEJANDRO SANCHEZ                   )
ARTURO SANCHEZ                      )
GABRIEL SANCHEZ                     )
GERARDO SANCHEZ                     )
JUAN SOLIS                          )
RAMIRO SOLIS                        )
RAUL SOLIS                          )
JOSE SIFUENTES                      )
                                    )
            Beneficiaries.          )

## AFFIDAVIT OF JIM D'ANGELO

I, JIM D'ANGELO, being first duly sworn upon oath deposes and
states as follows:

86

101

1

AR00105

1.    This Affidavit is made in support of the application for alien labor certification filed by MALNATI ORGANIZATION, INC. on behalf of NOE ALMARAZ, ROBERTO ALVAREZ, ADAN BERUMEN, JESUS GROSTIETA, MOISES GURROLA, MIGUEL GUTIERREZ, JOSE HERNANDEZ, VALENTIN HERNANDEZ, GILBERTO LEON, FELIPE MEDINA, SAUL MELCHOR-QUINTERO, JOSE MONTALVO, GERARDO MUÑOZ, ALEJANDRO RAMIREZ, AMINABAD REYES, ALFREDO ROBLEDO, JOSE ROBLEDO, CENOBIO RUEDA-ROMERO, LUIS RUEDA, JESUS RUIZ, ALEJANDRO SANCHEZ, ARTURO SANCHEZ, GABRIEL SANCHEZ, GERARDO SANCHEZ, JUAN SOLIS, RAMIRO SOLIS, RAUL SOLIS, and JOSE SIFUENTES.

2.    That the matters stated herein are true and correct.

3.    That the matters stated herein are based upon personal knowledge.

4.    That if sworn as a witness I would competently testify to the matters stated herein.

5.    That I am the District Manager and am authorized to make and execute this affidavit on behalf of MALNATI ORGANIZATION, INC.

6.    That the job notice was posted on the premises of MALNATI ORGANIZATION, INC. in an open location where notices are customarily posted.  The job notice was posted for 10 business days.

7.    There were no responses to the job notice posting.

8.    No individual contacted me or applied for the job offered.   I received no letters, resumes or employment applications.  Since no one applied for the job offered no one was interviewed.

*87*

*102*

2

9.    There were no other individuals who applied for the job offered.

FURTHER AFFIANT SAYETH NOT

_Jim D'Angelo_
JIM D'ANGELO

SUBSCRIBED and SWORN to
before me this ___16___ day
of ___NOV___ 2003

NOTARY PUBLIC

OFFICIAL SEAL
EDWARD R LIS
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. DEC. 9,2003

88

103

3

Job Order Control Panel                                      Page 1 of 1

# Illinois Skills Match
### WORKFORCE DEVELOPMENT SYSTEM

**Home**(Skip Menu)                [Search Job Orders][Search Employer Contacts][Add Service]

**Help**
**Find Local Office**
**I'm Done: Log Off**

**This Job Order is POSTED**
**Matching Job Seekers: 4**

[ Matching Job Seekers ]          [ Recruiting Outcomes ]

[ Job Order List ]                        Copy Job Order

| **Job Description Summary** | | **Work Location** |
|---|---|---|
| Job Order Id:  129453 | [Update] | 346 Anthony Trail |
| Kitchen Supervisor | | Northbrook, IL 60062 |
| Tracking ID:  2005-L (035601)To 35628 | | |
| 2yrs exp. Must speak,rea... | | |

**Skills**
Your Job Order has 23 skill(s).

| **Benefits Offered** | | **Job Order Dates** |
|---|---|---|
| | [Update] | This job order will close on 11/23/2003. |
| | | Click Update to Close or put this jo order On Hold. |

| **Other Info** | | **Contact Info** |
|---|---|---|
| Do not notify me daily of new matches. | [Update] | If a Job Seeker is Interested ... |
| Do not send me resumes. | | If I am interested in a Job Seeker . |
| Others may not view this job order. | | |

**Staff Only**
Owner:
Special Programs:
Affirmative Action: No

**Need to print this?**
[ Printable Job Order ]

Questions or Comments regarding Illinois Skills Match or IDES?  Email the System Administrator

Copyright 2000 by Illinois Dept. of Employment Security Using this web site indicates acceptance
Agreement

*89*

*104*

**Jim  D'Angelo**
**Malnati Organization, Inc**

346 Anthony Trail
Northbrook , IL  60062
Phone:  (847)562-1814

## Job Information
**Tracking Identifier:**  2005-L (035601)
**Job Title:**  Kitchen Supervisor
**Description & Duties:**  2yrs exp. Must speak,read write Spanish. Directs and manages kitchen staff
**Number Of Openings:**  27
**Hours per Week:**  36-40
**Duration Of Work:**  On-Going
**Shifts Available:**  First
**Type Of Work:**  Full Time
**Minimum Education:**  High School Diploma or GED
**Salary Range:**  673.00
**Public Transportation:**  Not Available

## Skills
### Language Skills
- Speak read or write Spanish        Yes

### Chefs and Head Cooks
- Open or close establishment        1 - 3 years

### Food Service Managers
- Direct banquet bar and dining room operations        1 - 3 years
- Ensure health and safety regulation and compliance        1 - 3 years
- Ensure quality standards        1 - 3 years
- Ensure sanitation standards        1 - 3 years
- Investigate or resolve complaints        1 - 3 years
- Purchase, order or requisition materials, supplies or equipment        1 - 3 years
- Resolve worker grievances        1 - 3 years
- Taste or smell food or beverages to ensure flavor        1 - 3 years
- Train personnel        1 - 3 years

### First-Line Supervisors/Managers of Food Preparation and Serving Workers
- Assign or prepare work schedules, duties, tasks, or responsibilities        1 - 3 years
- Compile or maintain records        1 - 3 years
- Comply with local, state, federal or company regulations or procedures        1 - 3 years
- Confer with personnel to resolve problems        1 - 3 years
- Ensure compliance to industry standards        1 - 3 years
- Establish work standards        1 - 3 years
- Expedite or coordinate food orders        1 - 3 years
- Follow or maintain safe food handling and sanitation procedures        1 - 3 years
- Inspect dining area or service stations for cleanliness, neatness and readiness        1 - 3 years
- Recommend or enforce safety procedures        1 - 3 years
- Supervise or coordinate personnel        1 - 3 years
- Inspect meals for dietary conformance, palatability, and appearance        Less than 1 year

