UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALNATI ORGANIZATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 7088 |
| | ) | |
| v. | ) | |
| | ) | Judge Lindberg |
| U.S. DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' RESPONSE TO MALNATI ORGANIZATION'S CROSS-MOTION FOR SUMMARY JUDGMENT

**Introduction**

Malnati Organization's response to the United States' motion for summary judgment advances only: (1) recitations of the Immigration and Naturalization Act's statutory and regulatory scheme for the Department of Labor's evaluation and issuance of foreign labor certifications; and (2) conclusions, without support, that the Department of Labor's denial of Malanati's applications for visas was" arbitrary, capricious, am abuse of discretion, or otherwise not in accordance with law." as defined by the Administrative Procedure Act. Consequently, Malnati's motion for summary judgment should be denied.

**Argument**

There are several fatal flaws in Malnati's presentation: First, Malnati has not complied with Local Rule 56.1 in that it did not file a statement of undisputed material facts. Second, Malnati did not respond to the United States Local Rule 56.1 statement of undisputed material facts; therefore, the government's statement of facts is unchallenged.

Second, Malnati does not substantively address the Department of Labor's arguments as to why the visa applications were denied. Malnati simply says it did everything required to have the applications approved. For example, Malnati did not timely file a rebuttal to the Department's decision that Malnati did not establish its "business necessity" requirement for Spanish speakers. Defs. Br. at 8 ¶ 1. Consequently, there is nothing in the administrative record which supports the company's claim. Defs. Br. at 9.

Moreover, Malnati did not successfully rebut BALCA's findings that the company failed to present sufficient evidence that it, in fact, required Spanish speakers in the kitchens of its many restaurants. Defs. Br. at 8. Nor did Malnati meet the Department's regulatory requirements regarding recruitment of domestic workers in newspapers/journals. *Id.* As correctly found by the Department, by allowing Malnati to employ only Spanish speakers in its kitchens would "create a self-perpetuating foreign labor force that, as a practical matter, excludes all but a few workers." Defs. Br. at 9. Indeed, there is nothing in Malnati's arguments that succeesfull y attacks the decision of the Department to deny Malnati's visa petitions.

Finally, Malanati gives short shrift to the applicable standard of review for the Department's final agency action. As set forth in defendants' brief, an agency administrative decision may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or not in accordance with law" or are "unsupported by substantial evidence in a case . . . on the record of an agency hearing provided by statute." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 413-15 (1971). And this court's review of the administrative record is to see "whether 'there [is] a rational relationship between the facts as the [Secretary] finds them and her ultimate conclusion..'" *Mt. Sinai Hospital Medical Ctr. V. Shalala*, 196 F.3d 703, 709 (7th Cir. 1999). Indeed, the court will not find the Secretary's actions

to be "arbitrary and capricious as long as 'the agency's path may be reasonably discerned .'" *Id.* at 708..

The government's statement of undisputed material facts makes abundantly clear that the Secretary's final decision meets the Administrative Procedure Act's requirement. The Department of Labor followed its mandate without flaw. Malnati's arguments simply show that he does not agree with the Secretary's decision.

### Conclusion

WHEREFFORE, for the the arguments set forth above and the United State's opening brief, the court should grant summary judgment in favor of the Department of Labor and against Malnati Organization.

PATRICK J. FITZGERALD
United States Attorney

By: s/ Pierre C. Talbert
   PIERRE C. TALBERT
   Assistant United States Attorney
   219 South Dearborn Street
   Chicago, Illinois 60604
   (312) 353-4088
Date: May 21, 2008    pierre.talbert@usdoj.gov