IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALNATI ORGANIZATION, INC. d/b/a LOU MALNATI'S, an Illinois Corporation, <br>                Plaintiff, <br>v. <br><br>U.S. DEPARTMENT OF LABOR EMPLOYMENT AND TRAINING ADMINISTRATION, <br>                Defendant. | ) ) ) ) ) No. 07 C 7088 ) ) ) Judge George Lindberg ) ) Mag. Judge Valdez ) |

### PLAINTIFF'S RESPONSE TO CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs, MALNATI ORGANIZATION, INC. d/b/a LOU MALNATI'S, by its attorney, Donald E. Puchalski, and as and for its Plaintiff's Response to Cross Motions for Summary Judgment respectfully states as follows:

Plaintiff and defendant have filed motions for summary judgment. The issue is the recruitment in the case and the requirement that the kitchen supervisors speak, read and write the Spanish language.

**I.**     **Recruitment**

Plaintiff filed labor certification applications for twenty seven openings for kitchen supervisors. The Illinois Department of Employment and Security specialist had wrote on the recruitment letter dated October 28, 2003 the following: "Please Note: you may run 1 ad but you must indicate 27 positions." Plaintiff placed an advertisement for November 6, 2003 pursuant to that note. The regulations require

1

three consecutive day ads.  The U.S. Department of Labor Employment and Training Administration issued a Notice of Finding in part regarding the recruitment.

The U.S. Department of Labor issued a Notice of Finding (NOF) on April 18, 2006.  Plaintiff was given to May 23, 2006 to rebut or remedy the defects outlined in the NOF.  Plaintiff placed a job order with the Illinois Job Service during the 30 day period and placed an advertisement in the <u>Chicago Tribune</u> May 16, 17, and 18, 2006.  The regulations allow this.

On May 19, 2006, Plaintiff timely responded to the NOF.  In that letter the Plaintiff enclosed copies of the job order placed with the Illinois Skills Match, <u>Chicago Tribune</u> advertisements which ran May 16, 17, and 18, 2006, and amended ETA 750 A and B forms.  Due to the Plaintiff's recruitment, to remedy the NOF, it sought, and requested in that letter sixty (60) additional days to respond to the NOF.  Plaintiff couldn't cure the defect by arguing the Illinois Department of Employment and Security is bound by its statement to run an advertisement one day.

Defendant abused it discretion by denying Plaintiff the second recruitment and advertisement <u>Matter of Alabama Reweaving Co</u>., 89 INA 294 (BALCA 1989).  The employer is allowed to cure the NOF defect by re-advertising.  <u>Matter of O'Mara</u> 96 INA 113 (BALCA 1997).  The certification was denied without considering Plaintiff's second recruitment with cured the advertising defect.  Clearly, this is an abuse of discretion.  The second recruitment was never considered by the Certifying Officer, which cured any defect.  Labor certification should have been issued.  The advertising defect could not have been cured prior to the NOF due to the time periods for the advertisement and job notice.

The Department of Labor Certifying Officer abused its discretion by not considering the second advertisement to cure any prior defect. The defect was caused by the hand written note from the Immigration Specialist. The Certifying Officer denied Plaintiff due process of law. The Certifying Officer disregarded and never considered Plaintiffs letters and evidence dated May 19, 2006 and June 29, 2006.

II.     **Business Necessity**

The U.S. Department of Labor, Certifying Officer never considered the Plaintiff's evidence of the business necessity for the Spanish language. Plaintiff submitted a letter on its letter head dated October 23, 2003 as to the Spanish language requirement. The NOF raised certain questions as to the language requirement. Plaintiff submitted a second letter as to the language requirement on June 29, 2006. The Certifying Officer never considered this evidence. Its decision does not refer to the second recruitment or evidence as to the business necessity for a Spanish language requirement.

Defendants reliance on Lucky Horse Fashion, Inc, 97 INA 182 (BALCA 2000) is not applicable. There the position was for sewing machine repairers. Here there is a public safety issue which is not in Lucky Horse Fashion, Inc. Here employees use various equipment and cleaning chemicals. The Spanish language requirement is essential to public safety, public health concern and the operation of Plaintiff's business. It is also an economic and sociological reality. Under Matter of Information Industries, Inc., 88 INA 82 (BALCA, 1989) a two prong test was incorporated as to a business necessity first is the reasonableness of the requirement to the occupation, given the nature of the occupation in the context of the employer's

3

business. The second prong evaluates the importance of the requirement. The Spanish language requirement is essential to perform the job duties.

Plaintiff's business necessity for the Spanish language was not considered by the Certifying Officer. Plaintiff knows its business operation better than the Department of Labor the language requirement is out of necessity not preference.

**CONCLUSION**

For the reason set forth in Plaintiffs motion for summary judgment Plaintiff respectfully prays that its motion for summary judgment be granted.

Respectfully Submitted,

By: s/Donald E. Puchalski
Donald E. Puchalski
Attorney for Plaintiff

LAW OFFICES OF DONALD E. PUCHALSKI
111 WEST WASHINGTON ST., SUITE 751
CHICAGO, IL 60602
(312) 332-4428