IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALNATI ORGANIZATION, INC. d/b/a LOU MALNATI'S, an Illinois Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | No.   07 C 7088 |
| v. | ) ) | |
| U.S. DEPARTMENT OF LABOR EMPLOYMENT AND TRAINING ADMINISTRATION, | ) ) ) | Judge George Lindberg Mag. Judge Valdez |
| Defendant. | ) | |

**PLAINTIFFS REPLY TO CROSS MOTION FOR SUMMARY JUDGMENT**

Malnati Organization Inc., d/b/a Lou Malnati's, by and through its attorney Donald E. Puchalski respectfully submits Plaintiff did not file a statement of material facts pursuant to L.R. 56.1. Plaintiff did not prepare L.R. 56.1 statement of material facts as this is a case for administrative review. Plaintiff contends a L.R 56.1 statement is not necessary since the administrative record is part of this proceeding. The Government's L.R. 56.1 statement sets out the material facts as to which there is no general issue. Plaintiff does not dispute the facts as set out in the Government's L.R. 56.1 statement. The failure to file a L.R. 56.1 does not render Plaintiff's motion for summary judgment fatally flawed as the Government contends. Plaintiff is entitled to summary judgment.

**ARGUMENT**

The undisputed facts which caused the denial of Plaintiff's labor certification applications are as follows:

1. The Illinois Department of Employment Security Immigration Specialist hand written note on its recruitment letter stated: "Please note: you may run 1 ad but you must indicate 27 positions." Plaintiff's exhibit 1 to its complaint, AR 0076.

1

2. A Notice of Findings was issued by the U.S. Department of Labor Certifying Officer which gave Plaintiff to May 24, 2003 "to rebut the findings or to <u>remedy the defects outlined in the attachment</u> (Emphasis Added). Plaintiffs exhibit 4, AR 0090 to 0094.

Pursuant to the express language in the Notice of Findings Plaintiff sought to "remedy the defects." The only way for plaintiff to remedy the advertising defect was to place a new job order, run an advertisement in a newspaper for three consecutive days and post a job notice on petitioner's premises for ten (10) business days. This is what Plaintiff did to remedy the advertising defect caused by the Illinois Department of Employment Security hand written note.

The Notice of Findings did not give Plaintiff sufficient time for the second recruitment in order to remedy the defect. The ads run May 16, 17, 18 of 2006. Plaintiff did not have sufficient time to properly remedy the advertisement defect. Plaintiff timely responded to the Notice of Findings on May 19, 2006. Plaintiff's exhibit 5, A.R 69. In this letter Plaintiff enclosed the advertisements, job order, job notice posting and amended forms. It sought additional time to submit the balance of the recruitment documents pursuant to the regulations as to recruitment. Plaintiff could not have properly complied or remedied the defects with the recruitment regulations if it did not seek more time.

Plaintiff's second recruitment clearly remedied the defect alleged in the Notice of Findings. Plaintiff in the second recruitment

    i)    posted the job notice for ten (10) days pursuant to 20 C.F.R. 656.20 (g)(l)(ii).

    ii)    ran three consecutive day advertisements in a newspaper of general circulation pursuant to 20 C.F.R. 21 (g)(9)
20 C.F.R. 656.20 (h)(l)(i) and (ii); states i) "any person may submit to the local Employment Office <u>or to the Certifying Officer</u> (Emphasis Added) documentary evidence bearing on an application for permanent labor certification filed under the basic labor certification process, at 656.21 of this part…"

    ii)    "The Certifying Officer shall consider this information in making his or her determination."

Plaintiff complied with 20 C.F.R. 656.25 and timely responded to the Notice of Findings.

It was a denial of due process for the Certifying Officer to deny Plaintiff additional time to remedy the advertisement defect. Defendant's refusal or failure to allow Plaintiff additional time is unreasonable. Defendant's action to deny the certification without considering Plaintiff's evidence which resolved the defect is a violation of due process and the Administrative Procedure Act. The business necessity letter A.R. 66, 67 and justification for it was never considered by the Department of Labor, Certifying Officer. Defendant refused to address either Plaintiff's evidence or its request for additional time. There was nothing else Plaintiff could have done to remedy the defect.

Defendant's position that Plaintiff did not timely or fully respond to the Notice of Finding on May 19, 2006 is incorrect. Plaintiff's motion for summary judgment should be granted as it successfully remedied the advertising defect by its second recruitment. The Department of Labor's action in failing to consider this evidence is an abuse of discretion. Defendant failed to follow its own case law as to the ability to remedy the defects in a NOF by a second recruitment. See Carlos Uy III, 1997 INA 304 (1999); Modgraph Inc., 1988 INA 287 (1988); International Student Exchange of Iowa, 1989 INA 261 (1992); Barbara Harris, 1988 INA 392 (1989).

As to the requirement to speak, read, and write the Spanish language the Department of Labor did not consider the evidence submitted. A.R. 65 to 67. The necessity for the kitchen supervisors to speak Spanish to the kitchen staff is a health and public safety issue. The language requirement is out necessity not preference.

**CONCLUSION**

For the reasons set forth herein Plaintiff respectfully requests that its motion for summary judgment be granted and the labor certifications issued by the U.S. Department of Labor, Employment Training Administration.

                Respectfully Submitted,


                By: s/Donald E. Puchalski
                Donald E. Puchalski
                Attorney for Plaintiff


LAW OFFICES OF DONALD E. PUCHALSKI
111 WEST WASHTINGTON ST., SUITE 751
CHICAGO, ILLINOIS 60602
(312)332-4428