UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALNATI ORGANIZATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-7088 |
| v. | ) |
| | ) Senior District Judge George W. Lindberg |
| UNITED STATES DEPARTMENT OF LABOR, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On December 18, 2007, Plaintiff Malnati Organization, Inc. filed a complaint against Defendant United States Department of Labor seeking declaratory and injunctive relief. In its complaint, Plaintiff asks this Court to (1) judicially review a Department of Labor ("DOL") administrative decision denying Plaintiff's labor certification applications, (2) declare the DOL's decision to be arbitrary, unlawful, and an abuse of discretion, (3) order Defendant to grant Plaintiff's applications, and (4) award Plaintiff its reasonable attorneys' fees.

The parties filed cross-motions for summary judgment. Plaintiff's motion is denied and Defendant's motion is granted.

*Statement of Facts*

The Court finds the following material facts set forth by Defendant to be admissible and uncontroverted. *See generally* N.D. Ill. L.R. 56.1. In April 2001, Plaintiff, on behalf of twenty-seven individuals, filed applications with the Illinois Department of Employment Security ("IDES") for permanent alien certification. Specifically, the applications were for the position of Kitchen Supervisor. In October 2003, Plaintiff received recruitment instructions from the IDES relating to those applications. The IDES instructions required Plaintiff to test the domestic labor

market by reporting the results of all contacts generated as a result of an employment service job order, a newspaper/journal advertisement, and a notice posted in Plaintiff's restaurants. Plaintiff required candidates for the Kitchen Supervisor positions to possess two years of experience as a "[p]izza maker/cook," but did not specify any requirements relating to education or training. Other "special [job] requirements" were "[m]ust speak, read and write the Spanish language."

In January 2004, the IDES transmitted Plaintiff's applications to a DOL certifying officer. In the transmittal form, the IDES provided that (1) all applicants gained experience at Plaintiff's restaurants, (2) Plaintiff was advised to run one newspaper advertisement showing twenty-seven positions for three days, (3) Plaintiff's advertisement ran for only one day, and (4) certification should not be granted without further investigation. In April 2006, the DOL issued a Notice of Findings that proposed to deny certification because (1) Plaintiff's Spanish language requirements were not supported by evidence of business necessity as required by 20 C.F.R. § 656.21(b)(2)[1] and (2) Plaintiff's newspaper advertisement ran for only one day, contrary to 20 C.F.R. § 656.21(g) which requires advertisements to run for three consecutive days.

On May 19, 2006, Plaintiff submitted a rebuttal to the proposed Notice of Findings. The rebuttal documented that Plaintiff had re-advertised the positions and included a request for a sixty-day extension of time in which to respond to the proposed Notice of Findings, or until July 24, 2006. Notably, the rebuttal included no mention of the DOL's rejection of Plaintiff's Spanish language requirements. On June 29, 2006, Plaintiff submitted documentation to the

---

[1] Plaintiff filed its certification applications in 2001. The regulations in 20 C.F.R. part 656 as published in April 2004 are, therefore, applicable to this case. *See* Labor Certification for the Permanent Employment of Aliens in the United States, 69 Fed. Reg. 77,326 (2004) ("When this final rule refers to the 'current regulation,' it refers to the regulation in 20 C.F.R. part 656 as published in April 2004. . . .This final rule deletes the current language of 20 C.F.R. part 656 and replaces the part in its entirety with new regulatory text, effective on March 28, 2005. . . .Applications filed before this rule's effective date will continue to be. . .governed by the current regulation. . . .").

2

DOL relating to its recruitment effort and a statement addressing its business necessity for Spanish-speakers and writers in its kitchens. On July 11, 2006, Plaintiff submitted a letter to the DOL in further support of its business necessity for Spanish-speakers and writers in its kitchens.

On March 16, 2007, the DOL issued a Final Determination denying Plaintiff's applications because (1) Plaintiff's rebuttal did not sufficiently justify Plaintiff's Spanish language requirements and (2) Plaintiff's evidence failed to rebut the DOL's determination relating to deficiencies in Plaintiff's initial recruitment. Plaintiff subsequently filed a request for review of the DOL's Final Determination. The DOL denied Plaintiff's request on May 31, 2007, noting "[m]otions for reconsideration will be entertained only with respect to issues which could not have been addressed in the rebuttal."

Plaintiff's case record was subsequently forwarded to the Board of Alien Labor Certification Appeals ("BALCA"). Plaintiff filed an appellate brief with the BALCA. The BALCA denied Plaintiff's appeal on September 24, 2007 and provided the following reasons for its decision: (1) Plaintiff did not timely file a rebuttal to the DOL's proposed Notice of Findings, (2) Plaintiff did not adhere to the DOL's regulation requiring newspaper advertisements to run for three consecutive days, (3) the DOL certifying officer never granted Plaintiff's request for a sixty-day extension of time and, therefore, Plaintiff's untimely submissions could not be considered during the certification process, and (4) Plaintiff failed to establish a business necessity for its Spanish language requirements. The BALCA added that Plaintiff's rebuttal to the DOL's Final Determination "unmistakably shows that its need for kitchen managers to be fluent in Spanish is based primarily on [Plaintiff's] hiring of a large number of Mexican nationals for its restaurant staff" and cited to *In re Lucky Horse Fashion, Inc.*, No. 97-INA-182, 2000 WL 1230456 (Bd. Alien Labor Certification Appeals Aug. 22, 2000).