_90_

_105_

AR00109

OMB Approval No. 44-R1301

U.S. DEPARTMENT OF LABOR
Employment and Training Administration

**APPLICATION**

**FOR**

**ALIEN EMPLOYMENT CERTIFICATION**

**IMPORTANT: READ CAREFULLY BEFORE COMPLETING THIS FORM**
*PRINT legibly in ink or use a typewriter. If you need more space to answer questions on this form, use a separate sheet. Identify each answer with the number of the corresponding question. SIGN AND DATE each sheet in original signature.*

*To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001)*

**PART A. OFFER OF EMPLOYMENT**

1. Name of Alien *(Family name in capital letter, First, Middle, Maiden)*

MELCHOR-QUINTERO                    Saul

2. Present Address of Alien *(Number, Street, City and Town, State ZIP Code or Province, Country)*

5559 North Magnolia Avenue, Chicago, IL  60640

The following information is submitted as evidence of an offer of employment.

3. Type of Visa *(If in U.S.)*

B-1

4. Name of Employer *(Full name of organization)*

Malnati Organization, Inc., d/b/a Lou Malnati's

5. Telephone *(Area Code and Number)*

(847) 562-1814

6. Address *(Number, Street, City or Town, Country, State, Zip Code)*

346 Anthony Trail, Northbrook, IL 60062, USA

7. Address Where Alien Will Work *(if different from item 6)*

There are various locations of the restaurant and the managers are transferred as needed to these locations all of which are in the Chicago area.

| 8. Nature of Employer's Business Activity | 9. Name of Job Title | 10. Total Hours Per Week | | 11. Work Schedule (Hourly) | 12. Rate of Pay | |
|---|---|---|---|---|---|---|
| | | a. Basic | b. Overtime | | a. Basic | b. Overtime |
| restaurant | Kitchen Supervisor | 40 | 0 | 9-5 a.m. 5-1 p.m. 8-4 4-12 | $673.00 per wk | $ 0 per hour |

13. Describe Fully the Job to be Performed *(Duties)*

Directs and manages kitchen staff in Italian restaurant. Responsible for cooks, pizza makers, line cooks, preparation staff and kitchen workers. Responsible for food preparation, orders and quality central. Trains workers and assigns job tasks.

14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactory the job duties described in Item 13 above.

| EDU-CATION *(Enter number of years)* | Grade School | High School | College | College Degree Required *(specify)* N/A |
|---|---|---|---|---|
| | 0 | 0 | 0 | Major Field of Study N/A |

| TRAIN-ING | No. | Yrs. | No. Mos. | Type of Training N/A |
|---|---|---|---|---|
| | 0 | | | |

| EXPERI-ENCE | Job Offered | | Related Occupation | Related Occupation *(specify)* |
|---|---|---|---|---|
| | Yrs. 2 | Number Mos. 0 | Yrs. 2 Mos. 0 | Pizza maker/cook |

15. Other Special Requirements

Must speak, read and write the Spanish language.

16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor      District Manager

17. Number of Employees Alien Will Supervise

ENDORSEMENTS *(Make no entry in section - for government use only)*

Date Forms Received

| L.O. 4-25-01 | S.O. 4-25-01 |
|---|---|
| R.O. | N.O. |
| Ind. Code 5812 | Occ. Code 319.137-030 |
| | Occ. Title Kitchen Supervisor |

106

91

AR00110

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | | 19. IF JOB IS UNIONIZED *(Complete)* | |
|---|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | | a. Number of Local | b. Name of Local |
| | From | To | | N/A |
| N/A | | | N/A | c. City and State |

| 20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS    *(Complete for Private Household Job ONLY)* | | | | | | |
|---|---|---|---|---|---|---|
| a. Description of Residence | | b. No. Persons Residing at Place of Employment | | | c. Will free board and private room not shared with anyone be provided? | *("X" one)* |
| *("X" one)* ☐ House ☐ Apartment | Number of Rooms | Adults | | | ☐ YES  ☐ NO | |
| | | | BOYS | Children    Ages | | |
| | | | GIRLS | | | |

21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS.    *(Specify Sources of Recruitment by Name)*

Internal referrals and recruitment.

22.    Applications require various types of documentation.  Please read PART II of the instructions to assure that appropriate supporting documentation is included with your application.

### 23. EMPLOYER CERTIFICATIONS

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.*

a.  I have enough funds available to pay the wage or salary offered the alien.

b.  The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c.  The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly or monthly basis.

d.  I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e.  The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f.  The job opportunity is not:

(1)  Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

(2)  At issue in a labor dispute involving a work stoppage.

g.  The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h.  The job opportunity has been and is clearly open to any qualified U.S. worker.

### 24. DECLARATIONS

DECLARATION OF EMPLOYER    ➤    *Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.*

| SIGNATURE *Jim D'Angelo* | DATE 3/31/01 |
|---|---|
| NAME  *(Type or Print)*  Jim D'Angelo | TITLE  District Manager |

AUTHORIZATION OF AGENT OF EMPLOYER    ➤    *I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.*

| SIGNATURE OF EMPLOYER | DATE |
|---|---|
| NAME OF AGENT  *(Type or Print)* | ADDRESS OF AGENT *(Number, Street, City, State, ZIP Code)* |

AR00111

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | | 19. IF JOB IS UNIONIZED  *(Complete)* | |
|---|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | | a. Number of Local | b. Name of Local |
| | From | To | | N/A |
| N/A | | | N/A | c. City and State |

| 20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS | | *(Complete for Private Household Job ONLY)* | | | |
|---|---|---|---|---|---|
| a. Description of Residence | b. No. Persons Residing at Place of Employment | | | | c. Will free board and private room not shared with anyone be provided? |
| *("X" one)* | Number of Rooms | Adults | Children | Ages | *("X" one)* |
| ☐ House | | | | | |
| ☐ Apartment | | BOYS | | | ☐ YES  ☐ NO |
| | | GIRLS | | | |

**21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS.**  *(Specify Sources of Recruitment by Name)*

Internal referrals and recruitment.