*Analysis*

It is settled that "[c]ross-motions for summary judgment are the standard method for presenting a case to a district court for decision on the record compiled by the administrative tribunal that the court is reviewing." *Dale M. v. Bd. of Educ. of Bradley-Bourbonnais High Sch. Dist. No. 307*, 237 F.3d 813, 816 (7th Cir. 2001) (citations omitted). The entry of summary judgment is appropriate "if. . .there is no genuine issue as to any material fact and. . .the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When reviewing the administrative record, the Court must give "due deference" to the DOL's decision. *See Dale M.*, 237 F.3d at 815. To that end, the Court must affirm the DOL's decision unless the DOL "made 'an arbitrary or capricious decision, abused [its] discretion, acted contrary to law or regulation, or lacked the support of substantial evidence.'" *Mt. Sinai Hosp. Med. Ctr. v. Shalala*, 196 F.3d 703, 708 (7th Cir. 1999) (citations omitted). A decision is not arbitrary or capricious if "'the agency's path may be reasonably discerned.'" *Id.*

**I.      Plaintiff's Motion**

Plaintiff did not file a statement of material facts as required by Northern District of Illinois Local Rule 56.1. *See* N.D. Ill. L.R. 56.1(a). Nor did Plaintiff cite to any authority to excuse its failure to file the required statement. Plaintiff's motion is, therefore, denied. *See id.*

**II.     Defendant's Motion**

In its motion, Defendant argues that the DOL's Final Determination and the BALCA's decision to affirm that determination were proper because Plaintiff failed to submit a timely rebuttal to the DOL's proposed Notice of Findings with respect to Plaintiff's purported business necessity for its Spanish language requirements. Plaintiff does not address this argument in its response brief except to generally argue that the DOL wrongfully ignored its submissions.

4

An employer's failure to comply with the DOL's application procedures constitutes grounds for denying its certification application. *See* 20 C.F.R. § 656.24(b). 20 C.F.R. § 656.25(c)(3) provides that an employer has thirty-five days to rebut the DOL's proposed Notice of Findings with evidence and/or written arguments. *See* 20 C.F.R. § 656.25(c)(3). If the employer fails to do so, the proposed Notice of Findings is deemed to be final and admitted, the employer is deemed to have "refus[ed] to exhaust available administrative remedies[,]" and the employer is precluded from seeking the administrative-judicial relief provided in 20 C.F.R. § 656.26. 20 C.F.R. §§ 656.25(c)(3)(i)-(iii), 656.25(e)(2)-(3).

Here, Plaintiff's rebuttal to the DOL's proposed Notice of Findings was due on May 23, 2006. Although Plaintiff requested a sixty-day extension on May 19, 2006, it never inquired as to whether its request was or would be granted. *See In re Mr. & Mrs. Walter Morgan*, No. 88-INA-446, 1990 WL 300018, at *2 (Bd. Alien Labor Certification Appeals Feb. 22, 1990) (employer bears the burden of inquiring as to the status of an outstanding request for an extension of time to file rebuttal). In fact, Plaintiff's request was never acknowledged or granted and, therefore, Plaintiff's May 19, 2006 submission was the only timely rebuttal filed with the DOL. *See* 20 C.F.R. § 656.25(c)(3); *In re David Gibbs Unger*, No. 94-INA-34, 1994 WL 530996, at *2 (Bd. Alien Labor Certification Appeals Sept. 29, 1994) (employer's reliance on an outstanding request for extension of time does not excuse failure to file a timely rebuttal). The DOL's decision to exclude Plaintiff's untimely submissions from consideration was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise unsupported by law.

Plaintiff's May 19, 2006 submission includes no evidence or arguments relating to its purported business necessity for its Spanish language requirements. Because Plaintiff's rebuttal

5

wholly ignored one of the grounds upon which the DOL denied certification, the DOL properly deemed the proposed Notice of Findings to be final and admitted. *See* 20 C.F.R. §§ 656.25(c)(3), 656.25(e). It, therefore, follows that the BALCA properly denied Plaintiff's appeal. *See id.* Because the Court finds that the DOL's Final Determination and the BALCA's ruling were not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise unsupported by law, there is no need to address the merits of Plaintiff's untimely submissions and Defendant's motion is granted.

**ORDERED**: Plaintiff's summary judgment motion [10] is denied. Defendant's summary judgment motion [14] is granted. Judgment is entered in favor of Defendant on Plaintiff's complaint [1]. Judgment will be set forth on a separate document and entered in the civil docket. *See* FED. R. CIV. P. 58(a)(1), 79(a).

DATED: JUL 0 2 2008          ENTERED: _____
                                      George W. Lindberg
                                      Senior United States District Judge

6