**22.**    Applications require various types of documentation.  Please read PART II of the instructions to assure that appropriate supporting documentation is included with your application.

**23. EMPLOYER CERTIFICATIONS**

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.*

a.  I have enough funds available to pay the wage or salary offered the alien.

b.  The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c.  The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly or monthly basis.

d.  I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e.  The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f.  The job opportunity is not:

(1)  Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

(2)  At issue in a labor dispute involving a work stoppage.

g.  The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h.  The job opportunity has been and is clearly open to any qualified U.S. worker.

**24. DECLARATIONS**

DECLARATION OF EMPLOYER  ➤  *Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.*

| SIGNATURE | DATE |
|---|---|
| *Jim D'Angelo* (signature) | 3/31/01 |
| NAME  *(Type or Print)* | TITLE |
| Jim D'Angelo | District Manager |

AUTHORIZATION OF AGENT OF EMPLOYER  ➤  *I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.*

| SIGNATURE OF EMPLOYER | | DATE |
|---|---|---|
| NAME OF AGENT  *(Type or Print)* | ADDRESS OF AGENT *(Number, Street, City, State, ZIP Code)* | |

92

AR00112

## PART B. STATEMENT OF QUALIFICATIONS OF ALIEN

**FOR ADVICE CONCERNING REQUIREMENTS FOR ALIEN EMPLOYMENT CERTIFICATION:** *If alien is in the U.S., contact nearest office of Immigration and Naturalization Service. If alien is outside U.S., contact nearest U.S. Consulate.*

**IMPORTANT: READ ATTACHED INSTRUCTIONS BEFORE COMPLETING THIS FORM.**

*Print legibly in ink or use a typewriter. If you need space to fully answer any questions on this form, use a separate sheet. Identify each answer with the number of the corresponding question. Sign and date each sheet.*

| | |
|---|---|
| 1. Name of Alien *(Family name in capital letters)* **Saul** — First Name — Middle Name — Maiden Name | |

**2. Present Address** *(No., Street, City or Town, State or Province and ZIP Code*  —  Country

5559 North Magnolia Avenue, Chicago, IL 60640  —  USA

**3. Type of Visa** *(If in U.S.)*  —  EWI

**4. Alien's Birthdate** *(Month, Day, Year)*  —  3-22-72

**5. Birthplace** *(City or Town, State or Province)*  —  Michoacan  —  Country  —  Mexico

**6. Present Nationality or Citizenship** *(Country)*  —  Mexico

**7. Address in United States Where Alien Will Reside**

same as above

**8. Name and Address of Prospective Employer if Alien has job offer in U.S.**

Malnati Organization, Inc., d/b/a Lou Malnati's

346 Anthony Trail, Northbrook, IL 60062, USA

**9. Occupation in which Alien is Seeking Work**

Kitchen supervisor

**10.** "X" the appropriate box below and furnish the information required for the box marked

| | | City in Foreign Country | Foreign Country |
|---|---|---|---|
| a. ☐ | Alien will apply for a visa abroad at the American Consulate in | | |
| b. ☒ | Alien is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization Service at → | City  Chicago | State  IL |

| 11. Names and Addresses of Schools, Colleges and Universities Attended *(Include trade or vocational training facilities)* | Field of Study | FROM Month | FROM Year | TO Month | TO Year | Degrees or Certificates Received |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

### SPECIAL QUALIFICATIONS AND SKILLS

**12.** Additional Qualifications and Skills Alien Possesses and Proficiency in the use of Tools, Machines or Equipment Which Would Help Establish if Alien Meets Requirements for Occupation in Item 9.

N/A

**13.** List Licenses *(Professional, journeyman, etc.)*

N/A

**14.** List Documents Attached Which are Submitted as Evidence that Alien Possesses the Education, Training, Experience, and Abilities Represented

N/A

Endorsements

*(Make no entry in this section -- FOR Government Agency USE ONLY)*

DATE REC. DOL

O.T. & C.

*(Items continued on next page)*





AR00113

15. WORK EXPERIENCE.    *List all jobs held during past three (3) years.  Also, list any other jobs related to the occupation for which the alien is seeking certification as indicated in item 9.*

a. NAME AND ADDRESS OF EMPLOYER
Lou Malnati's
346 Anthony Trail
Northbrook, IL 60062, USA

| NAME OF JOB | DATE STARTED | | DATE LEFT | | KIND OF BUSINESS |
|---|---|---|---|---|---|
| | Month | Year | Month | Year | |
| Kitchen supervisor | 9 | 97 | Present | | restaurant |

DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT | NO. OF HOURS PER WEEK 40

Directs and manages kitchen staff in Italian restaurant.  Responsible for cooks, pizza makers, line cooks preparation staff and kitchen workers.  Responsible for food preparation, orders and quality control.  Trains workers and assigns job tasks.

b. NAME AND ADDRESS OF EMPLOYER

Lou Malnati's, 346 Anthony Trail, Northbrook, IL 60062

| NAME OF JOB | DATE STARTED | | DATE LEFT | | KIND OF BUSINESS |
|---|---|---|---|---|---|
| | Month | Year | Month | Year | |
| Cook | 5 | 93 | 9 | 97 | restaurant |

DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT | NO. OF HOURS PER WEEK 40

Prepared various Italian food dishes for receipes such as appetizers, soups, salads, entrees, vegetables, meats and desserts.

c. NAME AND ADDRESS OF EMPLOYER

| NAME OF JOB | DATE STARTED | | DATE LEFT | | KIND OF BUSINESS |
|---|---|---|---|---|---|
| | Month | Year | Month | Year | |
| | | | | | |

DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT | NO. OF HOURS PER WEEK

### 16. DECLARATIONS

DECLARATION OF ALIEN  ➤  *Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.*

| SIGNATURE OF ALIEN | DATE |
|---|---|
| X  SAUL MELCHOR QUINTERO | 4-19-01 |

AUTHORIZATION OF AGENT OF ALIEN  ➤  *I hereby designate the agent below to represent me for the purpose of labor certification and I take full responsibility for accuracy of any representations made by my agent.*

| SIGNATURE OF ALIEN | DATE |
|---|---|
| | |

| NAME OF AGENT    (Type or Print) | ADDRESS OF AGENT (No., Street, City, State, ZIP Code) |
|---|---|
| | |

AR00114

**15. WORK EXPERIENCE.** *List all jobs held during past three (3) years. Also, list any other jobs related to the occupation for which the alien is seeking certification as indicated in item 9.*

**a. NAME AND ADDRESS OF EMPLOYER**
Lou Malnati's
346 Anthony Trail
Northbrook, IL 60062, USA

| NAME OF JOB | DATE STARTED Month / Year | DATE LEFT Month / Year | KIND OF BUSINESS |
|---|---|---|---|
| Kitchen supervisor | 9  97 | Present | restaurant |

DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT | NO. OF HOURS PER WEEK  40

Directs and manages kitchen staff in Italian restaurant. Responsible for cooks, pizza makers, line cooks preparation staff and kitchen workers. Responsible for food preparation, orders and quality control. Trains workers and assigns job tasks.

**b. NAME AND ADDRESS OF EMPLOYER**

Lou Malnati's, 346 Anthony Trail, Northbrook, IL 60062

| NAME OF JOB | DATE STARTED Month / Year | DATE LEFT Month / Year | KIND OF BUSINESS |
|---|---|---|---|
| Cook | 5  93 | 9  97 | restaurant |

DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT | NO. OF HOURS PER WEEK  40

Prepared various Italian food dishes for receipes such as appetizers, soups, salads, entrees, vegetables, meats and desserts.

**c. NAME AND ADDRESS OF EMPLOYER**

| NAME OF JOB | DATE STARTED Month / Year | DATE LEFT Month / Year | KIND OF BUSINESS |
|---|---|---|---|
|  |  |  |  |

DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT | NO. OF HOURS PER WEEK

---

**16. DECLARATIONS**

DECLARATION OF ALIEN ➤ *Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.*

| SIGNATURE OF ALIEN | DATE |
|---|---|
| X   SAUL MELCHOR QUINTERO | 4-19-01 |

AUTHORIZATION OF AGENT OF ALIEN ➤ *I hereby designate the agent below to represent me for the purpose of labor certification and I take full responsibility for accuracy of any representations made by my agent.*

| SIGNATURE OF ALIEN | DATE |
|---|---|
|  |  |

| NAME OF AGENT   *(Type or Print)* | ADDRESS OF AGENT *(No., Street, City, State, ZIP Code)* |
|---|---|
|  |  |

94

NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| In re: | DATE March 31, 2001 |
| MELCHOR-QUINTERO, Saul | FILE No: |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

NAME
Saul Melchor-Quintero ☐ Petitioner ☐ Applicant
☒ Beneficiary ☐

ADDRESS (Apt. No.)    (Number & Street)    (City)    (State)    (ZIP Code)
5559 North Magnolia Avenue    Chicago    IL    60640

NAME
☐ Petitioner ☐ Applicant
☐ Beneficiary ☐

ADDRESS (Apt. No.)    (Number & Street)    (City)    (State)    (ZIP Code)

Check Applicable Item(s) below:

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
   Illinois Supreme Court _____ and am not under a
   *(Name of Court)*
   court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following-named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board

☐ 3. I am associated with _____
   the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. (If you check this item, also check item 1 or 2, whichever is appropriate.)

☐ 4. Others (Explain fully.)

LIN   001844   Chi   004972

| SIGNATURE | COMPLETE ADDRESS Sklodowski, Puchalski & Reimer 111 West Washington Street, Suite 1000 Chicago, IL 60602-2705 |
| NAME (Type or Print)    Donald E. Puchalski | TELEPHONE NUMBER (312) 332-4428 |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:  Donald E. Puchalski
*(Name of Attorney or Representative)*
THE ABOVE CONSENT TO DISCLOSE IS IN CONNECTION WITH THE FOLLOWING MATTER:
Immigration

| NAME OF PERSON CONSENTING Saul Melchor-Quintero | SIGNATURE OF PERSON CONSENTING X Saul Melchox Quintero | DATE March 31, 2001 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

Form G-28
(Rev. 10-25-79)N

(OVER)

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service

95

110
AR00116

# EXHIBIT 2

AR00117

Westlaw.

97 -INA- 0182, 2000 WL 1230456 (Bd.Alien Lab.Cert.App.)                    Page 1

**H**
97 -INA- 0182, 2000 WL 1230456 (Bd.Alien Lab.Cert.App.)

U.S. DEPARTMENT OF LABOR
BOARD OF ALIEN LABOR CERTIFICATION APPEALS

*1 IN THE MATTER OF:
LUCKY HORSE FASHION, INC., EMPLOYER
ON BEHALF OF
DI WU HONG, ALIEN.

CASE NO. 1997-INA-0182

August 22, 2000

Certifying Officer: Delores Dehaan, Region II
Appearances: John L. Moncrief, Esq.
New York, NY
For Employer and Alien

Vincent C. Costantino, Esq.
Washington, D.C.
For the Certifying Officer

Kenneth H. Stern, Esq.

Stephanie Goldsborough, Esq.
Denver, CO
For American Immigration Lawyers Association, American Immigration Law Foundation

Before: Chief Judge Vittone, Associate Chief Judge Burke, Administrative Law
Judges Holmes, Huddleston, Jarvis, and Wood

### DECISION AND ORDER

The above action arises upon the Employer's request for review pursuant to 20
C.F.R. § 656.26 (1991) of the denial by a U. S. Department of Labor Certifying Of-
ficer ("CO") of alien labor certification for the position of "Sewing Machine Re-
pairer." The CO denied certification on the ground that the job opportunity con-
tains a foreign language requirement which has not been supported by evidence of
business necessity as required by § 656.21(b)(2). The decision of the CO was af-
firmed *per curiam* on March 19, 1998, on the basis of the well established prin-
ciples set out in *Information Industries, Inc.*, 1988-INA-82 (Feb. 8, 1989)(*en
banc*).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

97 -INA- 0182, 2000 WL 1230456 (Bd.Alien Lab.Cert.App.)                                    Page 2

Employer filed a request for review by the full Board of Alien Labor Certification Appeals on April 3, 1998. Employer argues that the *per curiam* decision seems to concede that a 100% Chinese speaking work force justifies a Chinese speaking repairer but not a three dialect speaking repairer. Thus, Employer argues that the application should have been remanded to permit amendment and re-advertisement of the job for a repairer who speaks "Cantonese or perhaps Cantonese and Chao Chow." Employer also argues that the panel decision finds that another worker should be relied upon to translate, and "[t] he fact that a business may have 'made do' using another worker to translate is not determinative of 'business necessity' if it is an inefficient way to do business."

On September 29, 1998, we granted the request for *en banc* review concerning the proper way in which to analyze a foreign language requirement(s) where a majority of Employer's workforce does not speak English, or speaks English plus a common foreign language. We also noticed that this review may require the Board to examine *Information Industries, Inc.*, 1988-INA-82 (Feb. 8, 1989)(*en banc*)(established business necessity test), and *Coker's Pedigreed Seed Co.*, 1988-INA-48 (April 19, 1989)(*en banc*) (adapted business necessity test to foreign language requirements), and their progeny. We ordered submission of briefs within 90 days, and invited the American Immigration Lawyers Association (AILA) and the American Immigration Law Foundation (AILF) to participate as *amici curiae*. Briefs were filed by the CO, *Amici* AILA and AILF.

### Statement of the Case

*2 Employer, Lucky Horse Fashion, Inc. seeks labor certification for the new position of "Sewing Machine Repairer." Employer required 2 years of experience in the job offered and the ability to speak three Chinese dialects, Chao Chow, Cantonese and Mandarin.

In a Notice of Findings dated September 2, 1996, the CO found, *inter alia*, that Employer's requirement of fluency in the Chinese dialects of Cantonese, Chao Chow and Mandarin languages was unduly restrictive pursuant to 20 C.F.R. § 656.21(b)(2)(i). Employer was directed to establish business necessity. (AF 32-37)

In its rebuttal submitted on July 9, 1996 (AF 38-64), Employer's president stated that all of its workers speak a dialect of Chinese, and that nearly all its workers speak very limited English. Employer asserted that the sewing machine repairer would speak one of these three dialects eighty-five percent (85%) of the time. Only ten percent (10%) of its workers can communicate sufficiently in English to establish a problem with a machine. Employer explained that sewing machine repair problems cannot be efficiently explained with sign language-that problems include "angle and depth of needle strokes, feed timing, needle and hook timing, thread timing and reverse feeding." (AF 59A) Efficiency would be lost, explained Employer, if a translator was required. Early in the application process, Employer's president had stated that he had to be present to translate for outside repairers-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

AR00119

97 -INA- 0182, 2000 WL 1230456 (Bd.Alien Lab.Cert.App.)                      Page 3

an expensive and time consuming process in a highly competitive business. (AF 1)
Moreover, Employer explained that its past experience with outside repairers had
been unsatisfactory "partly because of the language problems." (AF 59)

Employer's rebuttal also included the statement of the President of Ching Heung
Fashions Corp. indicating that it employs a full time sewing machine operator;
that it cannot afford to have a machine down; that outside repairers cannot be re-
lied on to come when called; and that it is important that the repairer speak
Chinese "when all of your workers speak Chinese." (AF 58) Similar statements were
supplied by the Presidents of Yue Yee Inc., Heung Fook Fashions, and LP Fashions,
Inc. (AF 55-57) Finally, Employer supplied an employee list showing the Chinese
dialect spoken by each of its employees. (AF 51-54)

The CO issued a Final Determination on July 17, 1996 (AF 65-68) denying certifica-
tion based on her conclusion that business necessity for the three dialects had
not been established. The CO denied certification on the ground that a U.S. ap-
plicant was unlawfully rejected. The CO concluded that the applicant was appar-
ently well qualified except for the language requirement. The CO pointed to the
fact that Employer had been using outside repairers effectively for a number of
years. Employer requested Board review on August 2, 1996. (AF 95-105) Employer's
president stated that although he has been able to do business without a Chinese
speaking repairer, it was a temporary "make do" situation. (AF 105) Employer's re-
quest for review also included a legal brief.  (AF 95-102)

### Discussion

*3 This matter is before us to review *en banc* the proper way in which to analyze a
foreign language requirement(s) where a majority of Employer's workforce does not
speak English, or speaks English plus a common foreign language. We also noticed
that this review may require us to examine *Information Industries, Inc.*,
1988-INA-82 (Feb. 8, 1989)(*en banc*) (established business necessity test), and
*Coker's Pedigreed Seed Co.*, 1988-INA-48 (April 19, 1989)(*en banc*) (adapted busi-
ness necessity test to foreign language requirements), and their progeny.

The regulation provides at 20 C.F.R. § 656.21(b)(2)(i) that:
    (2) The employer shall document that the job opportunity has been and is being
described without any unduly restrictive job requirements:
        (i) The job opportunity's requirements, unless adequately documented as
    arising from business necessity:
            (A) Shall be those normally required for the job in the United States;
            (B) Shall be those defined for the job in *the Dictionary of Occupational
            Titles (D.O.T.)* including those for subclasses of jobs;
            (C) Shall not include requirements for a language, other than English.

The requirements of subsections A, B and C § 656.21(b)(2)(i) must be read as con-
junctive.[FN1] Thus, job requirements which do not comply with all three subsec-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tions A, B and C, are unduly restrictive unless adequately documented as arising
from business necessity. Moreover, the regulation specifically provides that a
foreign language requirement is unduly restrictive under § 656.21(b)(2)(i)(C). We
have addressed the standard for establishing business necessity in *Information In-
dustries, Inc.*, 1988-INA-82 (Feb. 9, 1989) (*en banc*), as follows:

> We hold that, to establish business necessity under Section 656.21(b)(2)(i), an
> employer must demonstrate that the job requirements bear a reasonable relation-
> ship to the occupation in the context of the employer's business and are essen-
> tial to perform, in a reasonable manner, the job duties as described by the em-
> ployer. This standard, in assuring **both** that the job's requirements bear a
> reasonable relationship to the **occupation** and are essential to perform the **job
> duties**, gives appropriate emphasis to the Act's presumption that qualified U.S.
> workers are available. An employer cannot obtain alien labor certification by
> showing that the job requirements merely "tend to contribute to or enhance the
> efficiency and quality of the business." On the other hand, this standard is
> not impossible to meet. An employer has the discretion, within reason, to ob-
> tain certification for any job whose requirements are directly related to its
> business, and does not have to establish dire financial consequences if the job
> is not filled or is filled by a U.S. worker who is not fully qualified.

(Footnotes omitted)(emphasis added).

Although the facts in *Information Industries* did not involve a foreign language
requirement, we have held that the reasoning is equally applicable where the of-
fending requirement involves a foreign language. Therefore, an employer may estab-
lish business necessity for a foreign language under § 656.21(b)(i), by demon-
strating that 1) the foreign language requirement bears a reasonable relationship
to the occupation in the context of the employer's business and 2) is essential to
perform, in a reasonable manner, the job duties as described by the employer. *See,
Coker's Pedigreed Seed Company, (supra)*.

*4 Subsequently, more than 200 panel decisions have been issued in which the busi-
ness necessity for a foreign language requirement has been considered. Many of
these panel decisions have analyzed the case under both prongs of the *Information
Industries* business necessity test, *e.g., Wong's Palace Chinese Restaurant*,
1994-INA-410 (Oct. 12, 1995). However, some decisions seem to have focused primar-
ily upon the issue of whether the foreign language is essential to perform, in a
reasonable manner, the job duties as described by the employer (second prong of
*Information Industries*), without addressing whether the requirement bears a reas-
onable relationship to the **occupation** in the context of the employer's business
(first prong of *Information Industries*). The *per curiam* decision issued in this
case cited *Information Industries*, but did not separately analyze the evidence in
light of both prongs of the business necessity test.

We consider the issue today, *en banc*, to clarify the proper way in which to ana-
lyze the business necessity for a foreign language requirement. In so doing, we
emphasize that there must be a two part analysis. First, it must be determined

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

AR00121

whether a foreign language requirement is shown to bear a reasonable relationship to the **occupation itself**, in the context of employer's business. Second, it must be determined whether the foreign language is essential to perform, in a reasonable manner, the **job duties** as described by the employer.

In considering an occupation, the specific title of the job as defined in the *Dictionary of Occupational Titles (DOT)* must first be determined. Once determined, the *DOT* description of the occupation must be examined to determine if the use of a foreign language is supported. The use of a foreign language is specifically supported for many occupational titles listed in the *DOT, e.g.*, Children's Tutor (099.227-010), Tutor (099.227-034), Music Librarian, International Broadcast (100.367-026), Newswriter (131.262-014), Translator (137.267-018); Announcer (159.147-010), etc. In other titles a need to communicate with foreign clients, customers or suppliers is implied, *e.g.*, Import-Export Agent (184.117-022).

However, even if the *DOT* description supports the use of a foreign language, an employer must still establish business necessity because subsections A, B and C § 656.21(b)(2)(i) must be read as conjunctive, and the requirement of a foreign language is unduly restrictive under § 656.21(b)(2)(i)(C). Presumably, such would be easier where the use of the foreign language is at least supported by the *DOT*.

If the *DOT* description of the occupation does not support the use of a foreign language, the employer's burden of proof is compounded. The burden of proof rests with an employer to establish that, nevertheless, in spite of the lack of support for the foreign language in the DOT description, in the context of the employer's specific business, the use of a foreign language bears a reasonable relationship to the occupation.

*5 In the instant case, the job offered is that of a Sewing Machine Repairer.[FN2] Clearly, the *DOT* neither specifically nor implicitly supports the use of a foreign language in describing the position of Sewing Machine Repairer. Therefore, the Employer bears the burden of proof to establish that the requirement (that the repairer must speak "Chinese Cantonese, Chao Chow and Mandarin") bears a reasonable relationship to the occupation of Sewing Machine Repairer within the context of the Employer's business.

In rebuttal to the NOF, Employer submitted a letter by its Attorney (which does not address the foreign language issue), a letter by S. Ho Lee (President of Lucky Horse Fashions, Inc.), a letter by Jack Yu (President of Ching Heung Fashions Corp.), a letter by John Mak (President of Yue Yee Inc.), a letter by Sau K. Lui (Heung Fook Fashions Cin.C.), a letter by Peter Leung (President of LP Fashions Inc.), and a 6 page document entitled "Employee List, Lucky Horse Fashions, Inc. The list contains names of employees, social security numbers, hourly wage, and the dialect of Chinese spoken by each employee.

Employer's President states that 100% of the people the worker (repairer) will

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

97 -INA- 0182, 2000 WL 1230456 (Bd.Alien Lab.Cert.App.)                    Page 6

deal with speak a dialect of Chinese; that none speak English as a first language; that maybe 10% can communicate in English sufficiently to explain a problem with a machine; that the worker will spend an estimated 85% of the time speaking one of the three dialects of Chinese; and that the absence of the language ability would make the worker less efficient and cost the time of another worker to translate. Each of the letters from other companies (presumably competitors), essentially state that it is important to have a repairer who speaks Chinese when all of the workers speak Chinese. Thus, Employer's rebuttal argues that business necessity is shown solely because **co-workers** of the job applicant do not speak English.

However, a very significant distinction must be drawn between an employee's need to communicate with "clients, contractors and customers" and his need to communicate with "co-workers." Communication in a foreign language with ""clients, contractors and customers" may clearly be related to the occupation itself, as in *Coker's Pedigreed Seed Company, (supra)*, if a substantial portion of the employer's business involves speaking the language.[FN3] The job opportunity in *Coker* was that of a "Senior Soybean Breeder" with duties that required travel and work in Brazil and other parts of South America. There, the first part of the *Information Industries* business necessity test was established because the employer had established that a substantial portion of the employer's business was performed in a foreign language in Brazil and Argentina. Similar results were reached in *Construction and Investment Corp., dba Efficient Air*, 1988-INA-55 (April 24, 1989) *(en banc)*(business necessity established for sales and marketing director who must deal in Arabic with Middle Eastern clients); *Tel-ko Electronics, Inc.*, 1988-INA-416 (July 30, 1990) *(en banc)*(business necessity established where employee must deal with Korean suppliers of electronic equipment). However, each of these cases involves the use of a foreign language to communicate with clients, contractors or customers, not solely to communicate with co-workers. While there are situations in which business necessity could be established based upon a foreign speaking workforce (e.g., *Wong's Chinese Restaurant, supra*., and cases cited therein), such cases are few and are dependent upon satisfaction of both prongs of the *Information Industries* business necessity test.

*6 In the instant case, we have an **employer** whose business establishment is in the United States; there is no evidence of a need to communicate with clients, contractors and customers who do not speak English in the U.S. or any other country; there is no evidence of a need to travel to foreign countries to conduct business; there is no evidence of a need to communicate with non-English speaking employees in other countries; and there is no support for the use of a foreign language in the *DOT* position description for sewing machine repairer.

An employer's burden to overcome the specific exclusion of the use of a foreign language in § 656.21(b)(2)(i)(C) is not easily met. By specifically excluding the use of a foreign language, it is clear that the drafters of the regulation intended that such requirements be given special scrutiny. This is especially true where the language spoken by co-workers has nothing to do with the occupation it-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

AR00123

self and where the only justification offered is that the foreign language is re-
quired in order to communicate with co-workers. The result of permitting an em-
ployer to establish business necessity for a foreign language, solely because all
of its employees only speak a foreign language is to create a self-perpetuating
foreign labor force that, as a practical matter, excludes all but a few U.S. work-
ers, contrary to the purposes of the Act.

In the instant case, Employer's job requirements include the use of a foreign lan-
guage. Therefore, under § 656.21(b)(2)(i) Employer must establish the business ne-
cessity of the foreign language requirement. Under *Information Industries*, Employ-
er must first establish that the use of a foreign language bears a reasonable re-
lationship to the occupation of sewing machine repairer within the context of its
business. The *DOT* job description for the occupation of "sewing machine repairer,"
neither explicitly or implicitly supports the use of the Chinese language (whether
it is one dialect or three dialects). Employer has submitted no evidence to estab-
lish that the use of a foreign language is normal to the occupation of sewing ma-
chine repairer. The Employer's only evidence presented in rebuttal is that a high
percentage of his workforce does not speak English.

We hold that this evidence, standing alone, does not establish that the use of any
dialect of the Chinese language bears a reasonable relationship to the occupation
of sewing machine repairer within the context of Employer's business. Therefore,
Employer has not satisfied the first prong of the *Information Industries* business
necessity test.[FN4]

This decision must not be read as creating a rule that requires employers to hire
only English speaking employees, or to conduct business in the English language,
unless it can establish business necessity for not using English. To the contrary,
because of the specific exclusion of job requirements for a language other than
English in § 656.21(b)(2)(i)(C), foreign language requirements must be given spe-
cial scrutiny. We clarify that when applying our decision in *Information Indus-
tries* to the consideration of the business necessity for a foreign language re-
quirement, both prongs of the business necessity test must be satisfied. Such ana-
lysis must first determine whether an employer has established that its foreign
language requirements bear a reasonable relationship to the **occupation** itself,
rather than focusing solely on whether the language requirement is necessary to
perform the **job duties**.

*7 We also do not disagree with the findings in the *per curiam* decision, that Em-
ployer has not established that its requirements (that the sewing machine repairer
must speak three dialects of the Chinese language) are essential to perform, in a
reasonable manner, the job duties as described by the Employer. However, the find-
ing in the *per curiam* decision ("Thus, it is not credible that a sewing machine
repairer who only speaks Cantonese, or Cantonese and Chao Chow could not perform
the job duties in a reasonable manner") could be read as implying that if Employer
had required less than three dialects of Chinese, such might have been acceptable.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

97 -INA- 0182, 2000 WL 1230456 (Bd.Alien Lab.Cert.App.)                    Page 8

Indeed, Employer has made a request for a remand to reduce the requirement to only one dialect of Chinese in response to the *per curiam* decision.

However, as we have found that Employer has not first established that its foreign language requirement is reasonably related to the occupation of sewing machine repairer, under prong one of *Information Industries*, a remand to reduce the number of required dialects could not cure this defect.

For the foregoing reasons, the following Order shall issue.

### ORDER

The Certifying Officer's denial of labor certification is hereby AFFIRMED.

For the Board:

Richard E. Huddleston
Administrative Law Judge

FN1. Although § 656.21(b)(2)(i) could have been made clearer by the drafters in regard to whether the requirements of are conjunctive or disjunctive, when read in context the only logical interpretation is that they are conjunctive. Otherwise, the issue of business necessity would never be reached in any job for which a foreign language is not required. Therefore, in order for the business necessity test to be inapplicable, an employer must establish all three elements of Section 656.21(b)(2)(i), that is, that the job requirements are those normally required in the United States, are those in the DOT, and do not require fluency in a foreign language. *Information Industries, Inc., infra* at footnote 6.

FN2. *DOT* code 639.281-018: SEWING-MACHINE REPAIRER (any industry) alternate titles: sewing-machine adjuster: Repairs and adjusts sewing machines in homes and sewing departments of industrial establishments, using hand tools: Turns screws and nuts to adjust machine parts. Regulates length of stroke of needle and horizontal movement of feeding mechanism under needle. Dismantles machines and replaces or repairs broken or worn parts, using hand tools. Inspects machines, shafts, and belts. Repairs broken transmission belts. Installs attachments on machines. Initiates orders for new machines or parts. May operate machine tools, such as lathes and drill presses, to make new parts. May be designated according to location in which employed as Fitting-Room Maintenance Mechanic (boot & shoe).

FN3. To the contrary, if only a small portion of the employer's business involves persons speaking a foreign language, this may be insufficient to establish business necessity. *Cf., Weidner's Corporation*, 1988-INA-97 (November 3, 1988) *(en banc); Best Roofing Company, Inc.*, 1988-INA-125 (December 20, 1988) *(en banc)*.

FN4. It would not be inappropriate for the CO to require an Employer to provide evidence of the business related reasons that none of his other employees speak

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

97 -INA- 0182, 2000 WL 1230456 (Bd.Alien Lab.Cert.App.)                    Page 9

English. For example, an employer who does not pay prevailing wages or who hires illegal aliens, should not be permitted to use the fact that his workforce speaks no English as the basis to obtain labor certifications. However, the dissent appears to place the burden of proof upon the CO to establish that an Employer's non-English speaking workforce is grounded in violations of immigration or labor laws. To the contrary, the burden of proof must always remain with an Employer to overcome the specific exclusion of the use of a foreign language in § 656.21(b)(2)(i)(C). This finding must not be construed as holding that business necessity can never be established based upon evidence of a non-English speaking workforce. However, an Employer who relies solely upon evidence that his existing workforce does not speak English, without evidence that such is the result of lawful market forces, does not carry his burden of proof that the job bears a reasonable relationship to the use of a foreign language.

**CONCURRING IN PART, AND DISSENTING IN PART. ASSOCIATE CHIEF JUDGE THOMAS M. BURKE JOINS IN THIS CONCURRENCE/DISSENT.**

**\*8 JOHN M. VITTONE**
**Chief Administrative Law Judge**

The majority holds that the Employer's evidence of a non-English-speaking workforce, standing alone, is insufficient to establish that the use of any dialect of the Chinese language bears a reasonable relationship to the occupation of sewing machine repairer within the context of Employer's business, and therefore fails to satisfy the first prong of *Information Industries*, 1988-INA-82 (Feb. 9, 1989) (*en banc*), business necessity test. The majority's rationale for imposing this level of scrutiny on foreign-language-speaking-workforce justifications is the finding that "[t]he result of permitting an employer to establish business necessity for a foreign language, solely because all of its employees only speak a foreign language is to create a self-perpetuating foreign labor force that, as a practical matter, excludes all but a few U.S. workers, contrary to the purposes of the Act."[FN5]

While the Department of Labor should not ignore the potential for abuse of foreign language requirements in alien labor certification cases, it should also recognize that there are many times when a workforce with poor English language skills is an economic or sociological reality rather than an improper creation of an enclave of foreign-born workers to the exclusion of U.S. workers.[FN6] For example, an employer running a business in a geographic location heavily populated by recent immigrants may have such a difficult time staffing with workers who are even minimally proficient in English that bilingual supervisors or other staff are essential. In addition, there are circumstances in which an employer may have with a poor English-language-proficiency workforce, but be in full compliance with immigration and labor laws - for example, employers taking advantage of the H-1A and H-2A visa categories. In those circumstances, some permanent positions may reasonably require a multi-lingual supervisor or other staff.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Thus, I do not agree that special scrutiny beyond the normal business necessity test stated by *Information Industries* is mandated when an employer presents a business necessity justification of a non-English speaking workforce. All that prong one of *Information Industries* requires is a showing that the job require-ments bear a reasonable relationship to the occupation in the context of the em-ployer's business. If the employer's workforce has poor English language skills, and the occupation requires communication with the workforce, it appears on its face that there is a reasonable relationship between the foreign language require-ment and the occupation *in the context of the employer's business*. At that point, a Certifying Officer may reasonably inquire into the circumstances under which a poor English-language-fluency workforce was created. *See Gencorp*, 1987-INA-659 (Jan. 13, 1988) (*en banc*). The CO has the discretion to make this inquiry because if the reason for the non-English speaking workforce is grounded in violation of immigration, labor or other laws, then a reasonable relationship to the occupation in the context of Employer's business does not exist. If the CO, however, does not suspect that an improper basis underlies the foreign-language-speaking workforce and does not raise the issue, then I would hold that the poor English-language skills of a workforce is sufficient, by itself, to meet prong one of *Information Industries*.

*9 Thus, the primary difference between the majority decision and this dissent is that the majority places an affirmative burden on all employers in all cases to introduce evidence beyond the simple fact that its work force is not proficient English to meet prong one of *Information Industries*, while this dissent would re-cognize that in many cases, poor English language proficiency of the workforce may itself be sufficient to establish a reasonable relationship between the occupation and the foreign language requirement in the context of the employer's business.

In the case *sub judice*, I would hold, based on the record presented and the ab-sence of a challenge to the circumstances resulting in a poor-English-proficiency workforce, that Employer introduced sufficient evidence to establish prong one of *Information Industries*. Nonetheless, as the *per curiam* decision found, Employer's evidence was not sufficient to establish the business necessity for requiring three dialects of Chinese under prong two of *Information Industries*. Thus, I join the majority decision insofar as it affirms the panel decision on this ground.

FN5. No regulatory history exists that would explain the Department of Labor's reason for expressly setting out foreign language requirements as presumptively unduly restrictive, and therefore requiring a showing of business necessity. It is not clear to me that prevention of self-perpetuating foreign work forces is the target of the regulation. In *Posadas de Puerto Rico Associates, Inc. v. Secretary of Labor*, 698 F.Supp. 396 (D. Puerto Rico 1988), for example, the court stated that the purpose of the requirement that an employer establish the business neces-sity of a foreign language requirement is to prevent an employer from "evading the congressionally mandated preference for U.S. workers by tailoring the job require-ments to the alien's qualifications." This language from *Posadas* was quoted with

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

97 -INA- 0182, 2000 WL 1230456 (Bd.Alien Lab.Cert.App.)                                                    Page 11

approval in *Hall v. McLaughlin*, 864 F.2d 868, 875 n.8 (D.C. Cir. 1989).

FN6. There is no evidence in the instant case that Lucky Horse's workforce are not U.S. workers.

97 -INA- 0182, 2000 WL 1230456 (Bd.Alien Lab.Cert.App.)
END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

AR00128